

BETSY D. BAYDALA
DIRECT: 212.994.6538
BBAYDALA@KBRLAW.COM

August 27, 2020

VIA ECF FILING ONLY

Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

*Plaintiff shall file a letter response not to exceed three (3) pages, by September 4, 2020.*

*So Ordered.*

*Dated: August 28, 2020*
*New York, New York*

*LORNA G. SCHOFIELD*
*UNITED STATES DISTRICT JUDGE*

Re:   Powers v. Memorial Sloan Kettering Cancer Center, et al.
      Docket No.   :            1:20-cv-02625
      KBR File No. :                 942.285

Dear Hon. Judge Schofield:

This office represents the Defendants in the above referenced matter.  We submit this as our letter motion for a pre-motion discovery conference with the Court in accordance with Local Civil Rule 37.2 and Your Honor's Individual Rules.

Defendants respectfully write to the Court in an effort to resolve the parties' dispute regarding an unrestricted authorization to obtain the plaintiff-decedent Erika Zak's employment records. Defendants have conferenced in good faith with plaintiff's counsel via telephone on August 11, 2020, and with follow-up emails on August 21, 25 and 26, 2020.

This is a medical malpractice/wrongful death action, wherein it is alleged that negligent treatment was provided to Ms. Zak on April 10, 2017 – specifically a liver ablation procedure for treatment of Ms. Zak's metastatic colorectal cancer. (Doc. 1).  Ms. Zak's Stage IV cancer was first diagnosed in 2014, three months after her daughter was born. (Doc. 1, ¶7).

On June 29, 2020, Defendants served their First Set of Interrogatories, and First Set of Document Demands to Plaintiff.  Plaintiff's responses were served on July 29, 2020.  Defendants objected to various responses as not providing relevant information, including an authorization to obtain Erika Zak's employment records.  After the parties discussed these discovery issues, Plaintiff served a First Supplemental Responses to Defendant's First Set of Defendant's Requests for Production on August 14, 2020.

In Plaintiff's supplemental responses, an authorization for Ms. Zak's employer, GAP, Inc., was provided, but was restricted to only allow the release of the following documents:

- Documents and/or materials relating to wage/salary forms, benefit forms, and/or insurance forms.

- Documents and/or materials relating to employee's sick day records, medical records, doctor's notes, correspondence, health insurance claims, health insurance payments, hospital records, and disability payments.

- Documents and/or materials relating to compensation including ledgers, W-2's, tax forms, deductions, checks, salary statements, wage statements.

Defendants respectfully submit that they are entitled to an unrestricted employment authorization. FRCP 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…". "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 557, 561 (S.D.N.Y. 2013) (internal citations omitted). FRCP 26(b)(1) also provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

In Plaintiff's Initial Disclosures, over $2 million in lost income is claimed as a category of damages. Plaintiff should be compelled to provide an unrestricted authorization to obtain Ms. Zak's employment records so that Defendants can determine her full work history and the type of employee she was prior to her claimed injuries. Plaintiff has no rational justification to curtail obtaining this relevant discovery.

An unlimited authorization for Ms. Zak's employment records is the kind of discovery that is plainly within the "extremely broad concept" of relevance embodied in FRCP 26. See Howard v. United States, , 2010 WL 11688273, *1 (W.D.N.Y. October 28, 2010) (ordering plaintiff to provide unrestricted authorizations for release of employment records where plaintiff's work history prior to the accident was relevant to determining a claim for lost wages); Bonta v. Accor North America, Inc., , 2010 WL 2869535 (W.D.N.Y. July 20, 2010) (directing plaintiff to provide authorization for employment records in light of plaintiff's allegations of damages, including lost wages); Robinson v. U.S., 205 F.R.D. 104, 106 (WDNY 2001) (ordering plaintiff to provide an unlimited authorization for employment records as the discovery process is very liberal and allows for "the fullest possible knowledge of the issues and facts before trial") (internal citations omitted).

Accordingly, Defendants respectfully submit that Plaintiff should be compelled to provide an unrestricted authorization to obtain Ms. Zak's employment records.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Betsy D. Baydala

Betsy D. Baydala

Powers v. Memorial, et al.
Docket No.: 1:20-cv-02625
Page 3 of 3

cc: <u>via ECF filing</u>

    Hendler Flores Law, PLLC
    1301 West 25th Street, Suite 400
    Austin, Texas 78705
    Telephone: (512) 439-3202
    Fax: (512) 439-3201
    shendler@hendlerlaw.com
    rwebber@hendlerlaw.com
    lgoettsche@hendlerlaw.com

KAUFMAN BORGEEST & RYAN LLP

6692856