

The Park Terrace Building
1301 West 25th Street, Suite 400
Austin, Texas 78705
Tel (512) 439-3200 • Fax (512) 439-3201

September 30, 2020

**Sent via ECF filing system**

Hon. Lorna G. Schofield
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

       **RE:**   *Powers v. Memorial Sloan Kettering Cancer Center, et al.*
              **Docket No. 1:20-cv-02625 SDNY**

Dear Judge Schofield:

We submit this joint letter pursuant to Your Honor's September 23, 2020 Order [Doc 52].

The Court ordered that the parties shall file a joint letter (1) identifying each remaining deponent and providing a firm date for each deponent's deposition and (2) indicating (a) what expert discovery is anticipated beyond fact witnesses who are treating physicians, (b) who will be deposed during fact discovery and (c) why the parties need until January 29, 2021, to complete expert discovery.  Despite these specific parameters, Defendants have raised the below contentions regarding depositions in an effort to reign in discovery/costs, while Plaintiff believes these matters are beyond the scope of this letter. Rather than engage in a point by point response to each additional item raised by Defendants, Plaintiff will respond if the Court asks that Plaintiff do so.

The remaining fact witnesses listed below have been scheduled for depositions with firm dates unless otherwise indicated below:

**Depositions Noticed by Defendants**
(1) <u>October 2, 2020</u>—Deposition of Steve Powers.
(2) <u>October 16, 2020</u>—Deposition of Kathy Zak.[1]

**Depositions Noticed by Plaintiff**
(1) <u>October 8, 2020</u>—Deposition of Skye Mayo, M.D., treating physician at Oregon Health and Science University (OHSU)
(2) <u>October 20, 2020</u>—Deposition of Charles Lopez, M.D., treating physician at OHSU
(3) <u>October 22, 2020</u>—Deposition of Ronald DeMatteo, M.D., former Defendant MSK physician currently employed at Penn Medicine in Philadelphia (date not confirmed; subpoenaed by plaintiff today)[2]

---

[1] Defendants also noticed the depositions of Plaintiff, Scott Powers, and non-party, Chloe Metz.  Those depositions were held on September 14-15, 2020 and September 25, 2020, respectively.

(4) <u>October 26, 2020</u>—Deposition of Caroline Macuiba, LCSW, treating hospice care social worker at OHSU

(5) <u>October 28, 2020</u>—Deposition of John Kaufman, M.D., outside treating physician at OHSU

(6) <u>November 2, 2020</u>—Deposition of Ethicon, Inc., the manufacturer of the ablation device used during the ablation procedure performed by Dr. Sofocleous in April 2017

(7) <u>*November 5, 2020</u>—Deposition of Stephen Solomon, M.D. – a Defendant MSK physician (*Defendants object to this Subpoena)

(9) <u>November 9, 2020</u>—Deposition of Dr. Charles Martin, M.D., treating physician at Cleveland Clinic (Dr. Martin's counsel has not yet confirmed this date)

(10)    <u>November 12, 2020</u>—Deposition of Nancy Kemeny, M.D. – a Defendant MSK physician

(11)    <u>*November 16, 2020</u>—30(b)(6) Deposition Defendant MSK regarding IT systems (*Defendants have objected to plaintiff's 30(b)(6) notice).

(12)    Plaintiff states that he intends to serve an additional 30(b)(6) notice regarding "substantive matters and defenses," but this has not yet been noticed because <u>Plaintiff is continuing to develop the areas of inquiry.  Defendants submit that any additional 30(b)(6) notices are untimely and a notice concerning "substantive matters and defenses" is wholly improper and unnecessary given the noticed depositions of the MSK physicians.</u>

(13)    <u>December 9, 2020</u>—Deposition of Defendant Constantino Sofocleous, M.D. (Plaintiff is amenable to accommodating Dr. Sofocleous on December 9, 2020 provided the Court agrees but out of an abundance of caution has noticed this deposition for November 23, 2020 in the event the Court declines to extend the discovery period.)

(14)    <u>Plaintiff anticipates the need to take the deposition of V. Narayanan Menon, M.D. (Hepatologist)</u> treating physician at Cleveland Clinic

<u>Plaintiff will file a preconference letter seeking the Court's permission to file a motion for leave to exceed ten depositions</u> laying out the justification for the motion. In addition to the witnesses listed above, there are several individuals including a nurse and two technologists as well as two anesthesia teams who were present in the operating room during the ablation procedure and Plaintiff anticipates that he may need to depose one or more of those individuals. Moreover, numerous individuals were copied on email and text correspondence regarding Erika Zak's condition in the immediate aftermath of the April 2017 ablation procedure because of her condition. What relevant information they possess is still unclear and is addressed within the subject of Plaintiff's preconference letter filed September 29, 2020 (Doc. 62).

**<u>Defendants Contentions Regarding Depositions</u>**

Defendants respectfully set forth the below issues in an effort to obtain the Court's guidance as discovery is seeming to spin out of control with significant and unnecessary costs.

---

[2] Dr. DeMatteo refused to coordinate with Plaintiff to schedule his deposition forcing Plaintiff to subpoena his deposition for a unilaterally selected date.

6775675

1. <u>Defendants object to plaintiff seeking more than ten depositions</u>

Plaintiff has not properly sought leave to conduct depositions beyond the limit of ten depositions set forth in FRCP 30(a)(2)(A)(i), and runs the risk of not being entitled to more than ten while proceeding with numerous treating provider depositions. "[T]he mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." <u>Atkinson v. Goord</u>, Nos. 01 Civ. 0761(LAK)(HBP), 03 Civ. 7759 (LAK)(HBP), 2009 WL 890682, *1 (S.D.N.Y. Apr. 2, 2009) (internal citation omitted).

Defendant respectfully submits that a "tighter rein" is required in this matter as Plaintiff is imposing significant and unnecessary costs on Defendants. Plaintiff has had ample opportunity to determine a noncumulative, less burdensome, and less extensive deposition witness list that totals the already long list of ten.

Plaintiff contends that this is unlike most medical malpractice cases because of the extensive treatment Ms. Zak underwent at two different major institutions as result of the treatment that is the subject of this suit, significantly increasing the number of witnesses with relevant, and perhaps critical, information.

The expedited discovery schedule has proved challenging on both Plaintiff and Defense counsel's limited attorney resources. For example, in October Counsel for Plaintiff is scheduled for oral argument before the Circuit Court of Hawai'i (trial court) on October 9 and before the Delaware Supreme Court on October 14. Both appearances require substantial preparation because of the significance and complexity of the issues under consideration by each court. These matters and the ensuing deposition schedule Plaintiff Counsel anticipates developing in those matters will put further stress of Plaintiff Counsel's resources.

2. <u>Defendants have objected to Plaintiff's Subpoena on Dr. Solomon</u>

On September 25, 2020, plaintiff served a subpoena on Dr. Solomon despite the parties' previous discussions and letters on this topic, as well as a review of the medical records, which shows that Dr. Solomon was not involved in Ms. Zak's medical care and treatment. Defendants have advised that Dr. Solomon will provide an Affidavit, and upon receipt of same, Defendants request plaintiff withdraw the subpoena, otherwise judicial intervention will be required.

3. <u>Defendants have objected to plaintiff's 30(b)(6) notice and have requested modification</u>

Defendants served plaintiff with an objection letter in response to Plaintiff's First Amended 30(b)(6) notice regarding IT systems, which was served on September 25, 2020.[3] Defendants contend there are numerous deficiencies in the notice, but are hopeful that Plaintiff will provide a properly modified 30(b)(6) notice regarding EMR software and records without the need for

---

[3] As early as August 11, 2020, Defendants asked plaintiff's counsel for service of a 30(b)(6) notice since one had not been served.

further judicial intervention.  Defendants also object to plaintiff serving additional 30(b)(6) notices as indicated above.

  4.  Defendants have asked plaintiff to limit damages witnesses

Plaintiff's Amended Initial Disclosures list 12 damages witnesses who are family members and friends.  Based on the above deposition schedule, 5 damages witnesses will have been deposed (Ms. Zak's husband, mother, brother-in-law, sister-in-law, and treating Licensed Clinical Social Worker).  Defendants believe any additional damages witnesses would be cumulative, but in good faith have asked plaintiff's counsel if there is any other witness that is more knowledgeable about damages.  Plaintiff's counsel agreed to consider same.

**What expert discovery is anticipated beyond treating physicians and who will be deposed during fact discovery?**

Plaintiff anticipates he will rely on retained experts in this case. At this time Plaintiff has not disclosed any experts but anticipates designating an Interventional Radiologist expert and an Economist and perhaps two additional experts if treating physicians are unwilling or unable to provide the necessary opinion testimony who may include an oncologist and a hepatologist or other liver expert. Plaintiff anticipates deposing those experts designated by Defendants, currently anticipated to be four.

**Why do the parties need until January 29, 2021 to complete expert discovery?**

The Parties believe they underestimated the time necessary to complete expert discovery and believe more time than recently requested will be necessary for several reasons. Erika Zak underwent significant and extended treatment at four major institutions including two following the ablation procedure at MSK. They include OHSU and the Cleveland Clinic. There are over 20,000 pages of medical records that require review by the experts, as well as a sizeable body of medical and scientific literature to absorb concerning the procedure performed and the technology utilized.

In addition, no radiology films have been received to date from the outside treating institutions, which are needed for thorough evaluation of the case.  Defendants have also requested an authorization to obtain pathological re-cuts of Ms. Zak's liver obtained during her fatal liver transplant surgery at Cleveland Clinic on August 22-23, 2020. Obtaining the pathological re-cuts will, unfortunately, likely take some time to obtain.

The parties are pursuing an ambitious schedule of depositions between now and Thanksgiving. Further, the parties are continuing to try to resolve several discovery disputes, some of which they have conferred about without resolution and need Court intervention. Fact discovery will continue through the upcoming holidays, which may also inevitably complicate schedules.

 The Parties' experts need the opportunity to review all the records and films in this case, as well as the deposition testimony.  Referencing the deposition schedule and factoring time for the

reporters to prepare the transcripts and the witnesses to review and sign, we do not expect to have a full record for our experts to review until the beginning of the Christmas Holidays in December 2020, at the earliest, and perhaps until after the first of the year. And if that is the case, it will prove especially difficult for the Parties' experts to complete their review, prepare and issue reports, and be available for depositions that can be completed by January 29, 2021. For these reasons, the parties respectfully request the time required to properly prosecute this complex case.

The Parties request an additional sixty days to complete this expert discovery, up to and including March 31, 2021. In the absence of a firm trial date scheduled in this case and the uncertainty as to when the Court will be able to schedule such a date, the Parties respectfully request additional time to undertake all of this work in order to effectively manage the demands of this matter as well as other case related responsibilities on a less stressful timetable.

Respectfully submitted,

Hendler Flores Law, PLLC                    Kaufman Borgeest & Ryan LLP

/s Scott M. Hendler                         /s Betsy D. Baydala
Scott M. Hendler                            Betsy D. Baydala
Counsel for Plaintiff                       Counsel for Defendants

A conference will be held on **October 7, 2020, at 2:00 p.m.**, to discuss the parties' proposed extensions to the deadlines for discovery set forth in the Civil Case Management Plan and Scheduling Order (Dkt. No. 31).  The conference will be telephonic and will occur on the following conference line:  888-363-4749, access code:  5583333.  The time of the conference is approximate but the parties shall be prepared to begin at the scheduled time.

By **noon on October 6, 2020**, the parties shall meet and confer to discuss any previously raised discovery disputes -- excluding the disputes outlined in the parties' joint letter filed on October 2, 2020, (Dkt. No. 73), and including the disputes outlined in the parties' joint letter filed on September 30, 2020, (Dkt. No. 69) and Plaintiff's letter filed on September 30, 2020, (Dkt. No. 65) -- and shall file a joint letter, identifying any disputes that remain outstanding for the Court to resolve.

**So Ordered.**

Dated:  October 5, 2020
        New York, New York

LORNA G. SCHOFIELD                          Page 5 of 5
UNITED STATES DISTRICT JUDGE

6775675