```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SCOTT POWERS,                                                :
                                    Plaintiff,               :
                                                             :    20 Civ. 2625 (LGS)
-against-                                                    :
                                                             :           ORDER
MEMORIAL SLOAN KETTERING CANCER                              :
CENTER, et al.,                                              :
                                    Defendants.              :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on September 22, 2020, the parties filed a joint letter requesting an extension of the time to complete fact discovery (Dkt. No. 51);

  WHEREAS, pursuant to the Civil Case Management Plan and Scheduling Order ("Case Management Plan"), the deadline for the completion of all fact discovery was September 25, 2020 (Dkt. No. 31);

  WHEREAS, on September 30, 2020, pursuant to the Court's Order at Docket No. 52, the parties filed a joint letter (1) identifying each remaining deponent and providing a firm date for each deponent's deposition and (2) indicating (a) what expert discovery is anticipated beyond fact witnesses who are treating physicians, (b) who will be deposed during fact discovery and (c) why the parties need until January 29, 2021, to complete expert discovery (Dkt. No. 69);

  WHEREAS, on September 28, 2020, Defendants filed a pre-motion letter requesting a conference regarding the scope of testimony of treating physicians during depositions and the appropriate expert witness disclosures pursuant to Federal Rule of Civil Procedure 26 (Dkt. No. 60);

  WHEREAS, on September 30, 2020, Plaintiff filed a responsive letter to Defendants' September 28, 2020, pre-motion letter at Docket No. 60, requesting a conference regarding the scope of testimony of treating physicians during depositions and the appropriate expert witness

disclosures pursuant to Federal Rule of Civil Procedure 26 (Dkt. No. 64; *see also* Dkt. No. 63);

WHEREAS, on October 2, 2020, the parties filed a joint letter outlining their positions as to the scope of testimony of treating physicians during depositions and the appropriate expert witness disclosures pursuant to Federal Rule of Civil Procedure 26 (Dkt. No. 73);

WHEREAS, on September 30, 2020, Plaintiff filed a pre-motion letter in anticipation of a motion to compel Defendant Memorial Sloan Kettering to produce audit trails and other metadata regarding the creation, retrieval, update and destruction of Erika Zak's electronic medical records (Dkt. No. 65);

WHEREAS, on October 5, 2020, Defendants filed a responsive letter to Plaintiff's September 30, 2020, pre-motion letter in anticipation of a motion to compel at Docket No. 65 (Dkt. No. 76);

WHEREAS, on October 5, 2020, Plaintiff filed a pre-motion letter in anticipation of a motion for leave to exceed ten depositions (Dkt. No. 74);

WHEREAS, on October 6, 2020, Defendants filed a responsive letter to Plaintiff's October 5, 2020, pre-motion letter in anticipation of a motion for leave to exceed ten depositions at Docket No. 74 (Dkt. No. 77);

WHEREAS, on October 6, 2020, Plaintiff filed a pre-motion letter in anticipation of a request that the Court find that Defendants have waived various privileges asserted in response to Plaintiff's Interrogatory number 11 and Requests for Production numbers 5, 13 and 14 (Dkt. No. 78);

WHEREAS, on October 6, 2020, Defendants filed a responsive letter to Plaintiff's October 5, 2020, pre-motion letter in anticipation of a request that the Court find that Defendants have waived various privileges at Docket No. 78 (Dkt. No. 79);

WHEREAS, on October 6, 2020, the parties filed a joint letter outlining the parties'

positions on discovery disputes that remain outstanding (Dkt. No. 80);

WHEREAS, pursuant to the Case Management Plan, the deadline for the completion of all expert discovery is November 9, 2020, and by August 25, 2020, the parties were to meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions; it is hereby

**ORDERED** that, in light of the September 25, 2020, deadline for the completion of all fact discovery, the parties' requests and pre-motion letters at Docket Nos. 51, 60, 62, 63, 64, 65, 69, 73, 74, 76, 77, 78, 79 and 80 are untimely. It is nevertheless further

**ORDERED** that, the parties' request for an extension of the deadlines for the completion of all fact discovery and the completion of all expert discovery is **GRANTED in part**. The parties shall complete all fact discovery by **November 25, 2020**, and shall complete all expert discovery by **January 29, 2021**. A revised Civil Case Management Plan and Scheduling Order will issue separately. It is further

**ORDERED** that, by **October 14, 2020**, the parties shall serve any expert disclosures, other than any expert disclosures for Ms. Zak's treating physicians. It is further

**ORDERED** that, prior to deposing Ms. Zak's treating physicians, Plaintiff is not required to provide expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). To the extent that Plaintiff intends to rely upon a treating physician at trial, for testimony beyond what he or she observed as a fact witness during the course of treatment of Ms. Zak, Plaintiff shall, within two weeks of the deposition of that treating physician, provide supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). It is further

**ORDERED** that, Defendants' request to limit the scope of the depositions of treating physicians (*see* Dkt. Nos. 60 and 73) is **DENIED**. It is further

**ORDERED** that, Plaintiff's September 30, 2020, pre-motion letter in anticipation of a

motion to compel Defendant Memorial Sloan Kettering to produce audit trails and other metadata regarding the creation, retrieval, update and destruction of Erika Zak's electronic medical records (Dkt. No. 65) is construed as a motion to compel, and such motion is **DENIED** as untimely and not proportional to the needs of the case.  It is further

**ORDERED** that, Plaintiff's October 5, 2020, pre-motion letter in anticipation of a motion for leave to exceed ten depositions (Dkt. No. 74) is construed as a motion for leave to exceed ten depositions, and such motion is **DENIED** as untimely and on the ground that Plaintiff has failed to show that the depositions he seeks to conduct would not be cumulative.  Plaintiff shall be limited to ten depositions, including depositions of damages witnesses but not including depositions of Defendants' retained experts.  It is further

**ORDERED** that, Plaintiff's request that the Court find that Defendants have waived various privileges Defendants asserted in response to Plaintiff's Interrogatory number 11, and Requests for Production Numbers 5, 13 and 14 (Dkt. No. 78), is **DENIED** without prejudice to renewal on the grounds that the request is untimely and that, under these circumstances, failure to provide a privilege log, on its own, is not a flagrant violation of Federal Rule of Civil Procedure 26(b)(5)(A) and Local Rule 26.2(a)(2), sufficient to warrant waiver of privilege.  *See, e.g., Pem-America, Inc. v. Sunham Home Fashions, LLC*, No. 03 Civ. 1377, 2007 WL 3226156, at *2 (S.D.N.Y. Oct. 31, 2007).   It is further

**ORDERED** that, by **October 14, 2020**, Defendants shall produce a privilege log identifying for each document withheld, "(i) the type of document . . . (iii) the date of document; and (iv) the author of the document, the addressees of the document, and any other recipients, and where, not apparent, the relationship of the author, addressees, and recipients to each other," Local Rule 26.2(a)(2), and the privilege asserted.  It is further

**ORDERED** that, by **October 14, 2020**, as further assurance that Defendants have

properly asserted New York's peer review privilege, Defendants shall file an affidavit indicating (1) whether Defendants have an official review procedure in place, and if so, providing a description of the procedure, (2) whether withheld statements or reports were made during a review procedure and (3) whether the review procedure was conducted as part of the evaluation of an individual physician.  By **October 14, 2020**, Defendants shall produce any statements or reports for which they cannot truthfully attest to these three requirements, and for which no other privileges apply.  It is further

**ORDERED** that, Defendants' portions of the parties' joint letters at Docket Nos. 69 and 80, regarding the deposition of Dr. Stephen Solomon are construed together, as a motion to quash the subpoena for the deposition of Dr. Stephen Solomon, and such motion to quash is **GRANTED** on the grounds that Plaintiff can obtain information regarding Defendants' practices and procedures through document requests and the depositions of other fact witnesses; the deposition of Dr. Stephen Solomon is cumulative and not proportional to the needs of this case; and the best practices endorsed by the Society of Interventional Oncologists are not relevant to the applicable standard of care.  It is further

**ORDERED** that, for the 30(b)(6) witness responsible for IT issues (*see* Dkt. Nos. 69 and 80), by **October 14, 2020**, the parties shall meet and confer to narrow the issues for which this 30(b)(6) witness is responsible, and Plaintiff shall serve an amended 30(b)(6) notice tailored to topics relevant to the claims in this case.  It is further

**ORDERED** that, while Plaintiff has not yet served a 30(b)(6) notice regarding Defendants' policies and procedures, any such notice is quashed on the grounds that Plaintiff can obtain this information through the depositions of other fact witnesses; and the deposition of a 30(b)(6) witness covering Defendants' policies and procedures is cumulative and not proportional to the needs of this case.  It is further

**ORDERED** that Plaintiff's portion of the parties' joint letter at Docket No. 80, regarding the sufficiency of Defendants' interrogatory responses is construed as a motion to compel the production of supplemental interrogatory responses, and such motion is **DENIED**. Pursuant to Local Rule 33.3, "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information, relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of the similar nature." It is further

**ORDERED** that, by **October 14, 2020**, Plaintiff will produce any relevant audio recordings in his possession. It is further

**ORDERED** that, by **October 30, 2020**, Defendants shall complete their review of the responsive photographs, videos and art that Plaintiff produced in September (*see* Dkt. No. 80, pp. 4-5), and shall meet and confer with Plaintiff, to discuss whether Defendants agree to stipulate to the authenticity of these documents. It is further

**ORDERED** that, by **October 14, 2020**, Plaintiff shall provide Defendants with the necessary authorizations to inspect the original pathology slides and/or obtain re-cuts of the pathology specimens from Ms. Zak's liver ablation procedure on August 22, 2019, at Cleveland Clinic. Plaintiff may condition his consent to Defendants' interview of the Cleveland Clinic pathologist on the condition that Plaintiff's counsel is present for the interview. If Plaintiff chooses not to consent, Defendants may, alternatively, depose the Cleveland Clinic pathologist.

The Clerk of Court is respectfully requested to close Docket Nos. 51 and 78.

Dated: October 8, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE