IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., a minor, | § § § § |
| Plaintiff, | § § |
| v. | § § § |
| Constantinos Sofocleous and Memorial Sloan Kettering Cancer Center, | § § § § |
| Defendants. | § § |

CIVIL ACTION NO. 1:20-cv-02625

<ins>**PLAINTIFF'S MOTION FOR RECONSIDERATION**</ins>

Plaintiff's motion for reconsideration is **DENIED** as moot.  The Court's Order at Dkt. No. 85 should not be construed to mean that Defendants do not have an obligation to serve expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(b).  To the extent that Defendants intend to rely upon a treating physician at trial, for testimony beyond what he or she observed as a fact witness during the course of treatment of Ms. Zak, Defendants shall serve disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), by the deadlines set forth in the Court's Order at Docket No. 85 (*i.e.*, October 30, 2020, or for rebuttal experts, November 30, 2020).

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 91.

So Ordered.
Dated: October 26, 2020
New York, New York

Plaintiff respectfully requests that the Court apply a particular provision from the recent Order on Discovery Motions [doc. 81] to all parties, rather than solely to Plaintiff. The provision about which Plaintiff seeks reconsideration orders Plaintiff to serve a full Federal Rule of Civil Procedure 26(a)(2)(B) expert disclosure—including a signed report and list of recent testimony—if Plaintiff to intends to rely on Erika Zak's treating physicians for anything beyond what he or she observed while treating Ms. Zak:

> To the extent that Plaintiff intends to rely upon a treating physician at trial, for testimony beyond what he or she observed as a fact witness during the course of treatment of Ms. Zak, Plaintiff shall, within two weeks of the deposition of that treating physician, provide supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

By this motion, Plaintiff seeks to have this provision apply equally to Defendants.

Respectfully submitted,
HENDLER FLORES LAW, PLLC
By: */s/ Rebecca Ruth Webber*
Rebecca Ruth Webber
rwebber@hendlerlaw.com
1301 West 25th Street, Suite 400
Austin, Texas 78705

1

Tel: (512) 439-3200
Fax: (512) 439-3201
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scott Powers, individually, as<br>Representative of the Estate of Erika Zak,<br>and as the natural guardian of L.P., a minor,<br><br>Plaintiff,<br><br>v.<br><br>Constantinos Sofocleous and Memorial<br>Sloan Kettering Cancer Center,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 1:20-cv-02625<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM SUPPORTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff respectfully requests that the Court apply a particular provision from the recent Order on Discovery Motions [doc. 81] to all parties, rather than solely to Plaintiff. The provision about which Plaintiff seeks reconsideration orders Plaintiff to serve a full Federal Rule of Civil Procedure 26(a)(2)(B) expert disclosure—including a signed report and list of recent testimony— if Plaintiff intends to rely on Erika Zak's treating physicians for anything beyond what he or she observed while treating Ms. Zak:

> To the extent that Plaintiff intends to rely upon a treating physician at trial, for testimony beyond what he or she observed as a fact witness during the course of treatment of Ms. Zak, Plaintiff shall, within two weeks of the deposition of that treating physician, provide supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

[Doc. 81].

The Parties' dueling expert disclosures regarding Ms. Zak's doctor, Skye Mayo, illustrate why it is arbitrary and highly prejudicial to Plaintiff for the Court's recent order to apply only to Plaintiff.

1

Skye Mayo, M.D. was the first—and thus far, the only—of Ms. Zak's treating physicians to be deposed in this case. Dr. Mayo treated Ms. Zak's underlying cancer at Oregon Health and Science University both before and after the 2017 ablation procedure at issue in this case. Neither Plaintiff nor Defendants have retained Dr. Mayo as an expert in this case. No Party had any way of knowing what Dr. Mayo's would say at his deposition prior to the deposition itself.

Out of an abundance of caution and in order to preserve his option to rely on Dr. Mayo as an *unretained* expert, Plaintiff served a Rule 26(a)(2)(C)[1] disclosure regarding the testimony that he hoped to elicit from Dr. Mayo. Plaintiff served this disclosure prior to Dr. Mayo's deposition. Plaintiff's September 30, 2020 Rule 26(a)(2)(C) disclosure regarding Dr. Mayo is attached as **Exhibit A**.

Because Dr. Mayo would only agree to appear in this case subject to a subpoena and because his employer would not allow Mayo to speak to Plaintiff's counsel outside of his deposition, Plaintiff's Rule 26(a)(2)(C) disclosure notified Defendants of the testimony that Plaintiff's counsel *intended* to elicit. For example, Plaintiff disclosed that:

> Dr. Mayo *may* give expert opinions about Erika's cancer treatment, treatment for her liver failure, the progress of her response to treatment for her cancer, the likelihood of surviving her cancer, or Ms. Zak's pain and suffering because of her liver failure. Plaintiff also *intends* to elicit testimony regarding the damage the ablation procedure of April 2017 caused to Erika Zak's liver; under what circumstances Dr. Mayo consulted a tumor board concerning Erika Zak's condition and the reasons for doing so; and the general circumstances under which he believes consultation of a tumor board is appropriate.

---

[1] Rule 26(a)(2)(C) states:
   *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
       (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
       (ii) a summary of the facts and opinions to which the witness is expected to testify.

2

Exhibit A (emphasis added).

Defendants vociferously objected to Plaintiff's September 30, 2020 Rule 26(a)(2)(C) disclosure regarding Dr. Mayo and insisted that Plaintiff must instead serve a Rule 26(a)(2)(B)[2] disclosure complete with a signed report from Dr. Mayo.

The Parties first addressed this issue of expert disclosures for treating physicians in their October 2, 2020 joint letter to the Court [doc. 73]. Defendants cited Coolidge v. U.S., case no. 10-CV-363S, 2015 WL 5714237 (W.D.N.Y. Sept. 25, 2015) as support for their argument that Dr. Mayo and Ms. Zak's other doctors could not give opinions about anything beyond their own medical treatment of Ms. Zak:

> (1) The scope of the treating doctor's testimony must be limited and cannot include standard of care questions (e.g., performance of the ablation, need for tumor board involvement). All of the treating physicians are of a different specialty than the Defendant physician and were not involved in the highly specialized liver ablation procedure at issue. Thus, Plaintiff should not be permitted to question treating physicians regarding standard of care for treatment they were not involved in and did not and do not perform. See Coolidge v. U.S., No. 10-CV-363S, 2015 WL 5714237, *7 (W.D.N.Y. Sept. 25, 2015) (internal citation omitted) ("A treating physician who has not complied with the reporting requirement of Rule 26(a)(2)(B) should not be permitted to render opinions outside the course of treatment and beyond a reasonable reading of the records.").

---

[2] Rule 26(a)(2)(B) states:
> *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

3

[Doc. 73]. Note that Defendants explicitly identified potential deposition questions about the "need for tumor board involvement" as improper without a full Rule 26(a)(2)(B) disclosure accompanied by a signed expert report.

Plaintiff responded that Defendants' authority was inapposite because Coolidge was about *undisclosed* opinions rather than opinions disclosed pursuant to Rule 26(a)(2)(C).

> Plaintiff: Deposing Erika's treating physicians is not a fishing expedition. They are interventional radiologists, oncologists, and surgical oncologists who all provided critical treatment after the ablation. Defendants' bid to prematurely limit their testimony contravenes Rule 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim…and proportional to the needs of the case….") and Rule 30(c)(2) ("An objection at the time of the examination…[is] noted on the record, but the examination still proceeds….") Defendants' reliance on *Coolidge, supra*, is inapposite. *Coolidge* contrasted expert designations under 26(b)(2)(B) with treating physicians *undisclosed* opinions. In *Socha v. 110 Church, LLC (In re World Trade Ctr. Lower Manhattan Disaster Site Litig.)*, No. 21-mc-102, 2014 WL 5757713, at *4 (S.D.N.Y. Nov. 5, 2014) the court held that, "Where the medical records provide the primary basis for a treating physician's opinion at trial, an abbreviated disclosure pursuant to FRCP 26(a)(2)(C) is likely adequate because it is supplemented by such records." *Id.* Erika's physicians can offer opinions formed from their specialized knowledge and own course of treatment, *and* her medical records. Defendants can test their opinions during deposition.

[Doc. 73]. Plaintiff cited the Court to Socha v. 110 Church, LLC, case no. 21-mc-102, 2014 WL 5757713 (S.D.N.Y. Nov. 5, 2014) which ruled in a fact pattern similar to this case that "an abbreviated disclosure pursuant to FRCP 26(a)(2)(C) is likely adequate because it is supplemented by [medical] records".

The Parties again addressed this issue of expert disclosures for treating physicians in their October 6, 2020 joint letter to the Court:

4

> **6) Deadline for expert disclosures**
>
> **Defendants**: Plaintiff has served cursory disclosures under Rule 26(a)(2)(C) for treating providers setting forth areas of expert testimony he "hopes" to obtain. Defendants ask the Court to set a short deadline for Plaintiff to serve retained expert disclosures pursuant to Rule 26(a)(2)(B) as it may impact questioning of treating doctors.
>
> **Plaintiff**: Defendants' insistence that Plaintiff serve disclosures for non-retained witnesses *before* they know what those witnesses may testify to is unreasonable and puts the cart before the horse. The Court contemplated that the treating physicians would offer expert testimony and did not impose a disclosure deadline prior to their depositions, since that would not be consistent with the Rules, yet Plaintiff nevertheless agreed to serve an *initial* Rule 26(b)(2)(C) disclosure to accommodate Defendants' request even though such disclosures were not required in advance of the witnesses' deposition.

[Doc. 80, ¶ 6].

The Court ruled for Defendants on this issue and ordered that a full expert disclosure and report must be served if Plaintiff intended to rely on any of Ms. Zak's doctors "for testimony beyond what he or she observed as a fact witness during the course of treatment of Ms. Zak". The Court's Order made the requirement of a full report specific to Plaintiff only:

> To the extent that *Plaintiff* intends to rely upon a treating physician at trial, for testimony beyond what he or she observed as a fact witness during the course of treatment of Ms. Zak, *Plaintiff* shall, within two weeks of the deposition of that treating physician, provide supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

[Doc. 81 (emphasis added)].

Dr. Mayo was deposed on October 8, 2020.

Today, October 22, 2020, Defendants served their Rule 26(a)(2)(C) disclosure regarding Dr. Mayo notifying Plaintiff that they intend to "rely on the deposition testimony of Skye C. Mayo, M.D. as expert opinion testimony at trial." Defendants' Rule 26(a)(2)(C) disclosure is attached as **Exhibit B**. Having had the benefit of already hearing Dr. Mayo's testimony, Defendants' Rule 26(a)(2)(C) disclosure is definitive, as opposed to Plaintiff's pre-deposition Rule 26(a)(2)(C) disclosure which was quite indefinite and more or less aspirational. For example, Defendants

5

were able to disclose that they *will* rely on Dr. Mayo's deposition testimony regarding "the general use of tumor boards, consent discussions, complications during procedures, Ms. Zak's liver damage and ultimate outcome, and Ms. Zak's cancer and response on Pembro." Exhibit B.

Defendants disclosure does not include a report authored and signed by Dr. Mayo. Nor does it include Dr. Mayo's qualifications, a list of his publications, or a list of his previous testimony. To be clear, after insisting that Plaintiff must somehow obligate Dr. Mayo—a non-retained, very busy medical doctor—to write and sign a full expert report, and after winning a ruling stating that Plaintiff must do so, Defendants did not serve a report.

Perhaps the most perplexing portion of Defendants' disclosure, they state that they will rely on Dr. Mayo for expert opinions regarding "the general use of tumor boards". This is exactly the subject matter about which Defendants previously argued that Plaintiff could not even ask questions during his discovery deposition of Dr. Mayo, much less rely on at trial [doc. 73]. It will be highly prejudicial to Plaintiff if this Court applies Rule 26(a)(2) in one way to Plaintiff and in a different way to Defendants. Plaintiffs simply seek an equitable application of the Rule.

For these reasons, Plaintiff respectfully requests that the Court reconsider its recent order and make it applicable to all Parties.

>Respectfully submitted,
>HENDLER FLORES LAW, PLLC
>By: */s/ Rebecca Ruth Webber*
>Rebecca Ruth Webber
>rwebber@hendlerlaw.com
>1301 West 25th Street, Suite 400
>Austin, Texas 78705
>Tel: (512) 439-3200
>Fax: (512) 439-3201
>ATTORNEY FOR PLAINTIFF

6

IN THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., a minor, <br><br> Plaintiff, <br><br> v. <br><br> Constantinos Sofocleous and Memorial Sloan Kettering Cancer Center, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § Civil Action No. 1:20-cv-02625 <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

### PLAINTIFF'S DISCLOSURE PURSUANT TO FRCP 26(a)(2)(C) REGARDING THE DEPOSITIONS OF SKYE MAYO, MD

Pursuant to Rule 26(a)(2)(C), Plaintiff hereby gives notice to Defendants that Plaintiff intends to develop expert testimony from Skye Mayo. Dr. Mayo may give expert opinions about Erika's cancer treatment, treatment for her liver failure, the progress of her response to treatment for her cancer, the likelihood of surviving her cancer, or Ms. Zak's pain and suffering because of her liver failure.

Plaintiff also intends to elicit testimony regarding the damage the ablation procedure of April 2017 caused to Erika Zak's liver; under what circumstances Dr. Mayo consulted a tumor board concerning Erika Zak's condition and the reasons for doing so; and the general circumstances under which he believes consultation of a tumor board is appropriate. Plaintiff further intends to elicit testimony from Dr. Mayo concerning the efficacy of the available alternative treatment modalities to address the lesions that were present in Zak's liver in March and April 2017, whether doctors at Memorial Sloan Kettering consulted with him as to what he

would advise for the available alternative treatment modalities including ablation, his opinion whether ablation under the circumstances was recommended for Erika Zak given the location of the lesions, the volume of tissue ablated, and his opinions regarding what contributed to Zak's need for a liver transplant, and the efforts he and Oregon Health and Sciences University made to obtain her a liver transplant. Plaintiff also intends to elicit Dr. Mayo's testimony regarding the informed consent obtained from Erika Zak for the 2017 ablation procedure, the informed consent he obtained from Erika Zak on any occasion that he did so, and the informed consent he seeks to obtain from his patients and the reasons for doing so. Plaintiff also intends to elicit Dr. Mayo's testimony regarding what responsibility Erika Zak or Scott Powers had to challenge or doubt Erika Zak's doctors' recommendations for treatment including the decision to proceed with the 2017 ablation.

Plaintiff will supplement this disclosure following Dr. Mayo's deposition to the extent Plaintiff intends to present any of Dr. Mayo's testimony at trial under FRE 702, 703, or 705.

**Dated: September 30, 2020**

Respectfully submitted,

HENDLER FLORES LAW, PLLC

_____
Scott M. Hendler – *Pro Hac Vice*
shendler@hendlerlaw.com
Rebecca R. Webber – *Pro Hac Vice*
rwebber@hendlerlaw.com
1301 W. 25th Street, Suite 400
Austin, Texas 78705
Tel: (512) 439-3200
Fax: (512) 439-3201

## **CERTIFICATE OF SERVICE**

I certify that Plaintiff's Disclosure Pursuant to FRCP 26(a) (2) (C) Regarding the Deposition of Skye Mayo, MD served on all counsel of record via electronic mail on September 30, 2020.

                                                                                                      Scott M. Hendler – *Pro Hac Vice*

Case 1:20-cv-02625-LGS Document 95 Filed 10/26/20 Page 13 of 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., a minor,<br><br>                Plaintiff,<br><br>vs.<br><br>Constantinos Sofocleous, and Memorial Sloan Kettering Cancer Center,<br><br>                Defendants. | Case No.:<br>1:20-cv-02625 (LGS)<br><br>**DEFENDANTS' DISCLOSURE OF EXPERT TESTIMONY** |

Defendants, Constantinos Sofocleous, M.D. s/h/a Constantinos Sofocleous, and Memorial Hospital for Cancer and Allied Diseases s/h/a Memorial Sloan Kettering Cancer Center ("Memorial") (collectively "the Defendants") by and through their attorneys, Kaufman Borgeest & Ryan LLP, hereby reserve the right to rely on the deposition testimony of Skye C. Mayo, M.D. as expert opinion testimony at trial under Federal Rule of Evidence 702, 703, and/or 705, and pursuant to the Court's Order dated October 8, 2020 (Doc. 81). Defendants reserve the right to supplement and/or amend this disclosure.

1. <u>Identity of Expert</u>: Skye C. Mayo, M.D. Surgical Oncologist and Erika Zak's treating physician at Oregon Health & Science University.

2. <u>Subject matter the expert is expected to present evidence under</u>: The subject matters include the general use of tumor boards, consent discussions, complications during procedures, Ms. Zak's liver damage and ultimate outcome, and Ms. Zak's cancer and response on Pembro.

3. <u>Summary of the facts and opinions the expert is expected to testify</u>: In accordance with plaintiff's subpoena and notice of deposition, on October 8, 2020, Dr. Mayo's deposition was taken in this matter. Defendants reserve the right to rely on the below deposition testimony of Dr. Mayo as expert testimony at trial:

i) <u>Tumor Board</u>: There is not a standardized definition of what constitutes a tumor board. The vast majority of patients are not presented at a tumor board prior to any procedure or treatment, especially when the care and treatment is fairly clear and there is no treatment juncture. A tumor board is not a clinical approach to treatment. The general indications and/or reasons for presenting a case to a tumor board were not applicable to this case. Whether to present a patient's case at a tumor board is never mandatory for any patient or provider.

ii) <u>Informed Consent</u>: There is no specific or standard time to spend with a patient during a consent discussion. The time can range from a few minutes to an hour or more depending upon many factors including, for example, if the patient has questions, how extensive the procedure is, the patient's ability to understand the information, the patient's medical sophistication, the patient's underlying medical condition, etc. The patient and physician sign and date a pre-printed consent form to document that the consent discussion took place. The physician's accompanying clinic note includes a template that can be amended a little bit for the specific procedure to document the consent discussion. When discussing potential risks of a procedure with the patient, the physician is unable to enumerate all potential risks and there are risks the physician cannot anticipate.

iii) <u>Complications</u>: Complications, including unanticipated complications, occur in medicine due to the human condition and the imperfection of the tools used to treat patients. Complications occur in the best of hands and can occur in low risk procedures.

iv) <u>Ms. Zak's Liver Damage</u>: It is not fair to say that the April 10, 2017 ablation irreparably damaged Ms. Zak's central liver, biliary system, portal vein system and hepatic arterial system. Ms. Zak's clinical course and eventual outcome was the result of many factors, including extensive treatment with hepatic arterial infusion that causes biliary toxicity and damage to the lumen of the arteries in the liver, various systemic chemotherapy causing biliary damage, and prior operations, such that Ms. Zak's ultimate outcome was multifactorial and cannot be attributed to one thing. Moreover, complications from treatment of cancer, including pump treatment, can lead to liver failure. Overwhelming burden of disease in the liver can also cause liver failure.

v) <u>Ms. Zak's metastatic cancer and response to Pembro</u>: Ms. Zak's "excellent" response on Pembro as described by Dr. Mayo on March 18, 2018 in no way implied what Ms. Zak's future course would have been with the disease. Excellent disease control is not anticipated for patients like Ms. Zak with multifocal disease (i.e., lots of liver metastasis) and ultimately the cancer progresses. It was highly unlikely that Ms. Zak would ever have been cured with liver pump treatment or with other treatment. In addition, tumor markers are not very specific or sensitive overall.

**DEFENDANTS RESERVE THE RIGHT TO FURTHER SUPPLEMENT OR AMEND THE FOREGOING EXPERT DISCLOSURE AT ANY TIME PRIOR TO TRIAL IN THIS ACTION.**

Dated: October 22, 2020

                                      Very truly yours,

                                      /s/ Betsy D. Baydala
                                      Betsy D. Baydala (4661120)
                                      KAUFMAN BORGEEST & RYAN LLP
                                      120 Broadway, 14th Floor
                                      New York, NY 10271
                                      Telephone: (212) 980-9600
                                      Fax: (212) 980-9291
                                      E-mail:  bbaydala@kbrlaw.com

                                      *Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that, on October 22, 2020, I electronically served the foregoing document to the following counsel of record for Plaintiff Scott Powers at the email addresses listed below:

Hendler Flores Law, PLLC
1301 West 25th Street, Suite 400
Austin, Texas 78705
Telephone: (512) 439-3202
Fax: (512) 439-3201
shendler@hendlerlaw.com
rwebber@hendlerlaw.com
lgoettsche@hendlerlaw.com

/s/ Betsy D. Baydala
Betsy D. Baydala

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., a minor,**<br><br>Plaintiff,<br><br>v.<br><br>**Constantinos Sofocleous and Memorial Sloan Kettering Cancer Center,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 1:20-cv-02625<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF SERVICE

Plaintiff, by and through the undersigned attorney, hereby gives notice that he served a true and correct copy of the documents listed below to counsel of record for Defendant Constantinos Sofocleous and Memorial Sloan Kettering Cancer Center via electronic mail on October 22, 2020.

1. **PLAINTIFF'S MOTION FOR RECONSIDERATION**

2. **MEMORANDUM SUPPORTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Respectfully submitted,

HENDLER FLORES LAW, PLLC

By: /s/ Scott M. Hendler

Scott M. Hendler
shendler@hendlerlaw.com
Rebecca Ruth Webber
rwebber@hendlerlaw.com
1301 West 25th Street, Suite 400
Austin, Texas 78705
Tel: (512) 439-3200
Fax: (512) 439-3201
**ATTORNEYS FOR PLAINTIFF**