

TEL: 212.980.9600   FAX: 212.980.9291   120 BROADWAY, NEW YORK, NY 10271   WWW.KBRLAW.COM

October 26, 2020

BETSY D. BAYDALA
DIRECT: 212.994.6538
BBAYDALA@KBRLAW.COM

VIA ECF FILING ONLY
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

By **October 30, 2020**, Plaintiff shall file a responsive letter.

So Ordered.

Re:  Powers v. Memorial Sloan Kettering Cancer Center, et al.
     Docket No.    :                         1:20-cv-02625

Dated: October 27, 2020
       New York, New York

Dear Judge Schofield:

Defendants submit this as their letter motion for a pre-motion discovery conference with the Court in accordance with Local Civil Rule 37.2 and Your Honor's Individual Rules.

**A)** **Defendants seek a protective order relieving them of the obligation of responding to plaintiff's requests and 30(b)(6) notices served in disregard of this Court's Order**

The parties submitted various pre-motion letters concerning discovery disputes, which the Court resolved by Order dated October 8, 2020 and extended the fact discovery deadline to November 25, 2020.  (Doc. 81).  As set forth below, Plaintiff has served the following discovery requests and 30(b)(6) notices in disregard of the Court's Order and Defendants seek a protective order from same.

   **i.**   *Plaintiff's Requests for Admissions*: **First Request dated October 16, 2020 (Exhibit "A") and Second Request dated October 23, 2020 (Exhibit "B").**

On October 8, 2020, the Court "**ORDERED** that Plaintiff's portion of the parties' joint letter at Docket No. 80, regarding the sufficiency of Defendants' interrogatory responses is construed as a motion to compel the production of supplemental interrogatory responses, and such motion is **DENIED**."  (Doc. 81).

In an attempt to evade the Court's Order, Plaintiff has served two sets of so-called Request for Admissions seeking 53 admissions that are broad ranging in nature, scope and extent.  The Requests for Admissions fail to satisfy the formal requirements of FRCP 36, and instead, are being improperly used by Plaintiff as a discovery device seeking unreasonably cumulative and duplicative information, information that is not proportional to the needs of the case, information that has been obtained through interrogatories, and/or information that can be obtained at the upcoming depositions of fact witnesses (e.g., Dr. Sofocleous).

Defendants note that the First Request seeks 44 items, all on topics relating to the ablation machine to which a response to a previously propounded interrogatory response has been

NEW YORK            NEW JERSEY            CONNECTICUT            CALIFORNIA

6835574

provided. Defendants have requested, but Plaintiff has refused, to withdraw this First Set of Requests for Admissions. The Second Set was served on Friday, October 23, 2020 at 5:29 PM, and is similarly inappropriate in nature, extent and scope.

ii. *Plaintiff's 30(b)(6) Notices*: **Plaintiff's Third Amended dated October 16, 2020 (Exhibit "C"); Fourth Amended dated October 23, 2020 (Exhibit "D"); and First Notice dated October 23, 2020 (Exhibit "E")**

On October 8, 2020, the Court "**ORDERED** that, for the 30(b)(6) witness responsible for IT issues (Docs. 69 and 80), by October 14, 2020, the parties shall meet and confer to narrow the issues for which this 30(b)(6) witness is responsible, and Plaintiff shall serve an amended 30(b)(6) notice tailored to topics relevant to the claims in this case." The Court also "**ORDERED** that, while Plaintiff has not yet served a 30(b)(6) notice regarding Defendants' policies and procedures, any such notice is quashed on the grounds that Plaintiff can obtain this information through the depositions of other fact witnesses; and the deposition of a 30(6)(6) witness covering Defendants' policies and procedures is cumulative and not proportional to the needs of this case." (Doc. 81.).

Again in direct violation of the Court's Order and in disregard of the parties meet and confer discussions on October 14, 2020, Plaintiff served an expanded Third Amended 30(b)(6) notice that was not tailored to topics relevant to the claims in the case. On the contrary, Plaintiff added requests for substantive medical information that the Court had previously ordered plaintiff to obtain through the depositions of other fact witnesses (Nos. 8-20).

Following Defendants continued objection, it is apparent given Plaintiff's fourth attempt that Plaintiff is unwilling to serve a properly tailored 30(b)(6) notice regarding IT/EMR issues. Moreover, plaintiff has proceeded to further disregard the Court's Order, as well as meet and confer discussions by additionally serving a novel First 30(b)(6) notice regarding substance of records when this information was ordered to be obtained at upcoming fact witness depositions of the Memorial physicians. Defendants submit that at this point based on plaintiff's conduct, plaintiff has forfeited the right to notice a 30(b)(6) deposition and the notices should be quashed.

Defendants can establish their good cause for seeking a protective order from the Court because Plaintiff is engaging in untimely and abusive discovery practices. Plaintiff is seeking overly broad and unduly burdensome information, irrelevant information, information that is not proportional to the needs of the case, information that is cumulative and duplicative to information already provided, and/or information that can be obtained during the upcoming fact depositions of Memorial's physicians. Most concerning, plaintiff has served these discovery requests and 30(b)(6) notices in disregard of the Court's Order dated October 8, 2020.

B) **Defendants seek to quash the Amended Subpoena on Ethicon, Inc. (Exhibits "F" and "G")**

On October 23, 2020 at 4:58 PM, Plaintiff served an Amended Subpoena to Testify and Duces Tecum on non-party Ethicon, Inc. with a deposition date of November 2, 2020. Plaintiff's issuance of the subpoena on 10 days' notice is a sufficient basis to quash the subpoena. See Usov v. Lazar, No. No. 13 Civ. 818(RWS), 2014 WL 4354691, *17 (S.D.N.Y. Sept. 2, 2014) ("[T]here is an adequate basis in quashing the subpoenas on the grounds that Plaintiff violated

the notice requirements of FRCP 45…"). Defendants contend that Plaintiff's insufficient notice is an apparent attempt to deny Defendants and Ethicon the right to timely move to quash the subpoena under FRCP 45. In addition, given the untimely notice and plaintiff's unavailability to meet and confer until October 27, 2020, Defendants were not afforded the opportunity to meet and confer before bringing this letter motion.

In addition to the untimely notice, there are a number of factors to warrant the quashing of this subpoena. In this case, there is no claim that the ablation device used by Dr. Sofocleous and manufactured by Ethicon was defective. Plaintiff's subpoena seeks information about the ablation machine that is publicly available on Ethicon's website (e.g., user manuals, marketing materials), as well as information that can be obtained through Dr. Sofocleous' deposition (e.g., operation and functionality of the machine, relationship with Ethicon). Importantly, no witness at Ethicon has personal knowledge of Ms. Zak's medical condition or the liver ablation performed by Dr. Sofocleous on April 10, 2017. See Ackermann v. N.Y.C. Dept. of Inform. Tech. and Telecomm., No. 09 CV 2436 (JBW)(LB), 2010 WL 1172625, *1 (E.D.N.Y. Mar. 24, 2010) (granting motion to quash subpoena requesting deposition because witness had no personal knowledge of plaintiff's claim).

In addition, enforcement of the subpoena would constitute an unreasonable and inappropriate use of the discovery process because plaintiff cannot establish that the information sought is relevant and material to the allegations and claims in this case. On its face the subpoena is impermissibly over broad as it seeks an excessive breadth of irrelevant information regarding Dr. Sofocleous' relationship with Ethicon (e.g., consulting agreements, research information, grants, benefit information). This collateral and tangential evidence could only be sought by plaintiff's counsel as a means to prejudice and harass Dr. Sofocleous. See Concord Board Corp. v. Brunswick Corp., 169 F.R.D. 44, 50 (citation omitted) ("[T]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable.").

**C) Defendants seek the imposition of sanctions and award of attorney's fees**

With less than one month left for fact discovery, Defendants seek to devote their time and effort to the many upcoming depositions of fact witnesses, rather than responding to Plaintiff's improper and repeated discovery requests. Defendants contend that sanctions and an award of attorney's fees are warranted to deter plaintiff from proceeding with this excessive and improper discovery. See Vaigasi v. Solow Management Corp., No. 11 Civ. 5088 (RMB)(HBP), 2016 WL 616386, *18 (S.D.N.Y. Feb. 16, 2016) (internal citations omitted) ("Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. The subdivision provides a deterrent to excessive discovery by imposing a certification requirement that obliges each attorney … to stop and think about the legitimacy of a discovery request.").

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Betsy D. Baydala

Betsy D. Baydala
KAUFMAN BORGEEST & RYAN LLP

Powers v. Memorial, et al.
Docket No.: 1:20-cv-02625
Page 4 of 4

cc:     <u>via ECF filing</u>

       Hendler Flores Law, PLLC
       1301 West 25th Street, Suite 400
       Austin, Texas 78705
       shendler@hendlerlaw.com
       rwebber@hendlerlaw.com
       lgoettsche@hendlerlaw.com

KAUFMAN BORGEEST & RYAN LLP

6835574