```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SCOTT POWERS,                                                :
                              Plaintiff,                     :
                                                             :         20 Civ. 2625 (LGS)
       -against-                                             :
                                                             :             ORDER
MEMORIAL SLOAN KETTERING CANCER                              :
CENTER, et al.,                                              :
                              Defendants.                    :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on October 5, 2020, Plaintiff filed a pre-motion letter in anticipation of a motion for leave to conduct more than ten depositions of fact witnesses, requesting to depose "twelve non-party fact witnesses," including "two 30(b)(6) depositions of Memorial Sloan Kettering:  one to address electronic medical records (EMR) . . . and another to address substantive issues including policies, procedures, protocols, practices, and the factual bases of its defenses."  Dkt. No. 74, p. 1.

  WHEREAS, on October 6, 2020, the parties filed a joint letter characterizing Plaintiff's two proposed 30(b)(6) witnesses as a "30(b)(6) notice regarding 'IT Systems'" and a "30(b)(6) notice regarding policies."  Dkt. No. 80, pp. 1-2.

  WHEREAS, on October 8, 2020, the Court issued an Order that, among other things:

- denied Plaintiff's motion to compel the production of supplemental interrogatory responses;
- denied Plaintiff's motion for leave to exceed ten depositions;
- granted Defendants' request to quash any 30(b)(6) notice regarding Defendants' policies and procedures, on the grounds that Plaintiff can obtain this information through the depositions of other fact witnesses, and the deposition of a 30(b)(6) witness covering Defendants' policies and procedures is cumulative and not

       proportional to the needs of this case; and

- directed the parties to meet and confer to narrow the issues for which a 30(b)(6) witness responsible for IT issues will cover, and further, directed Plaintiff to serve an amended 30(b)(6) notice tailored to topics relevant to the claims in this case.

Dkt. No. 81.

WHEREAS, on October 26, 2020, Defendants filed a pre-motion letter (i) requesting a discovery conference; (ii) requesting a protective order relieving Defendants of the obligation of responding to (a) Plaintiff's requests to admit pursuant to Federal Rule of Civil Procedure 36, (b) Plaintiff's Fourth Amended 30(b)(6) Notice, dated October 23, 2020, regarding IT issues, and c) Plaintiff's First 30(b)(6) Notice regarding substance of records; (iii) in anticipation of a motion to quash Plaintiff's Amended Subpoena to Testify and Duces Tecum served on non-party Ethicon, Inc.; and (iv) in anticipation of a motion for sanctions and attorneys' fees. Dkt. No. 94.

WHEREAS, on October 30, 2020, Plaintiff filed a responsive letter to Defendants' pre-motion letter at Docket No. 94. Dkt. No. 98.

WHEREAS, "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness. A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Pegaso Dev. Inc. v. Moriah Educ. Mgmt. LP, et al.*, No. 19 Civ. 7787, 2020 WL 6323639 (S.D.N.Y. Oct. 28, 2020) (internal citations and quotation marks omitted). It is hereby

**ORDERED** that, by **November 12, 2020**, the parties shall meet and confer (i) to discuss and attempt to resolve any disputes regarding each specific request to admit that Defendants contend is improper, unreasonably cumulative or not proportional to the needs of the case, and (ii) the scope of Plaintiff's 30(b)(6) notice regarding IT issues and shall file a joint letter (i) identifying the requests to admit about which there remains a dispute after the meet and confer

and (ii) outlining any remaining issues related to the scope of Plaintiff's 30(b)(6) notice regarding IT issues.  It is further

**ORDERED** that, Defendants' request for a protective order relieving them of the obligation of responding to Plaintiff's First 30(b)(6) Notice regarding the substance of records is construed as a motion to quash and such motion is **GRANTED** on the grounds that prior to the October 8, 2020, Order (Dkt. No. 81), Plaintiff indicated that it only intended to depose two 30(b)(6) witnesses -- a 30(b)(6) witness on IT issues and a 30(b)(6) witness on policies and procedures;  Plaintiff can obtain this information through the depositions of other fact witnesses; and the deposition of a 30(b)(6) witness covering the substance of records is cumulative and not proportional to the needs of this case.  It is further

**ORDERED** that, Defendants' pre-motion letter in anticipation of a motion to quash Plaintiff's Amended Subpoena to Testify and Duces Tecum served on Ethicon, Inc., is **DENIED** on the ground Defendants lack standing to challenge the subpoena served on non-party Ethicon, Inc.

The Clerk of Court is respectfully directed to close the motion at Docket No. 94.

Dated: November 2, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**