```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SCOTT POWERS,                                                 :
                              Plaintiff,                      :
                                                              :        20 Civ. 2625 (LGS)
-against-                                                     :
                                                              :        ORDER
MEMORIAL SLOAN KETTERING CANCER                               :
CENTER, et al.,                                               :
                              Defendants.                     :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 26, 2020, Defendants filed a pre-motion letter requesting, among other things, a protective order relieving Defendants of the obligation of responding to (i) Plaintiff's requests to admit pursuant to Federal Rule of Civil Procedure 36, and (ii) Plaintiff's Fourth Amended 30(b)(6) Notice, dated October 23, 2020, regarding IT issues. Dkt. No. 94.

WHEREAS, on October 30, 2020, Plaintiff filed a responsive letter to Defendants' pre-motion letter at Docket No. 94. Dkt. No. 98.

WHEREAS, on November 2, 2020, the Court issued an Order directing the parties to meet and confer (i) to discuss and attempt to resolve any disputes regarding each specific request to admit that Defendants contend is improper, unreasonably cumulative or not proportional to the needs of the case, and (ii) the scope of Plaintiff's 30(b)(6) notice regarding IT issues, and to file a joint letter (i) identifying the requests to admit about which there remains a dispute after the meet and confer and (ii) outlining any remaining issues related to the scope of Plaintiff's 30(b)(6) notice regarding IT issues. Dkt. No. 100.

WHEREAS, on November 12, 2020, the parties jointly filed a letter pursuant to the Court's November 2, 2020, Order at Docket No. 100, which narrowed the scope of parties' disputes regarding Plaintiff's requests to admit to 1 through 44, and the scope of Plaintiff's 30(b)(6) IT witness deposition to two issues: (i) software running on the ablation machine and (ii) methods of search for responses to

requests for production 1 through 64.  Dkt. No. 106.

WHEREAS, when a party seeks "discovery on discovery," that party "must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*."  *Grant v. Witherspoon*, No. 19 Civ. 2460, 2019 WL 7067088, at *3 (S.D.N.Y. Dec. 23, 2019) (internal citations and quotation marks omitted); *see also Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *2-3 (S.D.N.Y. July 25, 2014) (denying plaintiffs' request to compel defendants to produce reports regarding electronic document searches because plaintiffs "ha[d] not proffered an adequate factual basis for their belief that the current production [wa]s deficient"), adhered to on reconsideration, 2014 WL 4547039 (S.D.N.Y. Sept 12, 2014).

WHEREAS, Plaintiff's requests to admit 1 through 44 all relate to the ablation machine and the information collected by and exported from the ablation machine.  Dkt. No. 94-1.

WHEREAS, Exhibit A to the November 12, 2020, joint letter at Docket No. 106 is a November 5, 2020, letter signed by Defendants' counsel and addressed to Plaintiff's counsel, that indicates:

- "Certain data is temporarily displayed on the ablation machine's screen during a procedure."
- "Defendants do not export any procedure information from the ablation machine."
- "Defendants did not retain any procedure information from the ablation machine, except for the information that is contained in the medical record regarding [Ms. Zak's ablation procedure]."  Dkt. No. 106.

WHEREAS, the November 12, 2020, joint letter at Docket No. 106 raises new disputes including a dispute regarding whether Plaintiff is obligated to pay for a video copy for Defendants of any deposition for which Plaintiff designates video-recording as the means of recording testimony.

WHEREAS, pursuant to Federal Rule of Civil Procedure 30, "[t]he party who notices the

deposition must state in the notice the method for recording the testimony.  Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means.  The noticing party bears the recording costs . . . . With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice.  That party bears the expense of the additional record or transcript unless the court orders otherwise." Fed. R. Civ. P. 30(b)(3)(A)-(B).  It is hereby

**ORDERED** that Defendants' request for a protective order relieving them of the obligation of responding to Plaintiff's requests to admit 1 through 44, is construed as a motion to quash and such motion is **GRANTED in part** on the grounds that Plaintiff's requests to admit 1 through 44 are unreasonably cumulative and disproportionate to the needs of the case.  Plaintiff shall narrow his requests to admit 1 through 44 to ten requests with no subparts.  It is further

**ORDERED** that Defendants' request at Docket No. 94, for a protective order relieving them of the obligation of responding to Plaintiff's Fourth Amended 30(b)(6) Notice, dated October 23, 2020, regarding IT issues, and Defendants' portions of the November 12, 2020, joint letter at Docket No. 106, are together construed as a motion to quash the portions of Plaintiff's 30(b)(6) notice related to (i) software running on the ablation machine and (ii) methods of search for responses to requests for production 1 through 64.  It is further

**ORDERED** that Defendants' request to quash portions of Plaintiff's 30(b)(6) notice related to software running on the ablation machine is **GRANTED** on the grounds that such information is publicly available; can be obtained through other discovery devices including Plaintiff's subpoena issued to Ethicon, Inc., as well as depositions of other fact witnesses; and is unreasonably cumulative and not proportional to the needs of this case.  It is further

**ORDERED** that Defendants' request to quash portions of Plaintiff's 30(b)(6) notice related to methods of search for responses to requests for production 1 through 64 is **GRANTED** on the grounds

that Plaintiff has "not proffered an adequate factual basis for [his] belief that the current production is deficient," *Freedman*, 2014 WL 3767034 at *2-3, and such discovery would be unreasonably burdensome and not proportional to the needs of this case.  It is further

**ORDERED** that the parties shall bear the costs of their own copies of any video-recorded deposition.  The party designating video-recording as the method for recording a deposition, shall otherwise bear any other costs associated with videography.  It is further

**ORDERED** that the parties shall meet and confer and file any pre-motion letters regarding remaining disputes, as well as any motions for clarification or reconsideration by **November 20, 2020**.

Dated: November 14, 2020
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**LORNA G. SCHOFIELD**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**