UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    SCOTT POWERS,
                              Plaintiff,

                                            20 Civ. 2625 (LGS)
    -against-

                                            ORDER
    MEMORIAL SLOAN KETTERING CANCER
    CENTER, et al.,
                              Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on September 28, 2020, Defendants filed a pre-motion letter requesting a conference regarding the scope of testimony of treating physicians during depositions and the appropriate expert witness disclosures pursuant to Federal Rule of Civil Procedure 26 (dkt. No. 60) and, on September 30, 2020, Plaintiff filed a responsive letter (dkt. No. 64; *see also* dkt. No. 63).

       WHEREAS, on October 2, 2020, the parties filed a joint letter outlining their positions as to the scope of testimony of treating physicians during depositions and the appropriate expert witness disclosures pursuant to Federal Rule of Civil Procedure 26. Dkt. No. 73.

       WHEREAS, on October 8, 2020, the Court issued an Order denying Defendants' request to limit the scope of the depositions of treating physicians; directing that "*prior to deposing Ms. Zak's treating physicians*, Plaintiff is not required to provide expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)"; and further directing that "[t]o the extent that Plaintiff intends to rely upon a treating physician at trial, for testimony beyond what he or she observed as a fact witness during the course of treatment of Ms. Zak, Plaintiff shall, *within two weeks* of the deposition of that treating physician, provide supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)." Dkt. No. 81 (emphasis added).

       WHEREAS, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's

determination of the original motion." Local Civ. R. 6.3.

WHEREAS, no such motion for reconsideration of the Court's October 8, 2020, Order at Docket No. 81 was timely filed.

WHEREAS, "a party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

WHEREAS, on November 9, 2020, because Judge Schofield was presiding over a trial in a separate matter, the Court issued an Order of Reference to a Magistrate Judge, referring any disputes related to the deposition scheduled for November 9, 2020, at 2:00 p.m., to Judge Fox. Dkt. No. 101.

WHEREAS, on November 9, 2020, the parties conducted a deposition of treating physician Dr. Ronald DeMatteo, during which Judge Fox ruled that Dr. DeMatteo "can testify about his opinion derived based upon his treatment, examination of the patient. If the witness is going to go beyond that and render opinions beyond that based on other sources other than his own observations while treating, examining the patient, that he cannot do." Dkt. 110, Exhibit A, Dep. Tr. 30:22-31:5.

WHEREAS, during the course of the November 9, 2020, deposition of Dr. DeMatteo, Defendants objected to questions that requested information beyond Dr. DeMatteo's observations during the course of treatment of Ms. Zak. *See* Dkt. 110.

WHEREAS, on November 17, 2020, the Court issued an Order closing the Order of Reference to a Magistrate Judge. Dkt. No. 109.

WHEREAS, on November 17, 2020, Plaintiff filed a pre-motion letter, requesting that the Court (1) overrule Defendants' objections, (2) order that testimony proceed unimpeded and (3) order that Dr. DeMatteo may testify as to his professional opinions regarding the matters at issue in this case. Dkt. No. 110. Plaintiff's letter indicates that "Counsel for Dr. DeMatteo acknowledged that Defendant Memorial Sloan Kettering arranged for Dr. DeMatteo's counsel

and is paying his legal fees," and further, that "Memorial Sloan Kettering instructed Dr. DeMatteo not to communicate with Plaintiff's counsel prior to his deposition." *Id*.

WHEREAS, on November 17, 2020, Defendants filed a responsive letter to Plaintiff's November 17, 2020, pre-motion letter at Docket No. 110.  Dkt. No. 111.  The letter does not contest Plaintiff's assertions that Defendant Memorial Sloan Kettering is paying Dr. DeMatteo's legal fees and instructed Dr. DeMatteo not to communicate with Plaintiff's counsel prior to his deposition.  It is hereby

**ORDERED** that to the extent Defendants' objections are based on Judge Fox's ruling that Dr. DeMatteo was limited to testimony "based upon his treatment, examination of the patient," they are **OVERRULED**.  Pursuant to the Court's October 8, 2020, Order at Docket No. 81, Plaintiff was not required to serve expert disclosures pursuant to Rule 26(a)(2)(B), prior to deposing Dr. DeMatteo, and instead, may serve any necessary Rule 26(a)(2)(B) disclosures within the two weeks following his depositions.  Without access to Dr. DeMatteo, Plaintiff was unable to assess the scope of Dr. DeMatteo's testimony in advance of the deposition.  Further, pursuant to the Court's October 8, 2020, Order at Docket No. 81, Dr. DeMatteo's testimony is not limited to observations from the treatment of Ms. Zak and he may testify regarding his professional opinions regarding the matters at issue in this case.  It is further

**ORDERED**, that that Dr. DeMatteo's deposition shall proceed.  Defendants may preserve their objections on the record but shall not impede Dr. DeMatteo's testimony.

Dated: November 19, 2020
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**