```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SCOTT POWERS,                                               :
                            Plaintiff,                      :
                                                            :        20 Civ. 2625 (LGS)
       -against-                                            :
                                                            :               ORDER
MEMORIAL SLOAN KETTERING CANCER                             :
CENTER, et al.,                                             :
                            Defendants.                     :
----------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on November 20, 2020, Defendants filed a pre-motion letter requesting that the court "limit the extent of fact depositions on the issue of liability," and "preclude any of Ms. Zak's family members/friends who have not been deposed from testifying at trial on the issue of liability."  Dkt. No. 117.

WHEREAS, on November 20, 2020, Plaintiff filed four pre-motion letters:  one regarding Defendants' reliance on the medical peer review privilege and in anticipation of a motion to compel audit trails for seven medical records (Dkt. No. 118); one in anticipation of a motion to compel "the metadata and audit trails related to [Ms. Zak's] alleged consent to the ablation procedure," (Dkt. No. 119); one regarding Memorial Sloan Kettering's alleged "failure to prepare a 30(b)(6) witness," (Dkt. No. 120); and one regarding the rescheduling of certain depositions and requesting an extension of fact discovery (Dkt. No. 122).  It is hereby

**ORDERED** that, on **November 30, 2020**, Plaintiff shall file a responsive letter to Defendants' November 20, 2020, pre-motion letter at Docket No. 117.  It is further

**ORDERED** that, on **November 30, 2020**, Defendants shall file a responsive letter to Plaintiff's November 20, 2020, pre-motion letters at Docket Nos. 118, 119, 120 and 122.

The parties are reminded that pursuant to Individual Rule III.C.3, "[a]ny party wishing to

raise a discovery dispute with the Court first shall confer *in good faith* with the opposing party, in person or by telephone, in an effort to resolve the dispute."

Dated: November 23, 2020
      New York, New York

                                   **LORNA G. SCHOFIELD**
                                  **UNITED STATES DISTRICT JUDGE**