UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SCOTT POWERS,                                               :
                              Plaintiff,                    :
                                                            :        20 Civ. 2625 (LGS)
-against-                                                   :
                                                            :              ORDER
MEMORIAL SLOAN KETTERING CANCER                             :
CENTER, et al.,                                             :
                              Defendants.                   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

## I. Extension of Fact Discovery

WHEREAS, pursuant to the Civil Case Management Plan and Scheduling Order, the deadline for the completion of all fact discovery was September 25, 2020, (Dkt. No. 31), but on October 8, 2020, the Court issued an Order extending the deadline for the completion of all fact discovery to November 25, 2020. Dkt. No. 81; *see also* Dkt. No. 86.

WHEREAS, on November 20, 2020, Plaintiff filed a pre-motion letter requesting to extend the deadline to complete all fact discovery to December 20, 2020, to complete the deposition of Dr. Ronald DeMatteo and conduct the deposition of Dr. Nancy Kemeny (Dkt. No. 122), and on November 25, 2020, Defendants filed a responsive letter (Dkt. No. 133).

WHEREAS, on November 20, 2020, Plaintiff filed a pre-motion letter requesting that the Court order Defendant Memorial Sloan Kettering to produce a new 30(b)(6) witness prepared to testify to certain IT matters (Dkt. No. 120), and on November 23, 2020, Defendants filed a responsive letter (Dkt. No. 125). Both letters include citations and in some cases quotations from a deposition transcript.

WHEREAS, on November 25, 2020, Plaintiff filed a pre-motion letter requesting leave to reschedule the deposition of Dr. Constantinos Sofocleous for a date after the close of fact

discovery because lead counsel for Plaintiff "fell ill overnight before [November 23, 2020,] the day the deposition was to proceed," (Dkt. No. 133), and on November 30, 2020, Defendants filed a responsive letter (Dkt. No. 137).

WHEREAS, on November 19, 2020, the Court issued an Order that the deposition of Dr. Ronald DeMatteo proceed.  Dkt. No. 116.

WHEREAS, on November 25, 2020, Plaintiff filed a pre-motion letter seeking an extension of the deadline to complete third-party discovery from Ethicon, Inc. ("Ethicon").  Dkt. No. 134; *see also* Dkt. No. 139.  For substantially the reasons stated in Plaintiff's pre-motion letters at Docket Nos. 122 and 133, it is hereby

**ORDERED** that Plaintiff's November 20, 2020, and November 25, 2020, requests to take the depositions of Dr. Nancy Kemeny and Dr. Constantinos Sofocleous respectively, are **GRANTED**.  It is further

**ORDERED** that by **December 7, 2020**, Defendants shall file as an attachment to a letter, a copy of the deposition transcript referenced in their November 23, 2020, responsive letter at Docket No. 125.  The Court will issue a decision on the parties' papers at Docket Nos. 120 and 125, after reviewing the deposition transcript.  It is further

**ORDERED** that by **December 14, 2020**, Plaintiff and Ethicon shall meet and confer to attempt to resolve any issues and shall file a joint letter either stating that they have reached an agreement or stating their respective positions.  It is further

**ORDERED** that a pre-motion conference, which counsel for Ethicon shall attend, will be held on **December 17, 2020 at 10:40 a.m.**  The conference will be telephonic and will occur on the following conference line:  888-363-4749, access code: 5583333.  The time of the conference is approximate, but the parties shall be prepared to begin at the scheduled time.  The conference

will be cancelled in the event that Plaintiff and Ethicon have reached an agreement.  It is further

**ORDERED** that by **December 7, 2020**, Plaintiff shall serve a copy of this Order on Ethicon.  It is further

**ORDERED** that Plaintiff's November 25, 2020, request for an extension of the deadline to complete third-party discovery from Ethicon is **GRANTED** and Plaintiff's November 20, 2020, request for an extension of the deadline to complete fact discovery is **GRANTED** in part. The deadline for the completion of fact discovery is extended to **December 20, 2020**, solely for the purposes of completing the deposition of Dr. Ronald DeMatteo; conducting the depositions of Dr. Nancy Kemeny and Dr. Constantinos Sofocleous; and completing third-party discovery from Ethicon.

## II.     Assertions of Privilege

WHEREAS, on November 20, 2020, Plaintiff filed a pre-motion letter asserting that Defendants have not properly asserted medical peer review privilege and specifically challenging a withheld e-mail authored by Dr. Sofocleous, addressed to "Jorge Capote, Senior Director of Patient Relations, and the 'Legal Department,'" (Dkt. No. 118), and on November 30, 2020, Defendants filed a responsive letter (Dkt. No. 136).  Defendants' responsive letter (i) clarifies that with respect to the referenced e-mail authored by Dr. Sofocleous, Defendants sought to invoke the attorney-client privilege and (ii) states that "there is no express statement in the affidavit that Memorial's Quality Assurance Committee was not convened as part of a hospital-wide plan to improve quality assurance."  Dkt. No. 136.

WHEREAS, New York's medical peer review privilege "protects evaluations of individual physicians, not hospital-wide plans to improve quality and prevent malpractice." *Aldridge, et al. v. Brodman, et al.*, 854 N.Y.S.2d 618, 621 (4th Dep't 2008).

WHEREAS, on October 8, 2020, the Court issued an Order directing Defendants to support their assertion of New York's peer review privilege by filing an affidavit indicating (1) whether Defendants have an official review procedure in place, and if so, providing a description of the procedure, (2) whether withheld statements or reports were made during a review procedure and (3) whether the review procedure was conducted as part of the evaluation of an individual physician.  Dkt. No. 81.  It is hereby

**ORDERED** that, by **December 7, 2020**, Defendants shall file a supplemental affidavit clarifying whether withheld e-mails were part of the formal review process of Dr. Sofocleous and whether the Quality Assurance review was or was not conducted as part of a hospital-wide plan to improve quality and prevent malpractice.  It is further

**ORDERED** that by **December 7, 2020**, Defendants shall file *in camera* and under seal as an attachment to a publicly filed letter, and submit by e-mail a courtesy copy to chambers, a copy of the withheld e-mail authored by Dr. Sofocleous, addressed to "Jorge Capote, Senior Director of Patient Relations, and the 'Legal Department'" for *in camera* review.

### III. Metadata and Audit Trails

WHEREAS, Plaintiff's November 20, 2020, pre-motion letter at Docket No. 118 is also in anticipation of a motion to compel Defendants to produce documents in response to "his requests for production nos. 58-64 requesting the audit trails and metadata for only seven medical records," and Defendants' responsive letter at Docket No. 136 addresses this issue.

WHEREAS, on November 20, 2020, Plaintiff filed a pre-motion letter in anticipation of a motion to compel certain metadata and audit trails related to Ms. Zak's consent visits on March 22, 2017, and April 10, 2017, (Dkt. No. 119), and on November 23, 2020, Defendants filed a responsive letter (Dkt. No. 124).

WHEREAS, on May 28, 2020, the Court issued an Order allowing discovery of metadata related to the particular electronic medical record of Ms. Zak's consent to the ablation procedure. Dkt. No. 30.

WHEREAS, the Court's October 8, 2020, Order denied Plaintiff's motion to compel Defendant Memorial Sloan Kettering to produce audit trails and other metadata regarding the creation, retrieval, update and destruction of Erika Zak's electronic medical records as untimely and not proportional to the needs of the case. Dkt. No. 81. It is hereby

**ORDERED** that Plaintiff's November 20, 2020, pre-motion letter at Docket No. 118 is construed as a motion to compel, and such motion is **DENIED** pursuant to the Court's prior October 8, 2020, Order at Docket No. 81, and as untimely and not proportional to the needs of the case. It is further

**ORDERED** that Plaintiff's November 20, 2020, pre-motion letter at Docket No. 119 is construed as a motion to compel, and for substantially the reasons stated in Defendants' responsive letter at Docket No. 124, such motion is **DENIED**.

### IV. Supplemental Responses to Discovery Requests

WHEREAS, on November 25, 2020, Plaintiff filed a pre-motion letter in anticipation of a motion to compel Defendants to supplement responses to certain discovery requests (Dkt No. 135), and on December 1, 2020, Defendants filed a responsive letter. It is hereby

**ORDERED** that Plaintiff's November 25, 2020, pre-motion letter is construed as a motion to compel and such motion is **DENIED** as untimely and not proportional to the needs of the case.

### V. HIPAA Compliant Authorization to Inspect Pathology Specimens

WHEREAS, on November 23, 2020, Defendants filed a pre-motion letter in anticipation

of a motion to compel Plaintiff to produce a "HIPAA compliant authorization allowing Defendants' counsel and their experts to inspect the original pathology specimens and/or obtain recuts of pathology specimens from Erika Zak's April 10, 2014 liver biopsy at CPMC Sutter Health," (Dkt. No. 127), and on November 30, 2020, Plaintiff filed a responsive letter (Dkt. No. 140).

WHEREAS, the Court's October 8, 2020, Order directed Plaintiff to provide Defendants with the necessary authorizations to inspect the original pathology slides and/or obtain re-cuts of the pathology specimens from Ms. Zak's liver ablation procedure on August 22, 2019, at Cleveland Clinic.  Dkt. No. 81.  It is hereby

**ORDERED** that Defendants' November 23, 2020, pre-motion letter at Docket No. 127 is construed as a motion to compel and such motion is **DENIED** on grounds that it is untimely -- filed two days before the close of fact discovery and nearly two months after the Court considered a request for a similar authorization -- and, for substantially the reasons stated in Plaintiff's responsive letter at Docket No. 140, not proportional to the needs of the case.

### VI.    Timing of Filings

WHEREAS, Defendants' November 23, 2020, pre-motion letter at Docket No. 127 also requested that the Court "direct that any future filings be filed no later than 5:00 p.m. EST on the date due."

WHEREAS, pursuant to Section 3.3 of the Electronic Case Filing Rules & Instructions of the United States District Court for the Southern District of New York, "[e]lectronic filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day."  It is hereby

**ORDERED** that Defendants' request that the Court "direct that any future filings be filed

no later than 5:00 p.m. EST on the date due," is **DENIED**.

### VII.  Witnesses Testifying on the Issue of Liability

WHEREAS, on November 20, 2020, Defendants filed a pre-motion letter requesting that the Court preclude 7 family members / friends who have not been deposed from testifying at trial on the issue of liability (Dkt. No. 117), and on November 30, 2020, Plaintiff filed a responsive letter (Dkt. No. 138).  It is hereby

**ORDERED** that Defendants' request to preclude the 7 family members / friends who have not been deposed from testifying at trial on the issue of liability is **DENIED** without prejudice to renewal as a motion in limine, in the event that Plaintiff identifies any of these individuals as a trial witness.

The Clerk of Court is respectfully requested to close the motions at Docket Nos. 117, 119, 122, 127, 133 and 135.

Dated: December 4, 2020
 New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**