UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                   :

SCOTT POWERS,                                         :
                                     Plaintiff,    :
                                                             :          20 Civ. 2625 (LGS)
-against-                                              :
                                                             :               <u>ORDER</u>
MEMORIAL SLOAN KETTERING CANCER  :
CENTER, et al.,                                    :
                                     Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

### I.      30(b)(6) Deposition

WHEREAS, on November 20, 2020, Plaintiff filed a pre-motion letter requesting to extend the deadline to complete all fact discovery to December 20, 2020, to complete certain depositions, including the deposition of Defendant Memorial Sloan Kettering's 30(b)(6) witness (Dkt. No. 122), and on November 25, 2020, Defendants filed a responsive letter (Dkt. No. 133).

WHEREAS, on November 20, 2020, Plaintiff filed a pre-motion letter requesting that the Court order Defendant Memorial Sloan Kettering to produce a new 30(b)(6) witness prepared to testify to certain IT matters (Dkt. No. 120), and on November 23, 2020, Defendants filed a responsive letter (Dkt. No. 125). Both letters include citations and in some cases quotations from a deposition transcript (the "Transcript").

WHEREAS, on December 4, 2020, the Court issued an Order directing Defendants to e-mail to chambers, copying Plaintiff, a copy of the Transcript (Dkt. No. 142), and on the same day, Defendants filed a copy of the Transcript (Dkt. No. 143).

WHEREAS, "[u]nder Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject. To satisfy Rule 30(b)(6), the corporate deponent has an affirmative

duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal citations and quotation marks omitted); *accord Rouviere, et al. v. Depuy Orthopaedics, Inc. et al.*, No. 18 Civ. 4814, 2020 WL 2999229, at *1 (S.D.N.Y. June 3, 2020). "As with other types of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 -- deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity." *Jenkins v. XpresSpa Grp., Inc.*, No. 19 Civ. 1774, 2020 WL 1644012, at *3 (S.D.N.Y. Apr. 2, 2020).  It is hereby

**ORDERED** that Plaintiff's request to conduct an additional 30(b)(6) deposition is **DENIED**.  Plaintiff's counsel questioned Memorial Sloan Kettering's 30(b)(6) witness for over six hours and she was sufficiently prepared to testify to IT matters.  An additional deposition of a Memorial Sloan Kettering 30(b)(6) witness would be disproportionate to the needs of the case.

### II.     Privilege

WHEREAS, on November 20, 2020, Plaintiff filed a pre-motion letter in anticipation of a motion to compel documents for which Plaintiff contended Defendants improperly asserted certain privileges.  Dkt. No. 118.  The pre-motion letter specifically identifies a withheld e-mail authored by Dr. Sofocleous, addressed to "Jorge Capote, Senior Director of Patient Relations, and the 'Legal Department'" (the "E-mail").

WHEREAS, on November 30, 2020, Defendants filed a responsive letter, clarifying that with respect to the E-mail, they sought to invoke the attorney-client privilege -- not New York's medical peer review privilege.  Dkt. No. 136.

WHEREAS, the Court's December 4, 2020, Order directed Defendants to file *in camera*

and under seal as an attachment to a publicly filed letter, and submit by e-mail to chambers a courtesy copy of the E-mail for *in camera* review (Dkt. No. 142), and on December 7, 2020, Defendants submitted a copy of the E-mail (Dkt. No. 145).

WHEREAS, "[t]he attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance. The privilege functions to encourage attorneys and their clients to communicate fully and frankly and thereby to promote broader public interests in the observance of law and administration of justice." *Am. Civil Liberties Union v. Nat'l Sec. Agency*, 925 F.3d 576, 589 (2d Cir. 2019). It is hereby

**ORDERED** that Plaintiff's November 20, 2020, pre-motion letter is construed as a motion to compel, and such motion is **DENIED**. Defendants have properly invoked the attorney-client privilege protecting the E-mail from disclosure.

Dated: December 11, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**