

December 17, 2020

VIA ECF FILING ONLY
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

**Re:**   *Powers v. Memorial Sloan Kettering Cancer Center*, et al. Docket No. 1:20-cv-02625: Plaintiff's Pre-Motion Conference Letter on Late Disclosures

Dear Judge Schofield:

Pursuant to this Court's Individual Rules, Plaintiff files this pre-motion conference letter regarding an amended disclosure statement served upon Plaintiff by Defendants on December 15, 2020. This amendment added a witness to Defendants list of persons with knowledge who was not previously disclosed. Plaintiff respectfully requests that Defendants be precluded from presenting this witness, or in the alternative, that fact discovery be reopened to allow Plaintiff to depose this witness with costs associated with this motion and deposition taxed against Defendants.

Defendant Memorial Sloan Kettering (MSK)'s knowledge, policies, and actions surrounding the data from the ablation machine that was used and collected by MSK, or which MSK failed to preserve, are central to this case. Plaintiff sought this information through every available discovery device and Defendants objected at every turn to prevent Plaintiff from acquiring this information. Plaintiff sought this information through admissions and Defendants refused to respond. [Doc. 94]. Even when the Court's Order [Doc. 108] allowed Plaintiff to request ten admissions from MSK, their December 15, 2020 response refused to answer many of the requests related to the ablation machine. Plaintiff sought this information through interrogatories and Defendants refused to respond. [Doc. 80]. Plaintiff sought this information through requests for production of metadata and audit trials, and inspection of the machine itself, and Defendants refused. [Doc. 80]. Defendants even refused to supplement with the model year upon notice by Plaintiff that their response in identifying the machine used was deficient. [Doc. 135].

Plaintiffs fought to get MSK to produce a witness to discuss matters related to the ablation machine used in the procedure at issue. [Doc. 98]. Defendants repeatedly argued that all relevant information regarding the ablation machine was "not proportional to the needs of the case, information that is cumulative and duplicative to information already provided, and/or information that can be obtained during the upcoming fact depositions of Memorial's physicians." [Doc. 94]. Defendants further argued that providing a witness on "the software running on the ablation machine is not proportional to the needs of the case. This matter is also unreasonably duplicative to other discovery devices," and that this information could be gathered from Dr. Sofocleous. [Doc. 108]. Incidentally, despite MSK's repeated insistence that Plaintiff would be able to discover this information from the deposition of Dr. Sofocleous, when asked about the details of how the ablation machine software records data and confronted with important inconsistencies between the medical record and the ablation data, Dr. Sofocleous had to guess, stating "***I think the only***

*explanation I can say -- I can't understand the data very well myself to be honest. . . . I think that's the only explanation I can come up with."* See Deposition of Constantinos Sofocleous 157:2–157:20.

Now, on December 15, 2020, *after the close of fact discovery*, Defendants amended their disclosures to include a witness, an engineer named Richard W. Schefelker who is the former director of NeuWave Engineering, to testify about the ablation machine.

Counsel for Plaintiff conferred with Defense Counsel to seek a stipulation that this late disclosure will not be called to testify at trial. Defense Counsel refused. Defendants argue that Plaintiff's requested extension of fact discovery to complete the third-party discovery of Ethicon that was granted by this Court [Doc. 142] effectively extended all fact discovery related to the ablation machine. This is patently wrong. The plain language of this Court's order granted the extension of fact discovery on "in part" and specified that part to be "the deadline to complete third-party discovery *from Ethicon*." [Doc. 142] (emphasis added). Relief not requested cannot be granted. If Defendants wished to extend discovery to disclose this witness, they had every opportunity to do so. In fact, Defendants used every opportunity to prevent Plaintiff from having the information that this witness is expected to provide. Defendants disclosure of this witness after the close of fact discovery prevents Plaintiff from deposing this witness.

"A party is not excused from making its disclosures because it has not fully investigated the case." FED. R. CIV. P. 26(a)(1)(E). Defendants have no justification for failing to disclose this witness. They have known that Plaintiff sought the information regarding the ablation machine since the start of this litigation. "The purpose of Rule 37(c) is to prevent the practice of 'sandbagging' an adversary with new evidence." *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) (quoting *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)). Not only is this late disclosure an attempt to "sandbag" Plaintiff by naming a witness Defendants insist they may call at trial but whom Plaintiff cannot depose, it is especially egregious given the history of discovery disputes in this case. Plaintiff sought this information repeatedly and Defendants used every chance to be obstructionists.

Plaintiff respectfully requests that Mr. Schefelker be excluded from testifying in this case. Federal Rules of Civil Procedure Rule 26(a)(2)(A) requires that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence." Fed. R. Civ. Pro. 26(a)(2)(A). To ensure compliance, the Rules provide that "If a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1). Defendants late disclosure is not harmless but calculated to *again* preclude Plaintiff from investigating his claims related to MSK's retention, use, preservation, and destruction of vital data regarding the procedure at issue in this case, while allowing Defendants access to testimony on that very subject. This is the definition of gamesmanship and such behavior should not be tolerated by this Honorable Court. Defendants should be precluded from utilizing and presenting the testimony of Mr. Schefelker.

"Even where preclusion is not ordered under Rule 37, it is generally appropriate, at a minimum, to require a party that has not complied with its discovery obligations to pay the reasonable fees and costs incurred by the moving party in seeking disclosure and/or in seeking discovery sanctions." *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd.*, 280 F.R.D. at 157 (remarking that the Second Circuit considers the imposition of reasonable expenses and fees on the offending party as 'the mildest' of the Rule 37 sanctions (quoting *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 188 (E.D.N.Y. 2005)). If this Court does not preclude Mr. Schefelker from giving evidence in this case, Plaintiff should be allowed to depose him. In doing so, Plaintiff will incur costs that he would not have otherwise incurred and it is appropriate for this Court to shift those costs to the party at fault. *See Ritchie Risk-Linked Strategies Trading (Ir.), Ltd.*, 280 F.R.D. at 157. Thus, in the alternative to precluding Mr. Schefelker's testimony, Plaintiff requests that fact discovery be reopened to allow Plaintiff to depose Mr. Schefelker, and that the cost of making this motion and taking that deposition be taxed against Defendants.

Respectfully submitted,

Hendler Flores Law, PLLC
/s/ Scott Hendler
Scott Hendler
Counsel for Plaintiff

The application is **DENIED** without prejudice to renewal as a motion in limine, in the event that Defendants identify Mr. Schefelker as a trial witness. The parties are reminded that fact discovery closed on November 25, 2020, with four limited exceptions: (1) the parties may complete the deposition of Dr. Ronald DeMatteo, (2-3) the parties may conduct the depositions of Dr. Nancy Kemeny and Dr. Constantinos Sofocleous, and (4) Plaintiff may complete third-party discovery from Ethicon.  Dkt. No. 142

Dated: December 18, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE