

December 21, 2020

VIA ECF FILING ONLY
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

**Re:**   *Powers v. Memorial Sloan Kettering Cancer Center*, et al. Docket No. 1:20-cv-02625:
Plaintiff's Pre-Motion Conference Letter Regarding Defendants' Responses to Plaintiff's
Requests for Admissions

Dear Judge Schofield:

Plaintiff files this pre-motion conference letter pursuant to this Court's Individual Rules regarding
Defendants' responses to Plaintiff's requests for admission served on Plaintiff on December 15,
2020.

Plaintiff served his First Set of Requests for Admissions on October 16, 2020. On October 26,
2020, Defendants filed a pre-motion letter to seek a protective order from requests for admission
1–44. [Doc. 94]. This Court granted Defendants' request, in part, and ordered Plaintiff to limit his
requests for admission to ten. [Doc. 108]. In response, Plaintiff withdrew his requests for
admissions 1–36 and served his request for admission 54–55. Defendants responded to Plaintiff's
requests for admissions 37–44 and 54–55 on December 15, 2020. Defendants refused to admit or
deny Plaintiff's requests for admissions 37, 38, 41, 42, and 55, and the objections proffered by
Defendants as justification for their refusal to answer hold no weight.

First, Defendants include four so-called "general objections" in violation of the Federal Rules of Civil
Procedure. Rule 34(b)(2)(B) requires that objections be levied in response to each item with
specificity. FED. R. CIV. PRO. 34(b)(2)(B). Further, general objections fail to satisfy the
requirement to indicate to what extent an answer is being withheld on the grounds of each
objection. FED. R. CIV. PRO. 34(b)(2)(C). Thus, general objections are highly disfavored by the
Southern District of New York. *Fischer v. Forrest*, 14 Civ. 1304 (PAE) (AJP), 2017 U.S. Dist.
LEXIS 28102 at *7, 2017 WL 773694 (S.D.N.Y. February 28, 2017).

Defendants general objections are boilerplate objections that are not specific to any request.
Defendants object to the requests in that they 1. "go beyond those required or permitted under the
Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York," 2.
"fail to be simple and concise and state facts singly, so that they can easily and coherently be
admitted or denied," 3. "seek information that is not relevant to any claim or defense and/or is not
proportional to the needs of the case," and 4. "assume incorrect facts, use vague and ambiguous
terminology and are improperly or unfairly phrased." Defendants further provide the following
general statement: "In responding to these requests, Defendants do not admit, and is not asked to
admit the truth of any matter that is assumed by a request, or that they agree with any
characterization or implication set forth in the request regarding the facts for which the admission

is sought." None of these objections or the additional statement meet the Rules' specificity requirement for objections. Thus, they hold no weight and should be disregarded.

Next, even the objections proffered in response to the specific requests are meaningless boilerplate objections. *See Fisher* v. Forrest, 2017 U.S. Dist. LEXIS 28102 at *8. Defendants appear to have selected random words to complain about in objecting to the entire request as "vague and ambiguous" without articulating how or why the term is vague or ambiguous.

Request for admission 37 reads:

### REQUEST FOR ADMISSION NO. 37

Please admit or deny that the ablation machine used on Erika Zak on April 10, 2017 captured a Procedure History Report during her procedure.

and request for admission 41 reads:

### REQUEST FOR ADMISSION NO. 41

Please admit or deny that the ablation machine used on Erika Zak on April 10, 2017 captured a System Log during her procedure.

Defendants objected to both requests simply stating: "Defendants object to this Request because the word 'captured' is vague and ambiguous" and failed to provide a response. The meaning of the term "captured" in this context is plain. Merriam-Webster defines "capture" as "the act of recording in a permanent file," and the term is used no differently in these requests. *Capture*, MERRIAM-WEBSTER, available at https://www.merriam-webster.com/dictionary/capture. This is a meaningless boilerplate objection and should be overruled.

Plaintiff's request for admission 55 reads:

### REQUEST FOR ADMISSION NO. 55

Please admit or deny that after Erika's ablation procedure, you did not document all the "data related to the procedure" in her medical records.[2]

The footnote on the request defines "data related to the procedure."

[2] For reference, this request quotes Defendants' first amended response to Plaintiff's interrogatory no. 15 (served Oct. 21, 2020) which states: "Defendants also state that data related to the procedure was documented in Erika Zak's medical records maintained by Memorial."

Defendants object to this request "because 'all the data related to the procedure' is overbroad, vague, and ambiguous," again without describing how it is overbroad, vague, or ambiguous. This phrase was specifically defined as a phrase used by *Defendants*. It is inconceivable that they do not know what the phrase means, and they have failed to provide a response in bad faith. For the foregoing reasons the boilerplate objections to Plaintiff's requests for admissions 37, 41, and 55 should be disregarded, and Defendants should be ordered to respond.

Lastly, Defendants state in plain language in response to requests for admission 37, 38, 41, and 42 that they conducted a reasonable inquiry and actually found within their possession sufficient

information to answer the request. For example, in request for admission 38 Plaintiff asked Defendants to admit or deny whether the Procedure History Report captured during Ms. Zak's procedure was exportable. Defendants responded:

## RESPONSE TO REQUEST FOR ADMISSION NO. 38

Defendants are unable to admit or deny this Request without qualification and explanation for purposes of clarification. Defendants have made reasonably inquiry and according to the NeuWave Medical 2.45 GHz Ablation System User Reference Manual Software Version 2.2.X, "To send the Procedure History to a connected USB memory stick, press the Export Button."

Defendants did not claim that they lacked the requisite information to admit or deny these requests. In fact, they outlined the facts necessary to admit or deny which they discovered during their reasonable inquiry. However, they then failed to admit or deny on the basis that they would need to qualify their response or provide explanation. But Defendants failed to provide *any* response. "Where . . . issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. Furthermore, the use of only the word 'denied' is often sufficient under the rule." *Azkour v. Haouzi,* 11-CV-5780 (RJS)(KNF), 2014 U.S. Dist. LEXIS 126100 at * 25-26 (S.D.N.Y. September 9, 2014.) While only the use of the word "denied" is sufficient, the Rules require that parties respond to as much of a request as possible. Yet Defendants failed to admit or deny even with a qualification or explanation, despite having the information required to do so. Therefore, Defendants objections should be overruled. Plaintiff respectfully request that this Court order Defendants to respond to Plaintiff's requests for admission 37, 38, 41, 42, and 55.

Respectfully submitted,

Hendler Flores Law, PLLC
/s/ Scott Hendler
Scott Hendler
Counsel for Plaintiff

The Court's November 16, 2020, Order directed Plaintiff to limit his requests to admit regarding the ablation machine and the information collected by and exported from the ablation machine to ten requests with no subparts.  Dkt. 108.  Although fact discovery closed on November 25, 2020, Defendants served their responses to Plaintiff's narrowed requests on December 15, 2020, and Plaintiff has accordingly, had no timely opportunity to seek Court intervention as to the sufficiency of Defendants' responses, prior to the close of fact discovery.  Despite the November 25, 2020, fact discovery deadline, limited fact discovery for the purpose of resolving this dispute is permitted.  By **December 23, 2020**, the parties shall meet and confer to attempt to resolve this dispute; where necessary, Defendants shall seek clarification from Plaintiff of any terms Defendants deem vague or ambiguous terms.  Also by **December 23, 2020**, the parties shall jointly file a letter apprising the Court of the outcome of their discussions and outlining any remaining disputes.

So Ordered.

Dated:  December 21, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**