UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                 :

SCOTT POWERS,
                                Plaintiff,

-against-

MEMORIAL SLOAN KETTERING CANCER
CENTER, et al.,
                                Defendants.
------------------------------------------------------------X

20 Civ. 2625 (LGS)

<u>ORDER</u>

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on December 17, 2020, the parties jointly filed a letter requesting an extension of the time to complete expert discovery. The letter states that the first date on which Plaintiff's expert, Dr. Davidson, is available is February 10, 2021. Dkt. No. 151.

       WHEREAS, on December 18, 2020, the Court issued an Order extending expert discovery to February 28, 2021, and stating that "[a]bsent extraordinary circumstances, no further extensions will be granted." Dkt. No. 154.

       WHEREAS, on December 21, 2020, Defendants filed a pre-motion letter requesting that the Court provide guidance as to the order of expert depositions. Dkt. No. 158.

       WHEREAS, on December 22, 2020, the Court issued an Order directing the parties to schedule the depositions of Defendants' expert witnesses after the deposition of Dr. Davidson "[b]ecause Plaintiff bears the burden of proof and Defendants' experts may rebut testimony Plaintiff's experts provide during a deposition." Dkt. No. 160.

       WHEREAS, on December 23, 2020, Plaintiff filed a motion for reconsideration (Dkt. No. 163) and on December 24, 2020, filed a new motion for reconsideration (the "Motion"), indicating the December 23, 2020, motion for reconsideration is a "mistakenly filed [] earlier draft" (Dkt. No. 166).

       WHEREAS, the Motion contends that Defendants' December 21, 2020, pre-motion letter

misquotes the Court's December 18, 2020.  Dkt. No. 166.

WHEREAS, the disputed quotation in Defendants' December 21, 2020, pre-motion letter, is a quotation of text the Court underlined in the December 18, 2020, Order.  *See* Dkt. Nos. 154 and 158.

WHEREAS, the Motion requests a 30-day extension of the deadline to complete expert discovery, on the ground that "[i]t is unfair and unreasonable to require Plaintiffs to wait until the last eleven business days of February to complete six defense expert witness depositions that had been tendered, scheduled, noticed, and subpoenaed for deposition over a four-week period in January."  *Id*.

WHEREAS, "[a] motion for reconsideration should be granted only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Id.* (internal quotation marks omitted).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court."  *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).  It is hereby

**ORDERED** that, Plaintiff's motion for reconsideration is **DENIED**.  Defendant has not identified "an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov*, 729 F.3d at 104.  The Court issued the December 22, 2020, Order directing the parties to schedule the depositions of Defendants' expert witnesses after the deposition of Dr. Davidson "[b]ecause Plaintiff bears the burden of proof and Defendants' experts may rebut testimony Plaintiff's experts provide during a deposition."  Dkt. No. 160.  It is further

**ORDERED** that, Plaintiff's request for a 30-day extension of the time to complete expert discovery is **DENIED**.  Plaintiff has not provided a compelling reason as to why it is not possible to complete six depositions between February 11, 2021, and February 28, 2021.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 163 and 166.

Dated: December 28, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**