UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SCOTT POWERS,                                               :
                            Plaintiff,                      :
                                                            :     20 Civ. 2625 (LGS)
-against-                                                   :
                                                            :     ORDER
MEMORIAL SLOAN KETTERING CANCER                             :
CENTER, et al.,                                             :
                            Defendants.                     :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 8, 2020, the Court issued an Order denying Plaintiff's motion to compel Defendant Memorial Sloan Kettering to produce audit trails and other metadata regarding the creation, retrieval, update and destruction of Erika Zak's electronic medical records as untimely and not proportional to the needs of the case. Dkt. No. 81.

WHEREAS, on December 4, 2020, the Court issued an Order denying Plaintiff's motion to compel Defendant Memorial Sloan Kettering to produce the audit trails and metadata for seven medical records as untimely and not proportional to the needs of the case. Dkt. No. 142.

WHEREAS, on December 23, 2020, Plaintiff filed a pre-motion letter in anticipation of a motion to compel Defendants to produce the view audit trails and access logs for Ms. Zak's electronic medical and health records on the ground that Defendants allegedly used these records to impeach Dr. DeMatteo. Dkt. No. 162.

WHEREAS, on December 24, 2020, Defendants filed a responsive letter to Plaintiff's December 23, 2020, pre-motion letter stating that "Defendants advised Plaintiff during the meet and confer that no claimed audit trails or access logs were used to question Dr. DeMatteo," and that "not one alleged audit trail or access log was shown to Dr. DeMatteo or mentioned during the examination of Dr. DeMatteo." Dkt. No. 164.

WHEREAS, "[a] motion for reconsideration should be granted only when the [party

seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018). It is hereby

**ORDERED** that, Plaintiff's pre-motion letter in anticipation of a motion to compel is construed as a motion for reconsideration of the Court's October 8, 2020, and December 4, 2020, Orders and such motion is **DENIED** on the grounds that it is untimely and does not identify any intervening change in fact or law, or any need to correct a clear error.

The Clerk of Court is respectfully directed to close the motion at Docket No. 162.

Dated: December 28, 2020
   New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**