**HENDLER|FLORES LAW**

VIA ECF FILING ONLY
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

> Defendants' pre-motion letter at Docket No. 171 is construed as a motion to exclude the four rebuttal experts for whom Plaintiff served disclosures on December 30, 2020. Such motion is **DENIED without prejudice to renewal as a motion *in limine*** prior to trial. Plaintiff is reminded that rebuttal expert testimony must be intended solely to contradict or rebut evidence on the same subject matter identified by Defendants' experts.
>
> The Clerk of Court is respectfully directed to close the motion at Docket No. 171.
>
> Dated: January 13, 2021
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**Re:** *Powers v. Memorial Sloan Kettering Cancer Center*, et al. Docket No. 1:20-cv-02625: Plaintiff's Response to Defendants' Pre-Motion Letter Regarding Disclosure of Rebuttal Experts

Dear Judge Schofield:

Pursuant to this Court's Memo Endorsement [Doc. 172], Plaintiff files this response to Defendants' pre-motion conference letter seeking exclusion of Plaintiff's rebuttal experts [Doc. 171]. For the reasons set forth below, Plaintiff respectfully requests that the Court deny the motion.

As a preliminary matter, Defendants' filed their letter without satisfying the meet and confer requirement set out in Rule III.C.3. of Your Honor's Individual Rules. The rule requires that, "Any party wishing to raise a discovery dispute with the Court first shall confer in good faith with the opposing party, ***in person or by telephone***, in an effort to resolve the dispute." (emphasis added). Defense Counsel sent a brief email with an ultimatum to withdraw the witnesses but made no effort to confer by telephone or video conference with Plaintiff's Counsel. This Court has already reminded Counsel of the need to adhere to the requirement to confer and [Doc. 128] the Court can deny the motion on this basis alone. In any event, Plaintiff's rebuttal evidence is proper and timely.

**Plaintiff's Rebuttal Experts are Proper Rebuttal Witnesses**

Plaintiff properly designated experts to provide rebuttal testimony. Rule 26 defines rebuttal experts as those whose testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." FED. R. CIV. PRO. 26 (a)(2)(D).

Defendants assert that Plaintiff's rebuttal experts are limited by what he *could* have originally disclosed. Following this reasoning, Plaintiff would have had to designate an expert in every area of medicine in which Erika Zak received treatment to anticipate the areas of expertise Defendants might designate. Defendants' argument ignores the point of rebuttal experts and is contrary to the definition provided in the Federal Rules of Civil Procedure. Proper rebuttal evidence is that which is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Defendants designated experts in areas not designated by Plaintiff and which he could not anticipate.

Plaintiff designated experts intended solely to rebut new defense theories asserted by Defendants in the disclosures of their expert witnesses. Plaintiff's original disclosures identified experts in interventional radiology and economic loss. Defendants' expert disclosures not only included two interventional radiologists in response to Plaintiff's medical experts, but added a pathologist, an

1

oncologist, a hepatologist, and a diagnostic radiologist. Defendants expanded the subject matters of expert evidence into four additional areas of expertise to support additional defense theories.

To rebut the "same subject matters identified by [Defendants]," Plaintiff timely served rebuttal disclosures for diagnostic radiologists to rebut the Defendants' diagnostic radiologist regarding Defendants' extraordinary claim that the target of the ablation was *five times* farther away from the critical structures of the liver than the evidence had established up to that point. Plaintiff also timely disclosed a hepatologist to rebut the "same subject matters identified by [Defendants']" hematologist, oncologist, and pathologist regarding the condition of Erika Zak's liver and the impact of other cancer treatment beyond the ablation had on her liver function. For instance, Plaintiff learned *for the first time*, during the deposition of Dr. Sofocleous on December 8, 2020, that Dr. Sofocleous claimed that the proximity of the cancerous lesion on Erika Zak's liver to the liver's vital structures was five times farther away than all the evidence in the case to date. It was an extraordinary claim that Plaintiff could not anticipate and was made seven weeks after Plaintiff designated his experts. Plaintiff designated rebuttal radiologists to rebut Dr. Sofocleous' claim.

Defendants' expert Dr. Fischman opined that the proximity of the ablation to adjacent vital structures was *not* contraindicated. Plaintiff's rebuttal expert diagnostic radiologists rebut this claim. Additionally, Defendants' hepatologist, pathologist, and oncologist disclosed the opinions that Erika's liver dysfunction was caused by a variety of cancer treatment *other than* the ablation procedure at issue. The testimony of Plaintiff's rebuttal hepatologist rebuts and contradicts this evidence. Plaintiff's rebuttal experts rebut the "same subject matters identified by [Defendants]" and offer appropriate rebuttal testimony to the new defenses raised by Defendants after Plaintiff designated his experts. *See Media Glow Dig., LLC v. Panasonic Corp.*, 2019 U.S. Dist. LEXIS 36087 *17–18, 2019 WL 1055527 (S.D.N.Y. March 6, 2019) (holding that when Defendant's expert opined that the product at issue "was of good quality" the rebuttal opinion that the product was "poorly designed" was a "proper expert rebuttal opinion").

**Plaintiff's Disclosure of Rebuttal Experts Was Timely**

Complying with this Court's order [Doc. 85], on October 30, 2020, Plaintiff served expert disclosures for two interventional radiologists to address the malpractice committed by Dr. Sofocleous and an economist to address economic damages. On November 30, 2020, Defendants served disclosures for *six* medical expert witnesses: in addition to designating two interventional radiologists, Defendants added an oncologist, a pathologist, a hepatologist, and a diagnostic radiologist. The Court's schedule for expert disclosures [Doc. 85] did not include a deadline for Plaintiff to designate rebuttal experts; the deadline was therefore controlled by the federal rules. Specifically, Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure states:

> (D) **Time to Disclose Expert Testimony**. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> > (ii) if the evidence is **intended solely to contradict or rebut evidence on the same subject matter identified by another party** under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

2

FED. R. CIV. PRO. 26 (a)(2)(D) (emphasis added). Plaintiff timely served disclosures for experts on December 30, 2020, thirty days after Defendants' November 30, 2020 expert disclosures. *See Camarata v. Experian Info. Sols., Inc.*, 16 Civ. 132 (AT) (HBP), 2018 U.S. Dist. LEXIS 35543 *4–5 (S.D.N.Y. March 5, 2018) (the sequence of disclosures "follows the allocation of the burden of proof at trial. The plaintiff makes the initial expert disclosures. Thereafter, defendant serves rebuttal expert disclosures. **And if the defendant's rebuttal disclosure raises new matter**, plaintiff may serve a reply expert disclosure limited to the new mater in defendant's rebuttal expert disclosure.") (citing Fed. R. Civ. P. 26(a)(2)(D)) (emphasis added).

Defendants incorrectly rely on *Arnold v. Krause, Inc.*, 232 F.R.D. 58 (W.D.N.Y. 2004). [Doc. 171] to claim that these disclosures are untimely. The *Arnold* case has nothing to do with the facts of this case. In *Arnold*, Plaintiffs' deadline for disclosure of testifying experts was September 15, 2003. *Id* at 62. The *Arnold* Plaintiffs failed to disclose their experts and filed a motion requesting an extension two months after the deadline had passed. *Id.* Thus, the *Arnold* Plaintiffs' disclosure of a *non*-rebuttal expert was already untimely when they sought an extension of time. The *Arnold* Court found that Plaintiffs' failure to meet the explicit deadline was "wholly without justification" and precluded the testimony of Plaintiffs' expert. *Id* at 68. Unlike the facts in *Arnold*, Plaintiff timely served his rebuttal experts' disclosures within 30 days of the Defendants disclosure of their experts. Defendants' Motion to Strike should be denied.

Denying Plaintiff the right to rebut the Defendants' additional areas of expert testimony will allow Defendants to assert defenses they did not disclose in time for Plaintiff to address, and which Plaintiff could not anticipate. Courts have noted how vital medical expert testimony is to proof in malpractice cases. *See Sawyer v. Dreis & Krump Mfg. Co.,* 493 N.E.2d 920, 924 (N.Y. 1986); *Bockweg v. Anderson*, 117 F.R.D. 563, 566 (M.D.N.C. 1987) (noting that liberal discovery of expert witnesses is warranted "particularly... in cases such as [medical malpractice] where the expert witnesses may likely be the crucial witnesses in the trial"). Defendants created the need for Plaintiff's rebuttal experts by disclosing four additional areas of expert testimony not designated by Plaintiff. Granting the relief sought by Defendants will impose an unfair and virtually insurmountable burden on Plaintiff; denying Plaintiff the right to challenge the Defendants' newly raised defenses may very well be dispositive in this case.

Plaintiff timely disclosed his rebuttal experts within 30 days of Defendants expert disclosures. The testimony of these rebuttal experts is vital to Plaintiff's case to rebut or contradict defenses identified by Defendants several weeks *after* the disclosure of Plaintiff's original experts. Plaintiff respectfully asks the Court to deny the Defendants' Motion to Strike Plaintiff's rebuttal experts; in the alternative, the Court should exclude all of Defendants' medical witnesses other than their interventional radiologists designated in response to Plaintiff's medical witnesses.

    Respectfully submitted,

    **Hendler Flores Law, PLLC**
    /s/ Scott Hendler
    Scott Hendler
    Counsel for Plaintiff