```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SCOTT POWERS,                                               :
                              Plaintiff,                    :
                                                            :         20 Civ. 2625 (LGS)
    -against-                                               :
                                                            :              ORDER
MEMORIAL SLOAN KETTERING CANCER                             :
CENTER, et al.,                                             :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 22, 2021, the Court issued an Order directing the parties to schedule the depositions of Defendants' expert witnesses on dates after the deposition of Plaintiff's expert witness Dr. Davidson, because Plaintiff bears the burden of proof and Defendants' experts may rebut testimony Plaintiff's experts provide during depositions. Dkt. No. 160; *see also* Dkt. No. 167.

WHEREAS, pursuant to the Second Amended Civil Case Management Plan and Scheduling Order the deadline for the completion of al expert discovery is February 28, 2021. Dkt. No. 156.

WHEREAS, the depositions of two of Plaintiff's experts -- Dr. Navuluri and Dr. DeMatteo -- have occurred. Dkt. Nos. 175 and 176.

WHEREAS, the parties scheduled Dr. Davidson's deposition for February 10, 2021, but due to a personal emergency, he was unavailable on that date and does not know when he will be available again. Dkt. Nos. 175 and 176

WHEREAS, on February 5, 2021, Defendants filed a pre-motion letter in anticipation of a motion to preclude the testimony of Dr. Davidson. In the alternative, Defendants request (1) a six-week extension of the deadline for the completion of expert discovery and (2) that Plaintiff be required to pay costs to any of Defendants' expert physicians whose depositions are rescheduled,

based on their cancellation of patients on the days for which their depositions were originally scheduled.  Dkt. No. 175.

WHEREAS, on February 5, 2021, Plaintiff filed a responsive letter to Defendants' February 5, 2021, pre-motion letter at Docket No. 175, requesting an eight-week extension of the deadline to complete all expert discovery.  Dkt. No. 176.

WHEREAS, on February 9, 2021, and February 10, 2021, the parties filed supplemental letters addressing this dispute.  Dkt. Nos. 178 and 179.

WHEREAS, pursuant to the Court's February 9, 2021, Order (Dkt. No. 177), on February 11, 2021, the parties filed a joint letter (i) providing a list of the topics on which Dr. Davidson has been retained to testify and (ii) outlining the parties' respective positions on which of those topics, if any, overlap with the testimony of Dr. Navuluri and Dr. DeMatteo.  Dkt. No. 181.  It is hereby

**ORDERED** that, Defendant's February 5, 2021, pre-motion letter is construed as a motion to preclude the expert testimony of Dr. Davidson and, in the alternative, a request for an extension of the deadline to complete all expert discovery and a motion for costs.  It is further

**ORDERED** that, Defendants' motion to preclude is **DENIED** without prejudice to renewal prior to trial.  At this stage of the proceedings it is not apparent that Dr. Davidson's expert testimony is unreasonably cumulative or duplicative; although both Dr. Navuluri and Dr. Davidson are interventional radiologists, based on the parties' pre-motion letters, Dr. Davidson seems to offer distinct insight into the degree to which alternatives to ablation may have been appropriate.  *United States v. Fell*, 531 F.3d 197, 227 (2d Cir. 2008) (finding that district court's denial of a motion to exclude expert testimony as premature where the "nature and scope" of the testimony was unclear, was "a sensible [decision] that [the Circuit court was] not inclined to second guess").  It is further

**ORDERED** that, Defendants' motion for costs is **DENIED** without prejudice to renewal after trial.  It is further

**ORDERED** that, the parties shall complete all expert discovery by **April 11, 2021**. Pursuant to the Court's Orders at Docket Nos. 160 and 167, the parties shall schedule the depositions of Defendants' experts for dates after the deposition of Dr. Davidson.  A revised Civil Case Management Plan and Schedule Order will issue separately.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 175, 176, 178 and 179.

Dated: February 12, 2021
     New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**