

901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel (512) 439-3200 • Fax (512) 439-3201

June 30, 2021

By **July 2, 2021**, Defendants shall file a responsive letter.

So Ordered.

Dated: July 1, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

*VIA ECF FILING ONLY*
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

**Re: Powers v. Memorial Sloan Kettering Cancer Center, et al. Docket No. 1:20-cv-02625: Pre-motion conference letter regarding attendance at Mediation**

Dear Judge Schofield:

I am writing to seek your assistance regarding the upcoming mediation that the parties have scheduled at the Court's direction. The parties agreed to mediate with Judge Scheindlin on July 7, 2021, in New York.

My efforts to secure the in-person attendance of Memorial Sloan Kettering's senior decision maker with ultimate settlement authority have fallen on deaf ears. It is well known that the absence of those individuals with ultimate authority to resolve a case defeats the fundamental purpose of the mediation process and allows for the kind of resistance and deniability the mediation process is designed to overcome. Meeting face-to-face ensures the decision-makers learn firsthand about the interests, concerns, and grievances of the other party and is the unique aspect of mediation that creates the greatest likelihood of resolution of the dispute.

The cost of this mediation is not insignificant. This is because the complexity of the issues and amount of material to review will require Judge Scheindlin to spend considerable time to prepare, and the cost of her time is substantial. Between her daily mediation rate, her hourly rate for preparation, and the commission that the ADR firm with whom she is affiliated charges, the parties are dividing a $26,000 mediation fee. In addition to the hard cost of the mediation itself, my client and I are traveling across the country to attend in person, and that travel alone is costing us thousands of dollars more. I consented to Judge Scheindlin as a mediator despite this cost because I recognize that her reputation for immersing herself in a subject and her gravitas and perspective are valuable for a case such as this.

Considering the investment of time and money Plaintiffs are committing to attend in person, it should not be too much to ask that Sloan Kettering's senior decision maker with ultimate authority to resolve this matter make the trip across town to do the same. The absence of that person substantially diminishes the likelihood of a resolution through this mediation process.



Because we are mediating at the Court's direction, I respectfully request that the Court order Sloan Kettering's Chief Executive Craig Thompson to attend the mediation in person. I realize he has an important job with substantial demands, but I, too, have an important job with substantial demands as far as the people I represent are concerned. This Court should insist that Sloan Kettering does the same and require its senior decision maker to participate in person.

I have made every effort to approach this process in good faith. A resolution of this matter serves a number of interests, not the least of which is the time the citizens of New York will have to serve on a jury, this Court's and its staff's time, the Defendant hospital and its doctors' time and resources, as well as the time and energy of my staff and my client's family. The absence of the individual with full settlement authority impedes the ultimate goal of mediation and devalues the time, money, and energy the Plaintiff and his counsel are devoting to this effort.

Very truly yours
**Hendler Flores Law, PLLC**

*/s/ Scott M. Hendler*
Scott M. Hendler
Counsel for Plaintiff