UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCOTT POWERS, *individually, as Representative*
*of the Estate of Erika Zak*,
                              Plaintiff,                20 Civ. 2625 (LGS)

-against-                                               ORDER

MEMORIAL SLOAN KETTERING CANCER
CENTER, et al.,
                              Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the parties were granted five extensions of discovery deadlines, and pursuant to the Fourth Amended Civil Case Management Plan and Scheduling Order, all discovery closed on April 25, 2021. Dkt. No. 190.

      WHEREAS, on May 13, 2021, a pre-motion conference was held to discuss Defendants' anticipated motion for summary judgment. Dkt. No. 206.

      WHEREAS, on June 21, 2021, Plaintiff served the Rule 26(a)(2)(b) expert disclosure of Dr. Carlos Torres. Dkt. No. 212.

      WHEREAS, on June 25, 2021, Defendants filed a pre-motion letter in anticipation of a motion to strike/preclude the expert opinion and testimony of Dr. Torres as untimely. Dkt. No. 212.

      WHEREAS, on July 1, 2021, Plaintiff filed a responsive letter (Dkt. No. 218), and Defendants filed a reply (Dkt. No. 219).

      WHEREAS, a conference was held on July 15, 2021, at which the Court heard argument on the proposed motion to strike/preclude the expert opinion and testimony of Dr. Torres.

      WHEREAS on July 15, 2021, the Court issued an Order granting Defendants' motion to strike/preclude the opinion and testimony of Dr. Torres as untimely. Dkt. No. 223.

      WHEREAS, on July 29, 2021, Plaintiff timely filed a motion for reconsideration of the

Court's Order granting Defendants' motion to strike (the "Motion").  Dkt. No. 224.

WHEREAS, "[a] motion for reconsideration should be granted only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); *accord Lewis v. Nissan N. Am. Inc.*, 4 Civ. 562, 2021 WL 807126, at *1 (S.D.N.Y. Mar. 3, 2021).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36, 52 (S.D.N.Y. June 4, 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).  It is hereby

WHEREAS, the Motion does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov*, 729 F.3d at 104.  The material facts and law raised in the Motion were before the Court in connection with Plaintiffs' motion to strike, which was granted based on an evaluation of "(1) [Plaintiff's] explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of [Dr. Torres]; (3) the prejudice

suffered by [Defendants] as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *accord Phillips v. City of Middletown*, No. 17 Civ. 5307, 2020 WL 4274077, at *3 (S.D.N.Y. July 23, 2020). "A district court has broad discretion in deciding whether good cause exists to amend [a] scheduling order and reopen discovery." *Tatintsian v. Vorotyntsev*, 16 Civ. 7203, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021).

Plaintiff has shown a complete lack of diligence and has not provided a persuasive explanation for his failure to comply with the Court's expert disclosure and discovery deadlines. The discovery schedule was governed by the Fourth Amended Civil Case Management Plan and Scheduling Order, which called for completion of all discovery by April 25, 2021. Dkt. No. 190; *see* Fed. R. Civ. P. 16 (providing that "[a] schedule may be modified only for good cause and with the judge's consent"). This deadline was the result of five prior extensions of the parties' time to complete discovery. *Id*. Plaintiff did not serve the expert disclosure of Dr. Torres until June 21, 2021, almost two months after all discovery, including expert discovery, had closed.

Plaintiff's purported reason for delay is Defendants' delay in producing (1) slides from Erika Zak's explanted liver from Cleveland Clinic (the "Cleveland Clinic Slides") and (2) slides from pathology samples of Ms. Zak's liver from Memorial Sloan Kettering (the "MSK Slides"). Dkt. No. 218. First, both sets of slides were made available to Plaintiff before the close of discovery. The Cleveland Clinic Slides -- the slides on which Dr. Torres ultimately based his expert report -- were produced to Plaintiff on March 25, 2021, (Dkt. No. 218). On April 6, 2021, Defendants offered Plaintiff the opportunity to inspect the MSK slides on-site at Memorial Sloan Kettering, and Plaintiff declined to do so. Dkt. No. 219. Second, Plaintiff did not seek an extension of the time to disclose a rebuttal expert or complete expert discovery, nor did Plaintiff ever seek to compel the production of any slides. Plaintiff also did not raise the issue of an

additional expert during the May 13, 2021, pre-motion conference before the Court.

At the time the motion to strike was granted, the Court was aware that Plaintiff intended to rely upon the expert opinion of Dr. Torres to rebut the opinion of Defendants' expert, Dr. Neil Theise, who will opine on the cause of Ms. Zak's death.  Plaintiff was made aware of Dr. Theise's potential testimony when his expert report was produced on November 30, 2020, and Plaintiff had ample opportunity to formulate a response to Dr. Theise's expert opinions before the discovery deadline in April 2021, and before Plaintiff's untimely expert disclosure of Dr. Torres in June 2021.  It is hereby

**ORDERED** that, for the foregoing reasons, the Motion (Dkt. No. 223) is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Docket No. 224.


Dated: August 9, 2021
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**