IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., a minor,**<br><br>**Plaintiff.**<br><br>**Constantinos Sofocleous and Memorial Sloan Kettering Cancer Center,**<br><br>**Defendants.** | § § § § § § § § § § § §   CIVIL ACTION NO.<br>1:20-cv-02625 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE NUMBER 1 TO EXCLUDE MENTION OF ANY COLLATERAL SOURCE OF PAYMENT

COMES NOW Plaintiff and respectfully moves this Honorable Court to enter an Order in limine to exclude mention of any collateral source of payment, including but not limited to Social Security disability benefits, Cigna disability benefits, health insurance benefits, Social Security survival benefits, and funds from any voluntary source. In support of this motion, Plaintiff states as follows:

### Statement of Relevant Facts

From 2014 to her death, Erika maintained health insurance through United Healthcare. During this same time, Erika received disability benefits from Social Security and a private insurance company—Cigna. After Erika's death, her daughter, L.P., began to receive Social Security survivor benefits. Voluntary funds were raised for Erika and for L.P. through the public fundraising website, GoFundMe. Additionally, voluntary in-kind donations were provided to Erika and her family, such as the use of a house in Cleveland and the provision of air travel or funeral expenses.

**Applicable Law**

Federal Rule of Evidence 401 provides that relevant evidence is that which has a tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Irrelevant evidence is inadmissible under Rule 402. Fed. R. Evid. 402. Rule 403 allows the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

New York Civil Practice Law and Rules Section 4545 provides that in a personal injury or wrongful death case "where the plaintiff seeks to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, evidence shall be admissible for consideration ***by the court*** to establish that any such past or future cost or expense was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source." N.Y. C.P.L.R. § 4545(a) (emphasis added). The section continues: "Any collateral source deduction required by this subdivision shall be made ***by the trial court after the rendering of the jury's verdict***." N.Y. C.P.L.R. § 4545(a) (emphasis added). Thus, "[t]he task of determining the amount, if any, that should be deducted from the plaintiff's damage award is assigned to the court alone . . . no evidence of collateral source payments should be taken in the presence of the jury." *Bey v. City of N.Y.,* No. 99 Civ. 3873, 2012 U.S. Dist. LEXIS 1743 at * 3–4, 2012 WL 34223 (S.D.N.Y. Jan. 4, 2012) (citing N.Y. C.P.L.R. § 4545 (McKinney 2007), Practice Commentary, at 811).

Additionally, Subsection 4545(b) provides that "[v]oluntary charitable contributions received by an injured party shall not be considered to be a collateral source of payment that is

admissible in evidence to reduce the amount of any award, judgment or settlement." N.Y. C.P.L.R. § 4545(b).[1]

## Argument

Voluntary charitable contributions received by an injured party are not considered to be a collateral source of payment. As such, any testimony or evidence of voluntary contributions would not make any fact of consequence more or less probable. Any mention of voluntary charitable contributions should be excluded on this ground. Further, the mere mention of such voluntary contributions would substantially prejudice the Plaintiff. Specifically, it would mislead the jury to believe incorrectly that damages for those items that were covered by or reimbursed by voluntary contributions should not be awarded to Plaintiff. Further, it would confuse the jury in their calculation of what damages should be awarded to Plaintiff for reimbursement of his costs, by introducing what damages were covered by voluntary contributions. This would be an improper calculation, as voluntary contributions are not discounted from the total damages as a collateral source under New York law. Since this evidence has no probative value, it should be excluded.

New York law provides that the calculation of any deduction for collateral sources of payment is in the sole province of the Court, and therefore evidence of collateral source should not be taken in the presence of the jury. *See* N.Y. C.P.L.R. § 4545(a); *Bey,* at *1 ("Collateral source issues will be considered after trial"). Any reference to a collateral source of payment will

---

[1] The Practice Commentary to this section explains why this subsection was amended to exclude voluntary charitable contributions from evidence at trial:

> Subdivision ([b]) was added to CPLR 4545 in 2002 in the wake of the September 11 attacks on the World Trade Center and the subsequent outpouring of generosity for the victims and their families. Subdivision ([b]) excludes charitable contributions from the definition of collateral source payments, thereby making it possible to assure potential donors that their contributions will not be used to benefit wrongdoers or insurers.

N.Y. C.P.L.R. 4545 (McKinney), Practice Commentaries, at C4545:1.

prejudice Plaintiff for substantially similar reasons as above—the jury would be misled and confused in their calculation of damages if permitted to hear evidence that any part of the damages was covered by a collateral source. Since calculation of any deduction for collateral source must be made by the Court after the jury's verdict, this evidence has no probative value in front of the jury and should be excluded.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court exclude mention of any collateral source of payment, including but not limited to Social Security disability benefits, Cigna disability benefits, Social Security survival benefits, and funds from any voluntary source, and for whatever other further relief this Court deems just and proper.

Respectfully submitted,

HENDLER FLORES LAW, PLLC

By: _____
Scott M. Hendler
shendler@hendlerlaw.com
Laura A. Goettsche
lgoettsche@hendlerlaw.com
901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: (512) 439-3200
Fax: (512) 439-3201
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record for Defendants.

_____
Scott M. Hendler

4