IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., a minor,<br><br>Plaintiff,<br><br>v.<br><br>Constantinos Sofocleous and Memorial Sloan Kettering Cancer Center,<br><br>Defendants. | CIVIL ACTION NO.<br>1:20-cv-02625 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN LIMINE NUMBER 2 TO EXCLUDE EXPERT TESTIMONY OF DEFENDANTS' PURPORTED EXPERT DR. SKYE MAYO

COMES NOW Plaintiff and respectfully moves this Honorable Court to enter an Order in limine to exclude expert testimony Defendants' purported expert Dr. Skye Mayo. In support of this motion, Plaintiff states as follows:

### Statement of Relevant Facts

On September 28, 2020, Defendants filed a pre-motion conference letter seeking to limit the scope of the treating physicians' deposition testimony. Dkt. No. 60. Defendants took issue with Plaintiff's designation of treating physicians as unretained expert witnesses under Federal Rule of Civil Procedure, Rule 26(a)(2)(C). They argued that the treating physicians' testimony was limited to "his/her personal knowledge from consultation, examination, and treatment of the Plaintiff, not from information acquired from outside sources." Dkt. No. 60.

On October 8, 2020, this Court denied Defendants' request to limit the scope of depositions of treating physicians. (Dkt. No. 81). Instead, this Court ordered that:

prior to deposing Ms. Zak's treating physicians, Plaintiff is not required to provide expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). To the extent that Plaintiff intends to rely upon a treating physician at trial, for testimony beyond what he or she observed as a fact witness during the course of treatment of Ms. Zak, Plaintiff shall, within two weeks of the deposition of that treating physician, provide supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

(Dkt. No. 81).

After this Court issued an Order of Reference to Magistrate Judge Fox (Dkt. No. 101), Defendants took it upon themselves to successfully relitigate this Court's prior ruling on the scope of expert testimony in front of Judge Fox. *See* Dkt. Nos. 107, 110. In overruling Judge Fox, who issued a ruling that limited the treating physician's testimony, this Court again made clear that a treating physician's testimony is not limited to observations from the treatment of Ms. Zak, but may contain testimony regarding their professional opinions regarding all the matters at issue in this case, ***if the party served an expert disclosure pursuant to Rule 26(a)(2)(B) within two weeks following the physician's deposition***. Dkt. No. 116.

Despite these two, clear and unambiguous rulings from this Court, Defendants have attempted to designate a treating physician, Dr. Skye Mayo, as an expert witness on matters outside his own treatment of Erika without a Rule 26(a)(2)(B) expert disclosure. This purported expert disclosure is in direct contradiction with this Court's orders and the Federal Rules. Dr. Mayo's testimony must be limited to only what he observed during the course of his own treatment of Erika Zak.

## Applicable Law

Federal Rule of Civil Procedure Rule 26(a)(2)(B) requires that a disclosure under this section "must be accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2)(B) further provides the following list of material that must be contained in such a report:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Courts in this circuit have regularly held that, "[i]n the absence of an expert report . . . the testimony of [plaintiff's] treating physicians will be limited to opinions they actually formed during the course of treating [plaintiff]." *Williams v. Regus Mgmt. Grp., LLC*, No. 10 Civ. 8987, 2012 WL 1711378, at *3 (S.D.N.Y. May 11, 2012); *Motta v. First Unum Life Ins. Co.*, No. 09 Civ. 3674, 2011 WL 4374544, at *4 (E.D.N.Y. Sept. 19, 2011). Further, Rule 16(f) of the Federal Rules of Civil Procedure authorizes a court to sanction a party who fails to comply with a scheduling order "or other pretrial order" by excluding the proffered evidence. Fed. R. Civ. P. 16(f).

## Argument

This Court ruled that a treating physician was not limited to their personal knowledge of their own treatment of Erika and was permitted to offer their professional opinion on any matter in this case ***only*** if the party tendered an expert disclosure that complied with Rule 26(a)(2)(B) within two weeks of the physician's deposition. Defendants never provided an expert report of any kind for Dr. Mayo, much less one that complies with Rule 26(a)(2)(B).

As a consequence, Dr. Mayo's testimony must be limited to his personal knowledge of his treatment of Erika and he may not testify from information he acquired outside this treatment. Several of the subject matters for which Defendants have designated Dr. Mayo do not conform with this limitation (a limitation that Defendants themselves requested), and must not be permitted.

To allow Defendants to foray into these impermissible areas with Dr. Mayo would confuse the jury and unfairly prejudice Plaintiff.

On October 22, 2020, Defendants issued an expert disclosure for Dr. Mayo, without any report. *See* Defendants' Disclosure of Expert Testimony of Dr. Skye Mayo (attached as Exhibit A). Defendants' disclosure designated Dr. Mayo as an expert who is expected to testify about multiple areas that do not relate directly to his treatment of Erika. Ex. A. Namely, Dr. Mayo is expected to provide expert testimony on the "general use of tumor boards [and] consent discussions." Ex. A. Neither of these opinions are rooted in Dr. Mayo's treatment of Ms. Zak.

Dr. Mayo was Erika's Surgical Oncologist while she was treated at Oregon Health Science University after the April 10, 2017 ablation. He certainly has personal knowledge of his treatment of Erika's complications following the ablation at issue and the subsequent course of her injury. He also has personal knowledge of Erika's cancer and response to Pembro while she was under his care. He does not, however, have personal knowledge of the "general" use of tumor boards for Erika's care at Memorial Sloan Kettering hospital (MSK) or the consent discussions Erika took part in before undergoing procedures at MSK, neither of which Dr. Mayo was involved in. Dr. Mayo may testify as to the tumor boards he participated in for Erika at his own institution (Oregon Health & Science University) and the consent discussions he undertook with Erika. But Dr. Mayo may not testify as to the other tumor boards and consent discussions that may or may not have taken place while Erika was being treated by other physicians at other institutions, as Dr. Mayo would only have acquired such information from outside sources and not his own treatment of Erika.

If Defendants sought to introduce at trial Dr. Mayo's testimony on the matters that fall outside the course of his own treatment as expert opinions, they could have complied with this

Court's ruling and issued a report that complied with Rule 26(a)(2)(B), as Plaintiff did with Erika's treating physician, Dr. Ronald DeMatteo. Instead, Defendants chose to ignore this Court's rulings for a third time and designate Dr. Mayo on impermissible subject matters without an expert report.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court exclude the expert testimony of Dr. Skye Mayo that falls outside of the scope of his own treatment of Erika and for whatever other further relief this Court deems just and proper.

Respectfully submitted,

HENDLER FLORES LAW, PLLC

By: _____

Scott M. Hendler
shendler@hendlerlaw.com
Laura A. Goettsche
lgoettsche@hendlerlaw.com
901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: (512) 439-3200
Fax: (512) 439-3201
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record for Defendants.

_____

Scott M. Hendler