**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., a minor,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Constantinos Sofocleous and Memorial Sloan Kettering Cancer Center,<br><br>　　　　　　　　Defendants. | Civil Action No.:<br>1:20-cv-02625 (LGS) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 5 TO PRECLUDE PLAINTIFF'S CUMULATIVE EXPERT TESTIMONY

Andrew S. Kaufman
Betsy D. Baydala
*Attorneys for Defendants*
120 Broadway, 14th Floor
New York, NY 10271
Telephone: (212) 980-9600
Fax: (212) 980-9291
bbaydala@kbrlaw.com
akaufman@kbrlaw.com

Defendants respectfully submit this Motion *in limine* No. 5 to preclude Plaintiff from offering duplicative expert testimony from his medical experts that is needlessly cumulative under FRE 403.

## EXHIBITS

True and correct copies of the following are annexed hereto as exhibits:

- o **Exhibit "A" –** relevant portions of Dr. Navuluri's deposition; and
- o **Exhibit "B"** – relevant portions of Dr. DeMatteo's deposition.

## RELEVANT TESTIMONY

Plaintiff disclosed two separate medical expert witnesses on the topics of standard of care, causation and damages: Dr. Rakesh Navuluri (interventional radiologist) and Dr. Ronald DeMatteo (liver surgeon).  Dr. Navuluri and Dr. DeMatteo testified on the same subjects as follows:

**A) Location of lesion at issue**[1]

Dr. Navuluri: The lesion ablated was within 4 mm of the hilum. **Exhibit "A"**, T.185:21-25.

Dr. DeMatteo: The tumor was 3-4 mm from the hilum.  **Exhibit "B"**, T.273:3-6.

**B) Whether the decision to proceed with a percutaneous ablation was appropriate**[2]

Dr. Navuluri: The location of the lesion was in an unsafe location (**Exhibit "A"**, T.178:6-25) and it was very poor judgment to proceed with the ablation (id., T.187:14-25).

Dr. DeMatteo: The lesion was considered in an unsafe location (**Exhibit "B"**, T.299:24-300:1) and it was a poor decision to proceed with the ablation (id., T.110:18-25).

---

[1] This portion of Defendants' motion is moot if the Court grants Defendants' motion *in limine* No. 3 to preclude Dr. DeMatteo from testifying about his interpretation of radiology studies as outside his area of expertise.

[2] This portion of Defendants' motion is moot if the Court grants Defendants' motion *in limine* No. 3 to precludes Dr. DeMatteo from testifying about interventional radiology standards of care as outside his area of expertise.

**C) Multidisciplinary tumor boards, Dr. Sofocleous' consent discussion and performance of the ablation**

If the Court permits certain testimony, which is at issue in Defendants' motions *in limine* No. 3 and No. 9, Drs. Navuluri and DeMatteo would be testifying on the same subjects regarding multidisciplinary tumor boards, the adequacy of Dr. Sofocleous' consent discussion with Ms. Zak on April 10, 2017, as well as Dr. Sofocleous' performance of the ablation (e.g., time, wattage, number of probes).

**D) Injuries related to the ablation**

Dr. Navuluri: Outcome of ablation was catastrophic. **Exhibit "A"**, T.181:19-22.

Dr. DeMatteo: Damage to the liver was catastrophic. **Exhibit "B"**, T.116:3-14.

**ARGUMENT**

FRE 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … needlessly presenting cumulative evidence." See Highland Capital Management, L.P. v. Schneider, 551 F.Supp.2d 173, 184 (S.D.N.Y. 2008) ("It is unnecessary and would be a waste of time for all these experts to opine on the same subjects."); Colon ex rel. Molina v. BIC USA, Inc., 199 F.Supp.2d 53, 96 (S.D.N.Y. 2001) ("Expert testimony presents no exception to this general rule.").

Here, Plaintiff's two experts, Dr. Navuluri and Dr. DeMatteo, have opined on the same subjects and offered nearly identical deposition testimony in support of Plaintiff's claims at issue. The opinion testimony Plaintiff seeks to offer at trial could be addressed by either Dr. Navuluri or Dr. DeMatteo.[3] Accordingly, Plaintiff should be precluded from offering duplicative and cumulative expert testimony at trial under FRE 403.

---

[3] Defendants respectfully submit that standard of care testimony should only be offered through Dr. Navuluri at trial. See Defendants' Motion *in limine* No. 3.

Dated: New York, New York
       August 17, 2022

                            KAUFMAN BORGEEST & RYAN LLP

*Betsy Baydala*
_____

Betsy D. Baydala
Andrew S. Kaufman
*Attorneys for Defendants*
120 Broadway, 14th Floor
New York, NY 10271
Telephone: (212) 980-9600
Fax: (212) 980-9291
bbaydala@kbrlaw.com
akaufman@kbrlaw.com

TO:    Via ECF

       Scott Hendler, Esq.
       Laura Goettsche, Esq.
       Matt Dodd, Esq.
       *Attorneys for Plaintiff*

       Hendler Flores Law, PLLC
       1301 West 25th Street, Suite 400
       Austin, Texas 78705
       shendler@hendlerlaw.com
       lgoettsche@hendlerlaw.com

       Dodd Law Firm, P.C.
       3825 Valley Commons Dr., Suite 2
       Bozeman, MT 59718
       matt@doddlawfirmpc.com