UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., a minor,<br><br>　　　　　　　　Plaintiff,<br>vs.<br>Constantinos Sofocleous, and Memorial Sloan Kettering Cancer Center,<br><br>　　　　　　　　Defendants. | Case No.:<br>1:20-cv-02625 (LGS) |

**PLAINTIFF'S PROPOSED VERDICT SHEET**

In accordance with the Court's Scheduling Order dated March 28, 2022, Plaintiff respectfully submits the following Proposed Verdict Sheet and reserves the right to submit supplemental or additional requests as may be appropriate under the evidence adduced at trial. Defendants' objections and Plaintiff's argument in support of his requests is included below. Plaintiff respectfully request this Court to charge the jury in accordance with the following:

**Medical Malpractice**

**Plaintiff's Position**

This case involved three causes of action for which the jury must answer interrogatories—medical malpractice, lack of informed consent, and wrongful death. To keep those causes of action clear, Plaintiff has included headings at the top of each page so that it is clear to the juror what causes of action the interrogatories pertain to. The headings are a useful tool, they are not argumentative, and will be useful to the jury.

**Defendants' Objections to Headings**

Defendants object to the use of headings throughout the verdict sheet. The headings are legal statements not for the jury's consideration during deliberations as the Court will have already given its instructions on the rules of law to apply. The jury's role is to answer the factual questions stated in the verdict sheet, therefore, providing legal headings is improper and should be removed.

(1) Did Dr. Sofocleous depart from the accepted medical standard of care in his treatment of Erika Zak by failing to use his best judgment when he chose to perform the ablation procedure?

        _____                  _____

        Yes                  No

At least five jurors must agree on the answer to this question.

_____       _____
_____       _____
_____       _____

(2) Did Dr. Sofocleous depart from the accepted medical standard of care in his treatment of Erika Zak by failing to use ordinary and reasonable care, diligence, or skill in the performance of the ablation?

        _____                  _____

        Yes                  No

At least five jurors must agree on the answer to this question.

_____       _____
_____       _____
_____       _____

### **Plaintiff's Position**

These two departure questions do not address a single issue. As the New York Pattern Jury Instructions clearly provide, "[e]ach claimed departure from accepted medical practice should be the subject of a separate jury question." N.Y. Pattern Jury Instruction, Vol. 1B, PJI 2:150, p. 48 (2022) (citing *Steidel v Nassau*, 182 AD2d 809, 582 NYS2d 805 (2d Dept 1992); *Davis v Caldwell,* 54 NY2d 176, 445 NYS2d 63, 429 NE2d 741 (1981); *Harris v Parwez*, 13 AD3d 675, 785 NYS2d 781 (3d Dept 2004)).

For that reason, Plaintiff charge a separate jury question for each claimed departure: that Dr. Constantinos Sofocleous committed medical malpractice by failing to use his best judgment when he proceeded with the ablation procedure; Dr. Constantinos Sofocleous committed medical malpractice by failing to use ordinary and reasonable care, diligence, or skill in the performance of the ablation; Dr. Constantinos Sofocleous committed medical malpractice by failing to use his best judgment and failed to use ordinary and reasonable care, diligence, or skill because he did not consult a multidisciplinary tumor board before deciding to proceed with an ablation of

lesions on Erika Zak's liver; Dr. Nancy Kemeny committed medical malpractice because she failed to use her best judgment when evaluating Erika Zak for immunotherapy (Pembro) and failed to use ordinary and reasonable care, diligence, or skill by failing to administer Pembro. and failed to use ordinary and reasonable care, diligence, or skill; and Dr. Nancy Kemeny committed medical malpractice because she failed to use her best judgment because she did not consult a multidisciplinary tumor board regarding the best course to treat the lesion that developed adjacent to the critical structures in Erika Zak's liver.

Each of these deviations from the standard of care must be a separate charge. The jury may decide, for example, that Dr. Sofocleous did not depart from the standard of care in the decision to proceed with the ablation, but that the performance of the ablation deviated from the accepted medical standard. These are not the same departure. They involve different time frames, different evidence, and different expert opinions. Even Defendants' summary judgment motion sought summary judgment of each of these departures separately and the Court's order denied each ground. Dkt No. 229 & 248. In the case of our stated hypothetical, the jury would answer "No" to (1), but "Yes" to (2), finding in favor of Plaintiff.

### **Defendants' Objections to (1) and (2)**

Defendants object to Plaintiff's two departure questions that address the single issue, namely, whether Dr. Sofocleous' ablation treatment was negligent.  Splitting this single departure question in two different ways is prejudicial to Defendants.  It was the performance of the ablation that allegedly caused the injuries asserted.  Therefore, only one departure question is appropriate, and Defendants respectfully refer the Court to Defendants' proposed verdict sheet for the more appropriate wording for this departure question.

(3) Did Dr. Sofocleous depart from the accepted medical standard of care in his treatment of Erika Zak by failing to act as reasonably prudent doctor would under the circumstances when he failed to consult a multi-disciplinary tumor board regarding Erika's treatment?

        \_\_\_\_\_                        \_\_\_\_\_

        Yes                          No

At least five jurors must agree on the answer to this question.

_____            _____

_____            _____

_____            _____

If your answer to question (1), (2), OR (3) is YES, proceed to question (4).

If your answer to question (1), (2), AND (3) is NO, proceed to question (5).

**Plaintiff's Position**

Plaintiff has presented evidence that Drs. Sofocleous and Kemeny deviated from the standard of care in failing to consult a multidisciplinary tumor board. Specifically, Dr. Navuluri opined that Erika Zak's case should have been presented to a multidisciplinary tumor board. And Dr. DeMatteo states that presenting Erika's case in March of 2017 would have been valuable because it would have allowed another radiologist to correct Dr. Sofocleous's miscalculation regarding the proximity of the central lesion to the hilum and to consider alternatives to the "extremely high" risk ablation.

Defendants' complaints appear to center around the fact that the words "deviation from the standard of care" were not used to describe this failure. However, no particular or special combination of words are necessary. All that is required is that the expert provides sufficient information such that the jury can infer that Defendants' conduct deviated from the requisite standard of care. *Knutson v Sand*, 282 AD2d 42, 46–47, 725 NYS2d 350 (N.Y. App. Div 2nd Dept. 2001). For further response, Plaintiff would refer this Court to his response to Defendants' Motion in Limine 9. Dkt No. 354 & 355.

If Plaintiff had not established a prima facia case, he would not have defeated summary judgment on his multidisciplinary tumor board claims. Dkt No. 229 & 248. Defendants brought a summary judgement motion seeking to dismiss this very claim. Dkt No. 229. That motion was denied by this Court because there was sufficient evidence that a jury could find for Plaintiff. Dkt No. 248. Defendant objection is an inappropriate attempt to relitigate their summary judgment motion.

**Defendants' Objections to (3)**

Defendants object to this departure question, which is the subject of Defendants' Motion *in limine* No. 9. See Docs. 305-306. In short, and as set forth more fully in Defendants' motion, there will be no evidence at trial that presenting Ms. Zak's case to a multi-disciplinary tumor board ("MDTB") was the standard of care. Moreover, there will be no expert testimony at trial that Dr. Sofocleous departed from the standard of care by not presenting Ms. Zak's case to a MDTB. Therefore, Plaintiff cannot establish a *prima facie* case to support this departure question and it should be removed from the verdict sheet. See Spagnole v. Staten Is. Univ. Hosp., 77 A.D.3d 816 (2d Dept. 2010) (affirmed declining to submit jury medical malpractice interrogatory on a theory of recovery not based on evidence adduced at trial); Marzuillo v. Isom, 227 A.D.2d 362, 363 (2d Dept. 2000) ("The court properly refused to submit interrogatories requested by the plaintiffs where the proposed theory of liability lacked supporting proof as interrogatories must be focused on claims supported by the evidence."). Contrary to Plaintiff's contention the Court did not rule on the issues of Dr. Kemeny or the MDTB when denying Defendants' motion for summary judgment.

(4) Was Dr. Sofocleous's departure from the accepted medical standard of care a substantial factor in causing Erika Zak's harm?

_____                                      _____
    Yes                                              No

At least five jurors must agree on the answer to this question.

_____              _____

_____              _____

_____              _____

### Plaintiff's Position

Plaintiff again maintains that "[e]ach claimed departure from accepted medical practice should be the subject of a separate jury question." N.Y. Pattern Jury Instruction, Vol. 1B, PJI 2:150, p. 48 (2022) (citing Steidel v Nassau, 182 AD2d 809, 582 NYS2d 805 (2d Dept 1992); Davis v Caldwell, 54 NY2d 176, 445 NYS2d 63, 429 NE2d 741 (1981); Harris v Parwez, 13 AD3d 675, 785 NYS2d 781 (3d Dept 2004)). And would refer the Court to his position in response to Defendants' objections to question (1) and (2) above.

### Defendants' Objections to (4)

Since Defendants object to the three departure questions regarding Dr. Sofocleous and propose one departure question as worded in Defendants' proposed verdict sheet, Defendants respectfully refer the Court to their question 1b) for the appropriate causation language.  Plaintiff stating a departure "from the accepted medical standard of care" is unnecessary.  Defendants' proposed language of "this departure" referring to the preceding question is more appropriate.  In addition, "harm" should be replaced with "injuries" as the appropriate language given the use of "injury" throughout the PJI.

(5) Did Dr. Kemeny depart from the accepted medical standard of care in her treatment of Erika Zak by failing to act as reasonably prudent doctor would under the circumstances when she failed to consult a multi-disciplinary tumor board regarding Erika's treatment?

_____                                      _____
    Yes                                              No

At least five jurors must agree on the answer to this question.

_____              _____

_____              _____

_____              _____

### Plaintiff's Position

Plaintiff brings this action against Defendant Memorial Sloan Kettering Cancer Center for the malpractice of their employees. This includes the medical malpractice of Dr. Nancy Kemeny. Defendants brought a motion for summary judgment seeking to dismiss Plaintiff's claims involving the failures of Dr. Kemeny and that motion was denied by this Court. Dkt No. 229 & 248. Since they did not win their summary judgment motion, Defendants now attempt to pretend that this claim, for which they sought summary judgment relief, in fact never existed. Not only has Plaintiff maintained this claim, but this Court found sufficient evidence of the claim to deny summary judgment. For further response, Plaintiff would refer this Court to his response to Defendants' Motion in Limine 7 and 9. Dkt No. 349–50, 354–55. Plaintiff further refers this Court to his response to Defendants objections section (3) above.

### Defendants' Objections to (5)

Defendants object to this departure question, which is the subject of Defendants' Motions *in limine* Nos. 7 and 9.  See Docs. 301-302 and 305-306.  First, Plaintiff did not plead any claims against Dr. Kemeny in the Complaint.  In addition, Plaintiff did not serve any expert disclosures regarding Dr. Kemeny's care and treatment; there will be no expert testimony at trial that Dr. Kemeny departed from the standard of care.  Moreover, as stated above, there will be no evidence at trial that presenting Ms. Zak's case to a MDTB was the standard of care.  There will also be no expert testimony at trial that Dr. Kemeny departed from the standard of care by not presenting Ms. Zak's case to a MDTB.  Accordingly, Plaintiff cannot establish a *prima facie* case against Dr. Kemeny and her name, including this departure question, should be removed from the verdict sheet.  See Spagnole v. Staten Is. Univ. Hosp., 77 A.D.3d 816 (2d Dept. 2010); Marzuillo v. Isom, 227 A.D.2d 362, 363 (2d Dept. 2000).  Contrary to Plaintiff's contention the Court did not rule on the issue of Dr. Kemeny when denying Defendants' motion for summary judgment.

(6) Did Dr. Kemeny depart from the accepted medical standard of care in her treatment of Erika Zak by failing to act as reasonably prudent doctor would under the circumstances when she failed to consider Pembro for Erika?

    _____                         _____
      Yes                              No

At least five jurors must agree on the answer to this question.

_____        _____
_____        _____
_____        _____

If your answer to question (5) OR (6) is YES, proceed to question (7).

### Plaintiff's Position

If Plaintiff had not established a prima facia case of against Dr. Kemeny, he would not have defeated summary judgment on this claim. Defendants' summary judgment motion was denied by this Court because there was sufficient evidence that a jury could find for Plaintiff on this claim. Dkt No. 229 & 248. Defendant objection is an inappropriate attempt to relitigate their summary judgment motion. Plaintiff further refers this Court to his response to Defendants objections section (3) and (5) above.

### Defendants' Objections to (6)

Defendants object to this departure question, which is the subject of Defendants' Motion *in limine* No. 7. See Docs. 301-302. Since Plaintiff did not plead any claims against Dr. Kemeny in the Complaint and did not serve any expert disclosures regarding Dr. Kemeny's care and treatment of Ms. Zak, there will be no expert testimony at trial that Dr. Kemeny departed from the standard of care. Moreover, Plaintiff's own expert, Dr. DeMatteo, testified as to why Pembro was not considered under the circumstances, and Ms. Zak's treating medical oncologist, Dr. Lopez, testified that Pembro was not FDA approved at the time. See Doc. 302. Accordingly, Plaintiff cannot establish a *prima facie* case regarding this alleged departure and it should be removed from the verdict sheet. See Spagnole v. Staten Is. Univ. Hosp., 77 A.D.3d 816 (2d Dept. 2010); Marzuillo v. Isom, 227 A.D.2d 362, 363 (2d Dept. 2000). Contrary to Plaintiff's contention the Court did not rule on the issue of Dr. Kemeny when denying Defendants' motion for summary judgment.

(7) Was Dr. Kemeny's departure from the accepted medical standard of care a substantial factor in causing Erika's harm?

_____                    _____

Yes                              No

At least five jurors must agree on the answer to this question.

_____        _____

_____        _____

_____        _____

### Plaintiff's Position

Plaintiff refers this Court to his response to Defendants objections section (3), (5), and (6) above. Defendants' summary judgment motion was denied by this Court because there was sufficient evidence that a jury could find for Plaintiff based on Dr. Kemeny's malpractice. Dkt

No. 229 & 248. Defendant objection is an inappropriate attempt to relitigate their summary judgment motion.

The use of the word "harm" mirrors the definition of medical malpractice provided in the New York Pattern Jury Instructions PJI 2:150, vol 1B, p. 47 (2022) ("If the doctor is negligent, that is, lacks the skill or knowledge required of (him, her) in providing a medical service, or fails to use reasonable care in providing the service, or fails to exercise his or her best judgment, and such failure is a substantial factor in causing harm to the patient, then the doctor is responsible for the injury or harm caused.")

### Defendants' Objections to (7)

As stated herein, Plaintiff should not be allowed to list any departure question against Dr. Kemeny, and therefore, Plaintiff's causation question regarding Dr. Kemeny should be removed from the verdict sheet. Moreover, all of the injuries claimed in this action have been alleged to have been from the ablation performed by Sofocleous. Since Dr. Kemeny did not perform the ablation, even if any departure could be alleged against Dr. Kemeny, her name must be removed from the verdict sheet because there is absolutely no expert testimony that Dr. Kemeny caused the injuries from the ablation. See Restagno v. Horwitz, 46 A.D.3d 533, 535 (2d Dept. 2007) (the court "properly declined to submit to the jury the numerous interrogatories contained in the plaintiff's proposed verdict sheet, as those theories of recovery lacked supporting proof relating to causation."). Contrary to Plaintiff's contention the Court did not rule on the issues of Dr. Kemeny or the MDTB when denying Defendants' motion for summary judgment.

### Lack of Informed Consent

(8) Did Dr. Sofocleous, before obtaining Erika Zak's consent to the ablation procedure on April 10, 2017, provide appropriate information?

        _____         _____
        Yes         No

At least five jurors must agree on the answer to this question.

_____      _____

_____      _____

_____      _____

(9) Would a reasonably prudent person in Erika Zak's position at the time consent was given have decided not to undergo the ablation procedure on April 10, 2017 if given appropriate information?

          _____                _____

          Yes                  No

At least five jurors must agree on the answer to this question.

_____      _____

_____      _____

_____      _____

(10) Was the ablation procedure a substantial factor in causing the injury to Erika Zak?

          _____                _____

          Yes                  No

At least five jurors must agree on the answer to this question.

_____      _____

_____      _____

_____      _____

If your answer to questions (1), (2), and (3), above was YES, proceed to the Itemized Verdict Sheet below.

### Plaintiff's Position

Plaintiff maintains that it is appropriate in this case in which there is a plaintiff appearing in multiple roles, a decedent, and multiple defendants including multiple tortfeasors to specify plaintiff, decedent, and defendants by name where applicable. It will assist the jury in their determination.

### Defendants' Position re Lack of Informed Consent Questions

Plaintiff's language is nearly identical to PJI 2:150A.  The main differences between the parties' proposed questions are: (1) the placement and use of April 10, 2017; and (2) Plaintiff not using "the decedent" in question (10) where this is only one decedent.  Defendants recommend following the language in PJI 2:150A and defer to the Court on the date placement.

### **Wrongful Death with Stipulations**

(11) The parties have stipulated to the fact that Erika Zak, a human being, died on August 23, 2019.

(12) The parties have stipulated to the fact that Scott Powers is the appointed personal representative of Erika's Estate.

(13) The parties have stipulated to the fact that Erika Zak left surviving distributees.

### **Plaintiff's Position**

They are the elements of Plaintiff's wrongful death claim. Plaintiff's wrongful death action requires him to prove: "(1) the death of a human being, (2) the wrongful act, neglect or default of the defendant by which the decedent's death was caused, (3) the survival of distributees who suffered pecuniary loss by reason of the death of decedent, and (4) the appointment of a personal representative of the decedent." *Chong v. New York City Transit Authority*, 441 N.Y.S.2d 24, 25–26 (N.Y. App. Div. 1981). Stipulations which establish facts as undisputed are enforceable. N.Y. CPLR § 2104. They are stated here to inform the jury of the relevant wrongful death elements. These stipulations have no tendency to inflame the jury.

### **Defendants' Objections to (11) – (13)**

Plaintiff's insertion of stipulated facts is entirely improper. The role of the jury is to decide the factual dispute at issue – namely, whether the negligence claimed caused Ms. Zak's death. Including these stipulations, which does not advance the jury's deliberations in any way, only serves to invoke emotion and sympathy, which is improper. Accordingly, this language should be removed.

(14) Was any wrongful act, neglect, or default of Dr. Sofocleous or Dr. Kemeny a substantial factor in causing the death of Erika Zak?

    _____              _____

    Yes              No

At least five jurors must agree on the answer to this question.

_____      _____

_____      _____

_____      _____

If you answered YES to questions (14), proceed to the Wrongful Death Verdict Sheet below.

If you answered NO to either question (14), but you answered YES to questions (4) OR (7) above proceed to the Medical Malpractice Verdict Sheet below.

If you answered NO to either question (14), but you answered YES to questions (8), (9), AND (10) above proceed to the Medical Malpractice Verdict Sheet below.

### **Plaintiff's Position**

Plaintiff refers this Court to his response to Defendants objections section (3), (5), (6), and (7) above. Defendants' summary judgment motion was denied by this Court because there was sufficient evidence that a jury could find for Plaintiff based on Dr. Kemeny's malpractice. Dkt No. 229 & 248. Defendant objection is an inappropriate attempt to relitigate their summary judgment motion.

The term "wrongful act, neglect, or default" is directly from the statute authorizing wrongful death claims and correctly included. N.Y. EPTL § 5-4.1 ("The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued.")

Lastly, Defendants conflate causation of medical malpractice with causation for wrongful death. Plaintiff prevails on his medical malpractice claims if the jury finds that Defendants' negligence was a substantial factor in causing Erika Zak's injuries or harm. They jury may also find that Defendants' "wrongful act, neglect, or default" was a substantial factor in causing Erika Zak's death, and Plaintiff would prevail on his wrongful death claims. There also exists the possibility that the jury may find for the Plaintiff on one of his medical malpractice claims, but find against Plaintiff on his wrongful death claim. In that event, Plaintiff is still entitled to his medical malpractice and derivative action damages, but would not collect wrongful death damages. Plaintiff's Proposed Verdict Sheet provides for this possibility and uses the New York Pattern Jury Instruction for medical malpractice and derivative action damages, properly excluding future damages. See N.Y. Pattern Jury Instruction, Vol. 1B, p. 133, 1037–391 (2022).

### **Defendants' Objections to (15)**

Defendants object to question 15 as completely improper. First, the language "wrongful act, neglect or default" is not appropriate. Second, for all the reasons stated herein, Dr. Kemeny should not be listed in the verdict sheet. Finally, death is part of the injuries being alleged in this case, and therefore, is already included (Question 4 in this version). If the jury finds that Ms. Zak suffered injuries, during the jury's deliberations on damages they will determine whether to award damages based on Ms. Zak's death, if any. Accordingly, this question should be removed.

## **Wrongful Death Verdict Sheet**

If your verdict is in favor of plaintiff, answer the following:

### **Plaintiff's Position**

As Plaintiff outlines in his response to Defendants objections section (14) above, there is a possibility that the jury finds for Plaintiff on his medical malpractice causes of action, but against Plaintiff on his wrongful death cause of action. In that event, Plaintiff is still entitled to his medical malpractice and derivative action damages, but would not collect wrongful death damages. Plaintiff's Proposed Verdict Sheet provides for this possibility and uses the New York Pattern Jury Instruction for medical malpractice and derivative action damages, properly excluding future damages. See N.Y. Pattern Jury Instruction, Vol. 1B, p. 133, 1037–391 (2022).

Plaintiff directs the jury based on their responses above to either the "Wrongful Death Verdict Sheet" or the "Medical Malpractice Verdict Sheet." The headings are included at the top of each page so that it is clear to the juror what verdict sheet to use. The headings are a useful tool, they are not argumentative, and will be useful to the jury.

### **Defendants' Objections to Heading and First Paragraph**

Again, Defendants object to the use of the legal heading and its insinuation that the jury receives a number of verdict sheets. The jury will be presented with one verdict sheet. Defendants also object to the first paragraph, which is taken from the Court's charge to the jury. The verdict sheet should simply instruct the jurors to proceed to the damages questions if they answer yes to the applicable questions.

1. State the total amount of monetary loss, if any, to each of Scott Powers and L.P. resulting from Erika Zak's death. **Monetary loss for Scott Powers and L.P. includes loss of the portion of Erika's earnings that she would have spent for the care and support of Scott and L.P., the amount Erika would have increased her Estate from her earnings and thus added to the amount that would have been inherited from her, and the services she would have performed for her spouse and child in the care and management of the family home.** For L.P., this monetary loss should include the deprivation of the intellectual, moral and physical training and education that Erika would have given.

| Name | Total Amount |
|---|---|
| Scott Powers | $_____ |
| L.P. | $_____ |

At least five jurors must agree on the answer to this question.

_____          _____

_____       _____

_____       _____

**<u>Plaintiff's Position</u>**

Defendant objects that the bolded language "is not recoverable under New York law, and therefore, is not included in PJI 2:320." This is simply false. The bolded language is recoverable under New York law and is pulled directly from PJI 2:320 ***as the definition of recoverable monetary losses***:

> In deciding the amount of monetary losses, you should consider the character, habits and ability of AB; the circumstances and condition of [list the distributees by name]; **the services that AB would have performed for (him, her, them); the portion of (his, her) earnings that AB would have spent in the future for the care and support of [list the distributees by name]**; the age and life expectancy of AB; the ages and life expectancies of [list the distributes by name]; and [where the distributees include children] the value of the intellectual, moral, and physical training, guidance and assistance that AB would have given the children had (he, she) lived. **You should also consider the amount, if any, by which AB, if (he, she) had lived, would have increased (his, her) estate from (his, her) earnings and thus added to the amount that would have been inherited from (him, her)**, provided that you find that at least one of [list the distributees by name] would have been alive to inherit from (him, her) had AB not died on [state date of death].

N.Y. Pattern Jury Instruction, vol. 1B, p. 1052 (2022) (emphasis added); *see also* N.Y. EPTL 5-4.3. None of the listed damages in this portion are for loss of consortium. Those are properly listed in section 5 below.

Lastly, Defendants object to the inclusion of the verdict sheet language as if it was a charge. But this preview of the verdict sheet language is included in PJI 3:20 and thus properly included here. See N.Y. Pattern Jury Instruction, vol. 1B, p. 1055–1057 (2022). Defendants have misread the first section of this jury charge preview. It is not only an entry for the child, but also the entry for wrongful death damages to Erika Zak's distributees, which includes both Scott Powers and L.P. It reads: "State the total amount of monetary loss, if any, to each of ***[list the distributees by name]*** resulting from AB's death." *Id.* (emphasis added). This is intended to request the value of damages for both Scott Powers and L.P. The next sentence merely adds more detail on what is recoverable by L.P.: "[f]or the children of AB this monetary loss should include the deprivation of the intellectual, moral and physical training and education that AB would have given." *Id.* It is clear from the plain language of this entry that it is intended to inquire into damages for all distributees. This is further supported by the fact that this is the only entry for Scott Powers's wrongful death damages. For further edification, Plaintiff's version lists out the elements of recoverable wrongful death damages for Erika's distrubutees.

**Defendants' Objection to Question (1)**

Plaintiff's version improperly includes the bolded language above that is not recoverable under New York law, and therefore, is not included in PJI 2:320. Plaintiff's improper insertion of this language allows the jury to award Plaintiff damages for future loss of consortium, which is not recoverable as a matter of law and should be removed. See Walsh v. Armstrong World Industries, Inc., 700 F.Supp. 783, 784 (S.D.N.Y. 1988) (noting that the New York Court of Appeals construed the statutory limitation of wrongful death damages to exclude loss of consortium damages). Under the circumstances of this case, Question 1 should only reference L.P. for the jury's determination of any damages to award for L.P.'s loss of parental guidance. Therefore, Scott Powers' name should be removed.

2. For each person for whom an award is made in your answer to Question No. 1, state the period of years over which the amount awarded for such monetary loss is intended to provide compensation.

| Name | Period of Years |
|---|---|
| Scott Powers | _____ |
| L.P. | _____ |

At least five jurors must agree on the answer to this question.

_____          _____

_____          _____

_____          _____

**Plaintiff's Position**

As provided in response to Defendants' objection to question 1. above, this section is for all of Erika Zak's distrubutees and not just L.P. See N.Y. Pattern Jury Instruction, vol. 1B, p. 1055–1057 (2022) ("State the total amount of monetary loss, if any, to (**list the distributees by name**) resulting from AB's death, without specifying the amount of monetary loss for each individual." (emphasis added). If questions 1. and 2. only listed L.P. there would be no place for the jury to list distributee Scott Powers's monetary losses.

**Defendants' Objection to Question (2)**

For the same reasons mentioned above, Scott Powers' name should be removed from Question 2. This question is reserved for L.P.'s claim for loss of parental guidance.

3. State the amount awarded, if any, for the following items of damage incurred or paid by Erika Zak's spouse:

(a) Medical expenses;                                     $_____

(b) Nursing and other expenses;                              $_____

(c) Funeral expenses, including any burial lot.              $_____

At least five jurors must agree on the answer to this question.

_____          _____

_____          _____

_____          _____

### **Plaintiff's Position**

The record of this case includes substantial evidence of these categories of damages. For example, the record contains voluminous medical billing records from various institutions, including $2,123,656.46 billed to insurance for which the balance of $1,473,347.98 remains as a lien.

### **Defendants' Objection to Question (3)**

Defendants' object to this question as there has been no evidence produced for a jury to award these damages. As more fully set forth in Defendants' opposition to Plaintiff's Motion *in limine* to exclude collateral source information, Plaintiff cannot seek reimbursement of medical expenses that were paid for by insurance. This would amount to an impermissible double recovery as a matter of law.

4. State the amount awarded for the following items of damage sustained before Erika Zak's death, if any, incurred by Erika prior to her death or for which Erika's Estate is responsible:

(a) Medical expenses;                                        $_____

(b) Nursing and other expenses;                              $_____

(c) Loss of earnings/Impairment
of earning ability;                                          $_____

(d) Pain and suffering of Erika from                         $_____
 the moment of physical injury to the
moment of death;

(e) Funeral expenses, including a burial lot.                $_____

At least five jurors must agree on the answer to this question.

_____          _____

_____          _____

_____          _____

### Plaintiff's Position

The itemization of these damages is based on New York law and pulled directly from PJI 2:320. *See* N.Y. Pattern Jury Instruction, vol. 1B, p. 1055–1057 (2022)

Further, the record of this case includes substantial evidence of these categories of damages. For example, the record contains voluminous medical billing records from various institutions, including $2,123,656.46 billed to insurance for which the balance of $1,473,347.98 remains as a lien.

### Defendants' Objection to Question (4)

Defendants object to this question in that it is not specifically itemized to the evidence in this case. Therefore, any item not applicable to the evidence in this case should be removed. Defendants respectfully refer the Court to their proposed verdict sheet for the items in which evidence has been produced to date and appropriate for the jury to deliberate on. In addition, as stated above, Plaintiff is not entitled to be reimbursed for medical expenses that were paid for by insurance.

5. State the amount awarded for the monetary loss which you find Scott Powers sustained by the loss of Erika Zak's services and society from the date of injury to her death.

    (a) Loss of services and society                     $_____
        between the time of Erika's injury
        to her date of death.

At least five jurors must agree on the answer to this question.

_____          _____

_____          _____

_____          _____

### Plaintiff's Position
Loss of consortium damages are recoverable, not as a wrongful death damage, but as a derivative action for the spouse's survival claim.

Defendants moved for summary judgment to dismiss Plaintiff's loss of consortium damages and were unsuccessful. Dkt Nos. 229 & 248. As this Court stated:

> Plaintiff may recover loss of consortium damages for the medical malpractice and lack of informed consent claims, which Plaintiff brings as representative of Ms. Zak's estate. Loss of consortium "is designed to compensate for the injury to th[e marital] relationship and the interest of the injured party's spouse in the continuance of a healthy and happy marital life." *Grunwald v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, No. 18 Civ. 3208, 2020 WL 2192683, at *4 (S.D.N.Y. May 6, 2020) (alteration in original) (internal quotation marks omitted) (applying New York law and quoting *Rangolan v. Nassau*, 370 F.3d 239, 248 (2d Cir. 2004)).

Dkt No. 248.

### **Defendants' Objection to Question (5)**

Defendants do not dispute that Plaintiff may seek to recover loss of consortium damages from April 10, 2017 to August 23, 2019. Contrary to Plaintiff's contention, Defendants did not move to dismiss Plaintiff's claim for loss of consortium. The purpose of the motion was to reaffirm that under New York law Plaintiff is only entitled to seek damages for loss of consortium from April 10, 2017 to August 23, 2019. Defendants respectfully refer the Court to Defendants' proposed verdict sheet for the more appropriate language for Scott Power's itemization of loss of consortium damages.

If you decide not to make an award as to any item, you will insert the word "none" as to that item.

**SIGNATURE OF FOREPERSON:**_____

**YOU SHOULD NOW REPORT TO THE COURT**

## Medical Malpractice Verdict Sheet

### Plaintiff's Position

As Plaintiff outlines in his response to Defendants objections section (14) above, there is a possibility that the jury finds for Plaintiff on his medical malpractice causes of action, but against Plaintiff on his wrongful death cause of action. In that event, Plaintiff is still entitled to his medical malpractice and derivative action damages, but would not collect wrongful death damages. Plaintiff's Proposed Verdict Sheet provides for this possibility and uses the New York Pattern Jury Instruction for medical malpractice and derivative action damages, properly excluding future damages. See N.Y. Pattern Jury Instruction, Vol. 1B, p. 133, 1037–391 (2022).

Defendants' objection is misplaced. Plaintiff does not intend to seek a double recovery. Plaintiff directs the jury based on their responses above to either the "Wrongful Death Verdict Sheet" or the "Medical Malpractice Verdict Sheet." The headings are included at the top of each page so that it is clear to the juror what verdict sheet to use. The headings are a useful tool, they are not argumentative, and will be useful to the jury.

### Defendants' Objections to Entirety of Medical Malpractice Verdict Sheet

Plaintiff's "Medical Malpractice Verdict Sheet" is entirely improper and should be removed. This is an overt attempt to obtain impermissible double recoveries. The applicable damages questions for the medical malpractice claim (i.e., pre-death injuries) are included in the itemized verdict sheet set forth in PJI 2:320. Therefore, Defendants' respectfully request the Court to disregard the language provided below.

If your verdict on liability is in favor of the plaintiff, answer the following:

1. State separately the amount awarded, if any, for the following items of damages, from the time of occurrence up to the date of your verdict:

(a) Medical, Dental, Podiatric expenses:     $_____

(b) Medical equipment:     $_____

(c) Loss of earnings:     $_____

(d) Impairment of earning ability:     $_____

(e) Pain and suffering:     $_____

At least five jurors must agree on the answer to this question.

_____     _____

_____     _____

_____     _____

2. State the amount awarded, if any, for the following items of damage incurred or paid by Erika's spouse:

(a) Medical expenses;                              $_____

(b) Nursing and other expenses;                    $_____

(c) Household services and supplies;               $_____

At least five jurors must agree on the answer to this question.

_____    _____

_____    _____

_____    _____

3. State the amount awarded for the monetary loss which you find Scott Powers sustained by the loss of Erika Zak's services and society from the date of injury to her death.

(a) Loss of services and society            $_____
between the time of Erika's injury
to her date of death.

At least five jurors must agree on the answer to this question.

_____    _____

_____    _____

_____    _____

**SIGNATURE OF FOREPERSON:**_____

**YOU SHOULD NOW REPORT TO THE COURT**

WHEREFORE, for these reasons, Plaintiff respectfully requests that this court sustain Plaintiff's objections, disregard Defendants' Proposed Verdict Sheet, utilize Plaintiff's Proposed Verdict Sheet, and award Plaintiff all other appropriate relief.

Dated: September 1, 2022

    Respectfully submitted,

    HENDLER FLORES LAW, PLLC

By: _____

Scott M. Hendler
shendler@hendlerlaw.com
Laura A. Goettsche
lgoettsche@hendlerlaw.com
901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: (512) 439-3200
Fax: (512) 439-3201

**ATTORNEYS FOR PLAINTIFF**

KAUFMAN BORGEEST & RYAN LLP

/s/ Betsy D. Baydala

_____

Betsy D. Baydala
Andrew S. Kaufman
*Attorneys for Defendants*
120 Broadway, 14th Floor
New York, NY 10271
Telephone: (212) 980-9600
Fax: (212) 980-9291
bbaydala@kbrlaw.com
akaufman@kbrlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 1, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record for Defendants.

_____

Scott M. Hendler