UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>Constantinos Sofocleous and Memorial Sloan Kettering Cancer Center,<br><br>Defendants. | Civil Action No.:<br>1:20-cv-02625 (LGS) |

**DEFENDANTS' PROPOSED VERDICT SHEET**

Defendants respectfully submit their proposed verdict sheet in accordance with the Court's Scheduling Order dated March 28, 2022 as the parties could not agree on a joint verdict sheet. Defendants reserve their right to modify their proposed verdict sheet based on the evidence adduced at trial.

1a) Did the defendant, Dr. Sofocleous, depart from the standard of care in his performance of the ablation on April 10, 2017?

                 ____ Yes               ____ No

All six jurors must agree on the answer to this question.

       _____      _____
       _____      _____
       _____      _____

**If the answer to Question 1a is "yes", please proceed to Question 1b.**

**If the answer to Question 1a is "no", please proceed to Question 2a.**

**Defendants' Position**

Plaintiff's entire case is based on the claim that the April 10, 2017 ablation caused Ms. Zak's injuries. Accordingly, Defendants' proposed single departure question regarding the ablation is proper. To split this alleged departure into two questions as Plaintiff proposes is misleading, substantially confusing to the jury, impermissibly skewed in Plaintiff's favor by asking the same question in different ways, and therefore, prejudicial. Dr. Sofocleous' decision that the ablation was the proper course of treatment did not in and of itself cause any injuries. Therefore, even if Plaintiff's expert testifies that it was a departure to have chosen the treatment of ablation, Plaintiff cannot establish that this choice by itself caused the injuries alleged. See Restagno v. Horwitz, 46 A.D.3d 533, 535 (2d Dept. 2007) (affirming declining to submit to jury interrogatories that lacked supporting proof of causation). In this case, there can be no dispute that Plaintiff's claim is that the actual performance of the ablation is what allegedly caused Ms. Zak's injuries. Plaintiff claims that the ablation was negligently performed based on the techniques Dr. Sofocleous used during the procedure. Since it was the act of Dr. Sofocleous performing the ablation, rather than his choice/election to proceed with that treatment, that caused the alleged injuries to Ms. Zak, Defendants' single departure question is proper.

**Plaintiff's Objections**

Defendant is incorrect that "all six jurors must agree" to each question. Plaintiff objects to that suggestion as it appears throughout the verdict sheet. Defendants provide no support for this contention, nor can they, as it is contrary to New York law.

New York Civil Practice Law and Rules section 4113 states that "[a] verdict may be rendered by not less than five-sixth of the jurors constituting a jury." N.Y. CPLR § 4113(a); *see also* N.Y. CPLR § 4111; *see also Schabe v Hampton Bays Union Free School Dist*., 103 A.D.2d 418, 419–27, 480 N.Y.S.2d 328 (N.Y. App. Div. 2d Dep't 1984) (providing that every nonunanimous answer in a special verdict need not be approved by the identical five jurors; special verdict questions can be answered by any five jurors rather than the same five that have approved all other answers. This reduces the number of mistrials and retrials while diminishing confusion for both court and jurors, and it does not interfere with the operation of the jury or sacrifice fairness). This is in accordance with Article 1, §2 of the New York Constitution, which reads: "The legislature may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case." NY Const Art I, § 2.

Thus, the New York Pattern Jury Instructions clearly states that a special verdict supported by written interrogatory requires five of six jurors' agreement. N.Y. Pattern Jury Instruction, vol. 1A, p. 68–70 (2022) ("While it is important that the views of all jurors be considered, five of the six of you must agree on the answer to any question, but the same five persons need not agree on all the answers. When five of you have agreed on any answer, the foreperson of the jury will write the answer in the space provided for each answer and each of you will sign in the appropriate place to indicate your agreement or disagreement.").

For the reasons stated in response to Defendants' objections to his verdict sheet, Plaintiff objects to each of his separate medical malpractice causes of action being charges as one. "Each claimed departure from accepted medical practice should be the subject of a separate jury

2

question." N.Y. Pattern Jury Instruction, Vol. 1B, PJI 2:150, p. 48 (2022) (citing *Steidel v Nassau*, 182 AD2d 809, 582 NYS2d 805 (2d Dept 1992); *Davis v Caldwell,* 54 NY2d 176, 445 NYS2d 63, 429 NE2d 741 (1981); *Harris v Parwez*, 13 AD3d 675, 785 NYS2d 781 (3d Dept 2004)). Plaintiff has five distinct claimed departures that should be the subject of separate jury questions. Even Defendants' summary judgment motion sought summary judgment of each of these departures separately and the Court's order denied each ground. Dkt No. 229 & 248.

1b)     Was this departure a substantial factor in causing Erika Zak's injuries?

                \_\_\_\_ Yes               \_\_\_\_ No

All six jurors must agree on the answer to this question.

    _____    _____
    _____    _____

    _____    _____

**Proceed to Question 2a.**

### Defendants' Position

Defendants' proximate cause question appropriately uses the language from PJI 2:70.

### Plaintiff's Objections

Plaintiff objects that Defendants' version would confuse and mislead the jury. Specifically, Plaintiff brings malpractice claims based upon the action of multiple tortfeasors. A jury could conceivably answer "Yes" to this question for Dr. Sofocleous's medical malpractice and "No" to this question for Dr. Kemeny's. For this reason, and the reasons stated in response to Defendants' objections to his verdict sheet, Plaintiff requests that causation interrogatories be used.

2a)     Did the defendant, Dr. Sofocleous, before obtaining Erika Zak's consent to the April 10, 2017 ablation provide appropriate information?

                \_\_\_\_ Yes               \_\_\_\_ No

All six jurors must agree on the answer to this question.

    _____    _____
    _____    _____
    _____    _____

**If the answer to Question 2a is "yes", please see INSTRUCTIONS below.**

**If the answer to Question 2a is "no", please proceed to Question 2b.**

### Defendants' Position

The lack of informed consent questions 2(a)-(c) are taken directly from PJI 2:150A.

### Plaintiff's Objections

The parties' versions of this question are nearly identical. However, Plaintiff differentiates that this question pertains to a different cause of action with headings. Plaintiff respectfully requests that this Court use his verdict sheet.

2b)   Would a reasonably prudent person in Erika Zak's position at the time consent was given have decided not to undergo the April 10, 2017 ablation procedure if given appropriate information?

    ____ Yes        ____ No

All six jurors must agree on the answer to this question.

   _____   _____
   _____   _____
   _____   _____

**If the answer to Question 2b is "yes", please proceed to Question 2c.**

**If the answer to Question 2b is "no", please proceed to INSTRUCTIONS below.**

### Plaintiff's Objections

The parties' versions of this question are nearly identical. However, Plaintiff differentiates that this question pertains to a different cause of action with headings. Plaintiff respectfully requests that this Court use his verdict sheet.

2c)   Was the April 10, 2017 ablation procedure a substantial factor in causing the injury to the decedent, Erika Zak?

    ____ Yes        ____ No

All six jurors must agree on the answer to this question.

   _____   _____
   _____   _____
   _____   _____

# Plaintiff's Objections

The parties' versions of this question are nearly identical. However, Plaintiff differentiates that this question pertains to a different cause of action with headings.

Additionally, Defendants fail to provide distinct causation charges for Plaintiff's causes of action (including for his various medical malpractice claims as described above.) As Plaintiff explains in his comments to his proposed verdict sheet, Defendants conflate causation of medical malpractice with causation for wrongful death. Plaintiff prevails on his medical malpractice claims if the jury finds that Defendants' negligence was a substantial factor in causing Erika Zak's injuries or harm. They jury may also find that Defendants' "wrongful act, neglect, or default" was a substantial factor in causing Erika Zak's death, and Plaintiff would prevail on his wrongful death claims. Plaintiff requests that this Court use his causation interrogatories.

## INSTRUCTIONS

Proceed to Question #3 **ONLY IF** you answered "YES" to **BOTH parts "a" and "b"** of Question 1 **OR** if you answered "YES" to **BOTH parts "b" and "c"** of Question 2.

If you did NOT answer "Yes" to ANY of the following questions: "**1b**" or "**2c**", deliberate no further and report your verdict to the Court.

## Defendants' Position Regarding Damages

The below damages language is taken from PJI 2:320. Defendants request that the actual language on the verdict sheet be adjusted to only include items that are supported by the evidence in the case. Defendants proposed language is based on the evidence that has been offered to date. Contrary to Plaintiff's objections, this language properly affords the jury an opportunity to award damages on all three of the causes of action alleged in this matter.

## Plaintiff's Objections

The record of this case includes substantial evidence of the categories of damages requested by Plaintiff in his verdict sheet.

As stated below, Plaintiff objects to Defendants version as it wholly omits Scott Powers's monetary losses as a distributee of Erika Zak's Estate.

Plaintiff also objects, as discussed below, that Defendants' verdict sheet does not provide for the possibility that the jury may find for the Plaintiff on one of his medical malpractice claims, but find against Plaintiff on his wrongful death claim. In that event, Plaintiff is still entitled to his medical malpractice and derivative action damages, but would not collect wrongful death damages. Plaintiff's Proposed Verdict Sheet provides for this possibility and uses the New York Pattern Jury Instruction for medical malpractice and derivative action damages, properly excluding future damages. See N.Y. Pattern Jury Instruction, Vol. 1B, p. 133, 1037–391

(2022). For this reason, and the reasons stated in response to Defendants' objections to his verdict sheet, Plaintiff requests that this Court use his verdict sheet.

3)  State the total amount of monetary loss, if any, to L.P. resulting from Erika Zak's death. This monetary loss should include the deprivation of the intellectual, moral and physical training and education that Erika Zak would have given.

$_____

### Defendants' Position

As more fully set forth in Defendants' objections to Plaintiff's proposed verdict sheet, Plaintiff is not entitled to loss of consortium damages on the wrongful death claim. Defendants also maintain that no evidence has been produced to establish any other monetary loss recoverable in the wrongful death action. Therefore, Scott Powers is omitted from this question.

### Plaintiff's Objections

Plaintiff objects that this statement only awards losses to L.P. and not to Erika Zak's other distributee, Scott Powers. Defendants have misread the first section of this jury charge preview. It is not only an entry for the child, but also the entry for wrongful death damages to Erika Zak's distributees, which includes both Scott Powers and L.P. It reads: "State the total amount of monetary loss, if any, to each of *[list the distributees by name]* resulting from AB's death." *Id.* (emphasis added). This is intended to request the value of damages for both Scott Powers and L.P. The next sentence merely adds more detail on what is recoverable by L.P.: "[f]or the children of AB this monetary loss should include the deprivation of the intellectual, moral and physical training and education that AB would have given." *Id.* It is clear from the plain language of this entry that it is intended to inquire into damages for all distributees.

Plaintiff's version lists out the elements of recoverable wrongful death damages for Erika's distributees. At no point does Defendants' version ask the jury to render damages for Scott Powers's wrongful death damages. For this reason, and the reasons stated in response to Defendants' objections to his verdict sheet, Plaintiff requests that this Court use his damage categories.

4)  If an award is made in your answer to Question No. 3, state the period of years over which the amount awarded for such monetary loss is intended to provide compensation.

\_\_\_\_\_ years

### Defendants' Position

Scott Powers is omitted from this question for the same reasons as set forth in Defendants' Position to Question No. 3.

8432881

**Plaintiff's Objections**

Plaintiff objects that this category of damages omits Scott Powers's wrongful death damages, as described above. For this reason, and the reasons stated in response to Defendants' objections to his verdict sheet, Plaintiff requests that this Court use his damage categories.

5) State the amount awarded for the following items of damage sustained before Erika Zak's death, if any:

(a) Medical expenses   $_____;

(b) Pain and suffering of Erika Zak from April 10, 2017 to the moment of death on August 23, 2019   $_____;

(c) Scott Power's loss of Erika Zak's society from April 10, 2017 to the moment of her death on August 23, 2019   $_____.

**Defendants' Position**

Defendants maintain that the above three items of damages related to the pre-death injuries are the only ones that can potentially be supported by the evidence adduced at trial. As set forth in opposition to Plaintiff's motion *in limine* to exclude collateral source information, information regarding a medical lien is not for the jury's determination, such that Plaintiff's objection below is improper. In addition, there is a fundamental difference between what plaintiff "demands" and what evidence plaintiff has adduced to support the damages claimed. Accordingly, any item of damage not supported by the evidence should be removed from the verdict sheet.

**Plaintiff's Objections**

Plaintiff objects that Defendants omitted expense damages recoverable by Erika Zak's spouse. This category of damages fail to comply with PJI 2:320, which separates damages incurred by Erika Zak's spouse, and by her and her Estate.

Further, this category of damages improperly limits damages to those "sustained" before Erika Zak's death when damages incurred by Erika prior to her death for which her Estate is responsible are also recoverable. This may include, for example, the medical lien against Erika's Estate.

Defendants' version also omits several categories of damages which Plaintiff properly demands. Specifically, Defendants' version omits the category for nursing and other expenses, Erika's loss of earnings/impairment of earnings, and funeral/burial expenses.

Plaintiff separates the damages owed to Scott Powers individually as result of his derivative action from the other damages. This will help the jury differentiate categories of damages and is in line with PJI 2:320 For these reason, and the reasons stated in response to

Defendants' objections to his verdict sheet, Plaintiff requests that causation interrogatories be used.

If you decide not to make an award as to any item, you will insert the word "none" as to that item.

    All six jurors must agree as to the answer to this interrogatory.

_____      _____

_____      _____

_____      _____

Report your verdict to the Court.

Dated: September 1, 2022

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

*[signature: Betsy Baydala]*

_____

Betsy D. Baydala
Andrew S. Kaufman
*Attorneys for Defendants*
120 Broadway, 14th Floor
New York, NY 10271
Telephone: (212) 980-9600
Fax: (212) 980-9291
bbaydala@kbrlaw.com
akaufman@kbrlaw.com

8432881

Respectfully submitted,

HENDLER FLORES LAW, PLLC

By: _____
Scott M. Hendler
shendler@hendlerlaw.com
Laura A. Goettsche
lgoettsche@hendlerlaw.com
901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: (512) 439-3200
Fax: (512) 439-3201
**ATTORNEYS FOR PLAINTIFF**

8432881