

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

November 21, 2022

BETSY D. BAYDALA
DIRECT: 212.994.6538
BBAYDALA@KBRLAW.COM

<u>VIA ECF FILING ONLY</u>

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:    Powers v. Memorial Sloan Kettering Cancer Center, et al.
       <u>Docket No.    :                           1:20-cv-02625</u>

Dear Judge Schofield:

Defendants respectfully submit this letter motion for leave to file a motion to deem certain pathology slides Defendants seek to have admitted into evidence at trial authenticated, or in the alternative, for permission to take the depositions of the custodians of those slides.

Upon preparing the final pretrial order due February 14, 2023 (Doc. 388), plaintiff's counsel advised that he objects to the authenticity of the pathology slides Defendants seek to admit as evidence at trial. Specifically, the three digital images of pathology slides from Memorial (**Exhibit "A"**, Memorial Pathology Report of the April 10, 2017 right liver biopsy, Accession #: S17-20576), and 11 slides of re-cuts of pathology slides from Cleveland Clinic (**Exhibit "B"**, Cleveland Clinic Pathology Report dated August 28, 2019, Specimen #: S19-123485), as well as any photographs of these slides taken by Defendants' expert, Dr. Theise.

We have met and conferred with plaintiff's counsel on this issue at least three times. Plaintiff's counsel offered that he could not stipulate to the authenticity of the pathology slides because he does not want to facilitate our expert pathologist, as opposed to offering any genuine concern regarding the authenticity of these slides.

FRE 901(a) provides that authentication is proper if the proponent presents "evidence sufficient to support a finding that the matter in question is what its proponent claims." As set forth below, the pathology slides at issue from Memorial and Cleveland Clinic can be properly authenticated to a degree sufficient to warrant their admissibility at trial.

On October 8, 2020, the Court Ordered plaintiff to provide Defendants with an authorization to obtain the re-cuts of Ms. Zak's liver pathology slides from Cleveland Clinic. (Doc. 81, p. 6). In response to the authorization, on November 3, 2020, Cleveland Clinic's Department of Anatomic Pathology provided Defendants with 11 re-cuts of the original pathology specimens. The reference numbers of the re-cut slides, S19-123485, all match the specimen number contained in the Cleveland Clinic pathology report and contain Ms. Zak's name. (**Exhibit "C"**).

On November 30, 2020, Defendants served an expert disclosure from a liver pathologist, Dr. Theise. As part of the materials reviewed, Dr. Theise listed "Pathology report and slides from Cleveland Clinic: S19-123485 (8/23/19)." On March 24, 2021, Defendants exchanged with Plaintiff the 11 slides of re-cuts of pathology specimens received from Cleveland Clinic so that they had an opportunity to examine the slides before they deposed Dr. Theise. On April 12, 2021, Defendants also informed plaintiff that Dr. Theise was subsequently provided with three digital images of the April 10, 2017 liver biopsy slides from Memorial, and copies of those digital images were provided to Plaintiff. The three digital images contain the reference numbers of the slides, S17-20576, which match the accession number contained in the Memorial pathology report and contain Ms. Zak's name. (**Exhibit "D"**).

Dr. Theise was deposed on April 15, 2021. After the completion of discovery, Defendants filed their motion for summary judgment on August 16, 2021. As part of their motion, Defendants argued that there is no causal link between the ablation procedure at issue on April 10, 2017 and Ms. Zak's death on August 23, 2019. Defendants' position was supported by Cleveland Clinic's pathology review of Ms. Zak's liver on the date of her death, as well as by their expert, Dr. Theise's review of the pathology specimens. Plaintiff opposed the motion on September 20, 2021.

Critically, at no point during discovery or in dispositive motion practice did plaintiff ever claim that the pathology slides sought to be admitted into evidence at trial were anything but authentic. Plaintiff has never claimed that the pathology materials obtained from Cleveland Clinic and Memorial derived from a source other than Ms. Zak. Plaintiff has also never claimed any misconduct in the handling of the slides, such as altering of the evidence.

Accordingly, the Defendants submit that these pathology slides are properly authenticated under FRE 901(a) because there is evidence sufficient to support a finding that the pathology slides from Cleveland Clinic and Memorial are Ms. Zak's liver pathology specimens from August 23, 2019 and April 10, 2017, respectively. With respect to any photographs of those slides, Defendants will lay an appropriate foundation through Dr. Theise at trial as to the photographs he took of those slides.

Finally, while preparing the final pretrial order, it became apparent that many of the areas of disagreement between the parties are contingent upon issues that have been submitted to the Court as part of the parties' motions *in limine*. Defendants respectfully request that the motions *in limine* be decided prior to the deadline for the final pretrial order (February 14, 2023), or alternatively, that the deadline for the final pretrial order be extended to a date after the Court has decided the motions *in limine*. We met and conferred with plaintiff's counsel, but he declined to submit a joint letter on this issue.

We appreciate the Court's time and consideration to these requests.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Betsy D. Baydala

Betsy D. Baydala
KAUFMAN BORGEEST & RYAN LLP

Powers v. Memorial, et al.
Page 3 of 3

cc: <u>via ECF filing</u>

    Hendler Flores Law, PLLC
    1301 West 25th Street, Suite 400
    Austin, Texas 78705
    shendler@hendlerlaw.com
    lgoettsche@hendlerlaw.com

    Dodd Law Firm, P.C.
    3825 Valley Commons Dr., Suite 2
    Bozeman, MT 59718
    matt@doddlawfirmpc.com

KAUFMAN BORGEEST & RYAN LLP

3

8607843