

901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

November 29, 2022

**_Sent Via ECF filing_**
The Honorable Lorna G. Schofield
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

**RE:** *Powers v. Memorial Sloan Kettering Cancer Center*, case no. 1:20-cv-02625-LGS: Plaintiff's Response to Defendants' Pre-motion conference letter (Doc. 389)

Dear Judge Schofield:

Plaintiff files this response to Defendants' pre-motion conference letter asking the Court to deem certain pathology slides and photographs authenticated, or in the alternative, to reopen discovery for the purposes of deposing the custodian of those slides because Defendants failed to authenticate the material during the discovery period. (Doc. 389). Plaintiff opposes Defendants' requests.

Fact discovery closed on November 25, 2020. (Doc. 156). The Court scheduled the final pretrial conference for March 14, 2023, (Doc. 388) during which time it indicated it would rule on objections. The Court set this case for trial for March 30, 2023. (Doc. 388).

Defendants ask this Court to permit them to introduce evidence which they cannot authenticate under the Rules of Evidence.[1] Defendants assert that Plaintiff has not shown why the material is unreliable and for that reason the Court should deem it authentic for admissibility purposes. Contrary to Defendants' assertion, "the proponent of evidence has the burden of establishing its authenticity." *Samad Bros. v. Bokara Rug Co.*, No. 09 Civ. 5843 (JFK) (KNF), 2012 U.S. Dist. LEXIS 64639 at * 14–15, 2012 WL 1604849 (S.D.N.Y. May 8, 2012) (internal parenthetical omitted). Defendants are the proponents and the burden is theirs alone.

Federal Rule of Evidence 901, the basis of the relief sought by Defendants, requires that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FRE 901(a). For example, evidence may be authenticated by testimony of a witness with knowledge that the evidence is what it is claimed to be. Evidence may also be self-authenticating. However, the pathology slides and photographs in question are not self-authenticating as they were created for the purposes of litigation. Self-authenticating records under Rule 902 must satisfy Rule 806(6)(A)–(C). "[B]ecause Rule 803(6) requires business records to be kept in the regular course of a business activity, records created in anticipation of litigation do not fall within its definition." *United States v. Feliz*, 467 F.3d 227, 234 (2d Cir. 2006).

---

[1] Plaintiff will refer to these materials as "**MSK Photographs, 2017**" and "**Cleveland Recuts 2019**."


The material at issue includes what Defendants represent to be three *photographs* made by some unknown person (not Dr. Theise as Defendants suggest) of Erika Zak's pathology collected by MSK on April 10, 2017. Defendants had ample opportunity during the discovery period to illicit authenticating testimony from whomever created these photographs of the purported material, as it was ostensibly someone in the pathology lab within its own control. Instead, Defendants offer no evidence other than their Counsel's own assertions to support their claim that the **MSK photographs, 2017** are what they claim them to be—assertions that are at odds with their own expert's testimony. Aside from Defendants' failure to authenticate the material during discovery, Defendants failed to produce any of Erika Zak's actual pathology or photographs of the pathology slides to Plaintiff during the discovery period. In addition to the lack of authenticity, the Court should exclude this from evidence for this separate discovery violation.

Neil Theise, M.D., Defendants' designated pathologist, examined MSK slides from pathology collected in 2014 and 2016, well before the pathology collected during the 2017 ablation. Dr. Theise's Report is attached as **Exhibit A** at 4. Dr. Theise admitted under cross examination that Erika's 2014 and 2016 pre-ablation liver biopsies failed to show any abnormalities in her liver. **Exhibit A** at 4. Defendants later attempted to bolster his opinion with the April 2017 pathology. Dr. Theise testified that just a few days before his deposition, and well after he had issued his report, *Defense Counsel emailed him three digital images of pathology slides from April 2017—* **the MSK photographs, 2017**. This is information he had not reviewed nor disclosed in his report because it apparently did not exist until just before his deposition:

> **Q:** Is there anything else that you reviewed in preparing your report?
> **A:** There was one biopsy slide that I had not seen a report of, or the slides, and Ms. Baydala supplied me with that by e-mail a few days ago and I looked at that.
> …
> **Q: Did you review those slides in person at Memorial Sloan-Kettering?**
> **A: No. Digital images were sent.**

Dr. Theise's deposition attached as **Exhibit B** at 29:14–19, 30:2–22 (emphasis added). Despite Dr. Theise's unequivocal testimony, Defendants incorrectly represent that Dr. Theise took the photographs: "With respect to any photographs of those slides, defendants will lay an appropriate foundation through Dr. Theise at trial as to the **photographs he took of these slides**." (Doc. 389 at 2) (emphasis added). This is untrue. Dr. Theise testified he never saw the actual April 10, 2017 pathology slides (**Exhibit B** at 239:25–240:8), he therefore could not have taken the **MSK photographs, 2017**, rather they "were sent" to him days before his deposition. If Defendants have photographs taken by Dr. Theise of the original material, neither those photographs nor the original material have been produced to Plaintiff.

Moreover, Dr. Theise admitted that reviewing digital slides is not the same as reviewing the actual slides: "I prefer to look at the slides in person." **Exhibit B** at 32:10–20. "**It's not the same thing, there are differences.**" *Id.* (emphasis added). Dr. Theise implicitly admits that the photographs are not the best evidence. *See* FRE 1004.



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

Defendants further ask the Court to deem as authentic recuts of Cleveland Clinic slides they assert are from Erika's explanted liver based on nothing more than a transmittal page, purportedly from Cleveland Clinic. Defendants offer no reliable evidence to support their claim that the **Cleveland Recuts 2019** is what MSK claims it to be. The document bears no indicia of authenticity. The appearance of Erika Zak's name is not sufficient to prove that the **Cleveland Recuts 2019** is authentic. Her name could be added to any document created by any person for any purpose. The only support Defendants offer for these claims is Defense counsel's self-serving assertions. Moreover, Defendants also failed to produce this evidence within the discovery period.

These are not the original slides taken from Erika's explanted liver. These were recuts. The transmittal document accompanying the slides indicates they were created solely for the purposes of litigation: "Legal Re-cuts." *See* Form attached as **Exhibit C**. Defendants had ample opportunity to request the original material through any available judicial process, but chose not to do so. Cleveland Clinic did not include any attestation that the material is what it claims to be, nor any testimonial representations by a person with knowledge that the enclosed slides are accurate depictions of the Erika Zak's original pathology material or created through a reliable process. Defendants had ample opportunity to acquire this testimony during the discovery period but chose not to do so. We do not know who created this material, what the process was in its creation, or if the purported recuts accurately represent the original material.

Alternatively, Defendants have requested that the court re-open discovery in this case.[2] The Court held Plaintiff to the deadlines in the scheduling order when it denied Plaintiff leave to designate Dr. Torres out of time. The Court should impose the same standards on Defendants. If (despite having ample opportunity) Defendants needed time to authenticate evidence, they could have sought such relief from the Court. If the Court chooses to reopen discovery, it should only do so after revisiting its order excluding Dr. Torres. (*See* Doc. 218, 224).

The purpose of Defendants' request that that Court rule on the motions in *limine* ahead of the scheduled pre-trial conference is unclear. The timing of this Court's ruling is within the province of the Court and the Plaintiff takes no position.

Respectfully Submitted,
HENDLER FLORES LAW, PLLC

Scott M. Hendler – *Pro Hac Vice*

---

[2] Defendants understood their delay prevented Plaintiff from designating a pathologist to examine the slides. Counsel for Defendants made an oral agreement with Counsel for Plaintiff that he would not object to the designation of Dr. Torres on timeliness grounds because of the delay. Yet, Defendants did just that (Doc. 212) and the Court excluded his testimony on that basis. (Doc. 223).



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

shendler@hendlerlaw.com
901 S. MoPac Expressway
Bldg. 1, STE 300
Austin, TX 78746
Tel: (512) 439-3202
Fax: (512) 439-3201
*Attorney for Plaintiff*