

901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

February 2, 2023

***VIA ECF FILING ONLY***
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Defendants shall file a response, not to exceed five pages, no later than **February 9, 2023**. So Ordered.

Dated: February 3, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re**:** *Powers v. Memorial*; Docket No. 1:20-cv-02625;
**Plaintiff's Pre-Motion Conference Letter for Leave to Permit Attorney-Directed Voir Dire**

Dear Judge Schofield:

Thank you for granting the Plaintiff's request to file this memorandum on attorney-conducted voir dire (Doc. 387). Plaintiff respectfully requests that following initial questioning by the Court that Your Honor permit each party, under its supervision, a reasonable time to question jurors directly, both individually and as a panel. The American Bar Association, legal scholars, and social scientists agree that attorney-directed voir dire allows more precise, pointed questioning based on the specific facts and theories of the case, encourages potential jurors to respond more openly, and enhances the overall likelihood of seating a fair and impartial jury.

Counsel for the parties conferred and Defendants oppose this request.

**Legal Standard: Effective voir dire is the cornerstone of a fair and impartial jury trial.**

An extensive and probing voir dire plays a critical function in forming an impartial jury. *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981). "The voir dire in American trials tends to be extensive and probing, operating as a predicate for the exercise of peremptory strikes. The persistence of peremptory strikes and their extensive use demonstrate the long and widely held belief that peremptory challenge is a necessary part of trial by jury." *Swain v. Alabama*, 380 U.S. 202, 218–19 (1965). Federal Rule of Civil Procedure 47(a) explicitly provides that the district court "may permit the parties or their attorneys to examine prospective jurors." Fed. R. Civ. P. 47(a). And, the *Civil Litigation Management Manual, Third Edition* supports allowing attorneys time to conduct a part of the voir dire, stating: "Because lawyers tend to attach more importance to voir dire than judges, you should consider allowing counsel a reasonable but limited time to supplement judge-conducted voir dire." The Judicial Conference of the United States Committee on Court Administration and Case Management, CIVIL LITIGATION MANAGEMENT MANUAL 106 (3rd ed. 2022). Finally, the ABA Section on Litigation has urged the amendment of Rule 47(a) to require that courts permit attorney conducted voir dire.

Plaintiff respectfully submits that permitting attorney-directed voir dire in this complex medical malpractice case will serve the interests of justice for the following reasons:




901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

**1. The ABA has strongly endorsed attorney-conducted voir dire.**

Following an extensive 2004 study of jury trials, the ABA House of Delegates adopted the language of Principle 11(B)(2) for *Juries and Jury Trials,* urging federal courts to allow attorneys for the parties to question jurors directly, both individually and as a panel. This is still the official policy of the ABA. In 2017, the ABA also urged the Advisory Committee on Civil Rules to amend Fed. R. Civ. P. 47(a) to require courts to permit attorneys to examine prospective jurors. *See* **Exhibit A** at page 1. The ABA's letter to the Advisory Committee emphasizes "that voir dire examination in both civil and criminal cases has little meaning if it is not conducted by counsel for the parties." *Id.* (quoting *United States v. Ledee*, 549 F.2d 990, 993 (5th Cir. 1977)).

**2. Attorneys trying the case necessarily have more knowledge about case facts and complexities.**

Indeed, as recognized by the ABA, attorneys stand in a stronger position than the trial court to ask the most pointed, case-specific questions based on the underlying facts and nuances of the case:

> A judge cannot have the same grasp of the facts, the complexities of the case and nuances as the trial attorneys entrusted with the preparation of the case. The court does not know the strength and weaknesses of each litigant's case. Justice requires that each lawyer be given an opportunity to ferret out possible bias and prejudice of which the juror himself may be unaware until certain facts are revealed.

*Id. See also* Frates & Green, *Jury Voir Dire: The Lawyer's Perspective*, 2 A.B.A. Litigation (1976). To this point, the ABA letter cites a 2010 law review article, finding: "For a variety of reasons, judges are in a weaker position than lawyers to anticipate implicit biases in jurors and determine how those biases might affect the case." *Id.* at 3 (quoting Bennett, *Unraveling the Gordian Knot of Implicit Bias in Jury Selection: The Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson, and Proposed Solutions*, 4 HARV. L. & POL'Y' REV. 159 (2010)).[1]

Effective voir dire investigates bias with specific case facts and circumstances. Your Honor has addressed the purpose and importance of voir dire in a lecture to the NYU School of Law, recognizing that some panel members may be too close to the facts of the case and others too remote. *See* Hon. Lorna Schofield, United States District Judge for the Southern District of New York, *A New Judge and an Old Problem: A View of Bias from the Bench*, 15th Annual Korematsu Lecture, New York University School of Law (April 6, 2015). To be genuinely effective then, voir dire must provide sufficient information for counsel to intelligently exercise peremptory challenges and challenges for cause, and thereby satisfy the goal of an impartial jury. *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991).

[1] Judge Mark Bennett was a United States District Judge for the Northern District of Iowa from 1994 until his retirement in 2019.



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

Important follow-up questions are more likely to occur to the attorney for a party because the judge "does not have the advocate's awareness that soon he [or she] will be making peremptory challenges based on inferences from what prospective jurors have said." *See* Barbara Babcock, *Voir Dire: Preserving "Its Wonderful Power,"* 27 Stan. L. Rev. 545, 549 (1975). Moreover, "the judge does not know the case of either party in detail, so that he [or she] cannot realize when responses have opened areas for further inquiry." *Id*. A trial judge is necessarily less familiar with the evidence and case theories than are the attorneys. The ABA notes: "The right to submit in advance questions for the court to ask does not suffice. The need to follow up on those questions would be likely, and often the reasons or occasions for important questions do not arise until voir dire is already in progress." **Ex. A** at page 4.

While it's clear that this Court is knowledgeable about the facts of this case, there are more layers to the case that will unfold at trial. Attorneys on both sides will have a greater command of the details, the witnesses, the theories, and information that adds layers of complexity to this case. For example, witnesses may testify who are not from New York, but from across the country (California, Oregon, Ohio, Massachusetts, and Pennsylvania). Ms. Zak had several years of different kinds of treatment, from a number of other medical providers, and she had multiple procedures and surgeries, including a liver transplant. She and her family lived in San Francisco, then Portland, and then Cleveland, but also spent considerable time in New York for her treatment. To determine if potential jurors may be too close or too remote from the facts of this case, it's necessary to ask more specific questions based on the facts and circumstances of this case.

**3. Studies show that potential jurors are more forthcoming in response to attorneys.**

Research has revealed that attorney-conducted voir dire elicits more complete and truthful information from potential jurors. Legal scholars have concluded that during court-conducted voir dire, disclosure of personal information to the judge is less likely than when one of the parties' attorneys is conducting the questioning. *See* David L. Suggs & Bruce Dennis Sales, *Juror Self-Disclosure in the Voir Dire: A Social Science Analysis*, 56 IND. L. J. 245, 253 (1981). Additionally, the fact that a judge must fulfill the difficult role of remaining the arbiter of legal matters during the trial makes him or her ***less*** likely to converse casually with the jurors, discover personal information, or otherwise interact with the jurors in a manner that maximizes juror candor. *Id*. at 254–55. In fact, research has shown that when judges conduct voir dire, potential jurors are more likely to "report not what they truly thought or felt about an issue, but instead what they believed the judge wanted to hear." Susan E. Jones, *Judge-Versus Attorney-Conducted Voir Dire: An Empirical Investigation of Juror Candor*, 11 L. & HUM. BEHAV. 131, 143 (1987). In contrast, when conducted by an attorney, panel members disclose information more closely tied to jurors' true thoughts and feelings. *Id*. at 143–44.

Social science studies show that jury panels are acutely aware of even the most subtle cues or indications from the judge. Fearing the court's disapproval, venire-persons are more likely to respond to the court's questions in a manner they believe is acceptable to the court. Note, *Judges' Non-Verbal Behavior in Jury Trials: A Threat to Judicial Impartiality*, 61 VA. L. REV. 1266



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

(1975); *see also* Broeder, *Voir Dire Examinations: An Empirical Study*, 38 S. CAL. L. REV. 503, 506, 513 (1965). This is how good jurors are supposed to respond to the judge's instructions on the law. As noted by the Supreme Court, the influence of the trial judge on the jury "is

necessarily and properly of great weight" and their "lightest word or intimation is received with deference, and may prove controlling." *Oeurcia v. United States*, 289 U.S. 466, 470 (1933) (quoting *Starr v. United States*, 150 U.S. 614, 626 (1894). Attorney-conducted voir dire is a necessary and effective tool to fully develop potential prejudices and biases that is imperative to ensure an impartial and fair jury.

**4. Preconceptions and/or media attention distinguish this case from others.**

This case has already garnered significant media attention. For example, CNN published the following news account, available on-line: "Erika Zak, mom who inspired millions in her fight to get a liver transplant." *The New York Times* also has an on-line account of her story: "She Beat Cancer. Now, She's in Another Fight for her Life." *She Beat Cancer. Now, She's in Another Fight for Her Life: Twenty Americans die each day waiting for organs. Here's how to change that*, THE NEW YORK TIMES (Aug. 20, 2019), https://www.nytimes.com/2019/08/20/opinion/erika-zak-organ-donor.html. While alive, Ms. Zak had a large social media following, particularly on Twitter. Her story is available on the internet through Google searches of her name. At the same time, for most New Yorkers, Memorial Sloan Kettering is a well-known and potentially respected healthcare institution. Also, this is a complex medical malpractice case involving a high-profile case during an on-going global Pandemic when health, health care providers, illness and death are on the front pages if not front of mind for most of the population.

As the ABA pointed out, "Where there is reason to believe that jurors have been previously exposed to information about the case, or for other reasons are likely to have preconceptions concerning it, the parties should be given liberal opportunity to question jurors individually about the existence and extent of their knowledge and preconceptions." *Principles for Juries and Jury Trials*, Principle 11(B), AM. BAR. ASS. (http://www.americanbar.org/content/dam/aba/administrative/american_jury/2016_jury_principles.authcheckdam.pdf). These principles apply equally to this civil jury trial. This case includes exceptional circumstances that justify these concerns, further underscoring the importance for attorney-conducted voir dire.

**5. Appellate courts recognize the more robust the voir dire, the more reliable the jury.**

Attorney-conducted voir dire is critical to selecting a fair and impartial jury. Appellate courts have recognized the importance of a robust voir dire process. "Without an adequate foundation, counsel cannot exercise sensitive and intelligent peremptory challenges, that are a suitable and necessary means of ensuring that juries be in fact and in the opinion of the parties fair and impartial." *United States v. Shelton*, 736 F.2d 1397, 1408 (10th Cir. 1984) (citing *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892)); *see also United States v. Quinones*, 511 F. 3d 289, 299




901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

(2d. Cir. 2007) ("Voir dire helps the trial court and the parties identify those persons who, for various reasons, cannot evaluate the evidence impartially or follow the court's legal instructions.").

Attorney-conducted voir dire also reduces the risk of error on appeal. A court should order a new civil trial when a party shows that (1) a juror failed to answer honestly a material question on voir dire, and (2) a correct response would have provided a valid basis for a challenge for cause. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Permitting attorneys to conduct voir dire is likely to lead to more truthful answers from prospective jurors, thus minimizing the potential for error.

**6. Court supervision will minimize other concerns.**

The ABA letter addresses the countervailing arguments, which include the risk of wasting time, or the problem of lawyers asking self-serving or argumentative questions. The Court is in a position to supervise and monitor the questions and instruct the attorneys, based on her experience and from her vantage point, to minimize these concerns.

In a case like this, with its complexities and potential preconceptions, these studies have confirmed that attorney conducted voir dire takes advantage of the attorneys' detailed knowledge of the case and enhances a prospective juror's willingness to be candid. This facilitates in-depth and meaningful disclosure from potential jurors, enhancing the likelihood of seating an unbiased jury. And the ABA recommends direct participation by attorneys for the parties in the voir dire process so as to promote the constitutional guarantee of a fair and impartial jury.

Respectfully submitted,
HENDLER FLORES LAW, PLLC

**By:** ______________________

Scott M. Hendler
shendler@hendlerlaw.com
Laura A. Goettsche
lgoettsche@hendlerlaw.com
901 S. MoPac Expressway
Bldg. 1, STE 300
Austin, TX 78746
Tel: (512) 439-3202
Fax: (512) 439-3201

**ATTORNEYS FOR PLAINTIFF**