```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SCOTT POWERS,                                               :
                                    Plaintiff,              :
                                                            :          20 Civ. 2625 (LGS)
            -against-                                       :
                                                            :                ORDER
MEMORIAL SLOAN KETTERING CANCER                             :
CENTER, et al.,                                             :
                                    Defendants.             :
                                                            :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff filed seven motions in limine, which are resolved as stated below. Defendants' motions in limine will be addressed in a separate order. All references to rules refer to the Federal Rules of Evidence.

1. **Plaintiff's Motion in Limine No. 1** seeks to exclude mention of any collateral source of payment, including Social Security benefits, Cigna disability benefits, health insurance benefits, Social Security survival benefits and voluntary charitable contributions (i.e., a GoFundMe). The motion is granted in part and denied in part as follows:

   a. Disability benefits, through Social Security and Cigna -- granted. The evidence is excluded, except that Defendants may elicit in substance that Ms. Zak stopped working in 2014 because she was determined to be disabled and that she never returned to work, as this evidence is relevant to lost earnings.

   b. Health insurance benefits -- granted in part and denied in part. To the extent that United Healthcare's subrogation claim is against Plaintiff, then Plaintiff may seek to recover at trial expenses subject to that claim. To the extent that the subrogation claim is solely against Defendants, then Plaintiff may not seek to recover at trial

expenses subject to that claim.  See CPLR § 4545(c); *Fisher v. Qualico Contracting Corp.*, 779 N.E.2d 178, 181 (N.Y. 2002) ("[Section 4545(c)] does not direct the setoff of collateral source payments against all damages awards, as the Legislature intended only to eliminate windfalls and duplicative recoveries."); *In re Sept. 11 Litig.*, 649 F. Supp. 2d 171, 179 (S.D.N.Y. 2009) ("An insured plaintiff may still recover in full for its injury, but it may no longer collect from the tortfeasor that part of its damages that its insurer had made, or will make, whole.").

c. Survival benefits from Social Security and voluntary contributions -- denied as moot. Defendants state that they do not intend to introduce such evidence.

2. **Plaintiff's Motion in Limine No. 2** seeks to exclude the expert testimony of Dr. Skye Mayo and limit Dr. Mayo's testimony to his personal observations of treatment of Ms. Zak, on the ground that Defendants did not timely serve expert disclosures.  The motion is denied as moot because Defendants agree that Dr. Mayo's testimony must be limited to his personal knowledge of Plaintiff's treatment.  The parties further agree that Dr. Mayo may not testify about consent discussions in which he did not participate.  Dr. Mayo may testify about tumor boards in which he participated, including explanatory testimony as necessary to provide context for his treatment of Ms. Zak.

3. **Plaintiff's Motion in Limine No. 3** seeks to exclude the testimony of Mr. Schefelker on the ground that he was not timely disclosed as a potential witness.  The motion is denied.  However, by **February 10, 2023**, Defendants shall disclose the subject matter of his possible testimony, and unless Defendants represent that they will not call him at trial, Plaintiff may depose him for up to four hours at a mutually convenient time prior to **March 3, 2023.**

4. **Plaintiff's Motion in Limine No. 4** seeks to exclude any mention of Scott Powers's dating relationship after the death of his wife. The motion is granted under Rule 403. Such evidence is prejudicial as it could evoke juror speculation on irrelevant issues and would be confusing and a waste of time on matters that have little, if any, probative value.

5. **Plaintiff's Motion in Limine No. 5** (Dkt. 260) seeks to exclude evidence regarding the following matters. The motion is granted in part and denied in part as follows:

   a. Reference to Defendant Memorial Sloan Kettering Cancer Center ("MSK")'s character or reputation in the community, specifically the fact that MSK is a not-for-profit organization -- denied, the evidence is allowed. MSK's reputation is relevant background to Ms. Zak's decision to be treated there, and MSK's status as a not-for-profit organization is relevant as background information about the organization and is not prejudicial.

   b. Reference to any potential adverse effect to MSK or the community -- denied as moot. Defendants do not intend to elicit such evidence. Plaintiff is cautioned not to state, imply or elicit evidence about Defendants' liability insurance. *See* Rule 411.

   c. Reference to Dr. Sofocleous's character and reputation -- granted, the evidence is excluded as Defendants offer no argument to support offering such evidence. This ruling does not preclude Defendants from introducing evidence about Dr. Sofocleous's competence, including his education, background, experience, honors, awards and appointments.

   d. Reference to any apology or expressions of sympathy by Defendants -- denied, the evidence is allowed because precluding it could create a misimpression and unfairly

taint jury assessments of defense witnesses or their credibility.

6. **Plaintiff's Motion in Limine No. 6** seeks to exclude evidence or argument pertaining to a prior ablation procedure Dr. Sofocleous performed on Ms. Zak. The motion is denied, and the evidence is allowed. Evidence of the prior ablation and related discussions between Dr. Sofocleous and Ms. Zak are relevant to what "a reasonable medical practitioner under similar circumstances would have disclosed" and what "a reasonably prudent person in [Ms. Zak's] position" would have done. The evidence is highly probative and will not mislead or confuse a jury that is properly instructed before its deliberations.

7. **Plaintiff's Motion in Limine No. 7** seeks to admit an op-ed piece in Ms. Zak's voice, with a by-line by Ms. Zak and Mr. Powers, also written in part by a *Washington Post* editor, and published in the *Washington Post* after her death. The motion is denied because the article is hearsay. The article is not within the dying declaration exception to the hearsay rule because the article was not written exclusively by Ms. Zak, and it is unknown which parts were written by her and when. As the article appears to have been written over a period of years, it lacks the imminency and exigency required by Rule 804(b)(2).

\*   \*   \*

Plaintiff's Motions in Limine Nos. 1 through 7 are **GRANTED IN PART AND DENIED IN PART** as set forth herein.

The Clerk of Court is respectfully directed to insert the preceding sentence as the disposition on the docket and to close the motion at Dkt. No. 260.

Dated:  February 3, 2023
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE