UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                   :

SCOTT POWERS,                             :

                              Plaintiff,    :

                                   :        20 Civ. 2625 (LGS)

              -against-         :

                                   :        **ORDER**

MEMORIAL SLOAN KETTERING CANCER   :
CENTER, et al.,                    :

                        Defendants. :

                                   :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Defendants filed seventeen motions in limine, which are resolved as stated below.  All references to rules refer to the Federal Rules of Evidence, unless otherwise noted.

1.     **Defendants' Motion in Limine No. 1** (Dkt. 289) seeks to preclude NeuWave information and related claims of spoliation.  The motion is granted in part and denied in part.  The NeuWave information is admissible subject to the hearsay objections discussed below.  This evidence is relevant to Plaintiff's argument that Dr. Sofocleous ablated with more probes, at higher settings and for longer periods of time than the machine manufacturer recommended, resulting in an ablation zone that was unreasonably large. Plaintiff shall not argue that the examples of expected results in the reference manual establish a standard of care from which any deviation results in medical malpractice. With this limitation, the evidence is highly probative, and is not confusing or unfairly prejudicial.  Regarding the hearsay objections:

     a.   "Call Home" data -- The data are admissible under the business records exception to the hearsay rule.  *See* Rule 803(6).  The conditions for application of the rule are satisfied by the Declaration of Nicholas Katrana, which complies with Rule 902(11).

Defendants have not shown that the source of information or method or circumstances of preparation indicate a lack of trustworthiness.

b.  Katrana Declaration Paragraph 5 -- The statement in paragraph 5 of the Katrana Declaration, that the "cauterizing" setting was not utilized, is excluded as hearsay. Plaintiff could elicit this evidence to avoid a hearsay objection by calling a live witness who is qualified to interpret the data to reach this conclusion.

c.  The User Reference Manual (page 0056 -- which appears to be the page that Plaintiff seeks to introduce -- of the document marked Bates 3PS_Powers_0001-98) and the Instructions for Use (Bates 3PS_Power_0099-100) are admissible. The relevant page of the User Reference Manual, and the first page of the Instructions for Use are not hearsay as they consist largely of instructions and warnings, which are not factual assertions or affirmative statements offered for the truth. Factual assertions on those pages are admissible as background and context. The second page of the Reference Manual contains examples of expected results which are admissible under the residual exception to the hearsay rule, Rule 807. This page is offered principally to show information available to Dr. Sofocleous and, to the extent offered for the truth, is supported by sufficient guarantees of trustworthiness considering all of the circumstances (i.e., the manufacturer had no reason to misstate the reference information to be used by medical professionals in performing the medical procedure) and is more probative on the point for which it is offered than any other evidence Plaintiff can obtain through reasonable means.

d.  Evidence of Dr. Sofocleous's consulting relationship with NeuWave Medical, Inc. and their parent company Johnson & Johnson is excluded under Rules 401, 402 and

403.  This evidence has little if any probative value.  Plaintiff seeks to offer the

evidence to show that, because of the consulting relationship, Dr. Sofocleous was

familiar with the Ethicon machine, probes and manuals.  But that proposition is not

self-evident, and Plaintiff cites no evidence to support it.  Evidence of the consulting

relationship risks unfair prejudice in suggesting that Dr. Sofocleous had a financial or

other improper motive to use the ablation machine, which is irrelevant to the issues in

the case.

Any claim of spoliation is excluded.  Plaintiff may not argue a claim of spoliation

because such a claim was not pleaded and there is no evidence that Defendants had any

culpable intent to destroy evidence.  However, this ruling does not preclude Plaintiff from

proving that Defendants did not preserve or destroyed data from the ablation machine.

2.     **Defendants' Motion in Limine No. 2** (Dkt. 291) seeks to preclude evidence from four

rebuttal experts as untimely.  The motion is granted in part and denied in part.  The

motion is granted as unopposed with respect to Drs. Cousins and Israel.  The motion is

denied with respect to Drs. Shah and Coakley because Plaintiff's disclosure was timely.

Plaintiff may introduce evidence from Drs. Shah and Coakley only on Plaintiff's rebuttal

case at trial and only on the matters covered in their expert reports.  Defendants may

depose Doctor Coakley for up to two hours, and Dr. Shah for up to one hour prior to trial.

3.     **Defendants' Motion in Limine No. 3** (Dkt. 293) seeks to preclude testimony from

Plaintiff's expert, Dr. DeMatteo, regarding matters allegedly specific to interventional

radiology as outside his expertise as a liver surgeon under Rule 702.  The motion is

denied.  Dr. DeMatteo has the knowledge, skill and experience to offer the challenged

opinions, including about Dr. Sofocleous's decision to proceed with the ablation and the

risks of such a procedure as it relates to informed consent.  Defendants may cross-examine Dr. DeMatteo about the extent of his relevant knowledge and expertise.

4.      **<u>Defendants' Motion in Limine No. 4</u>** (Dkt. 295) seeks to preclude testimony from Dr. DeMatteo about Ms. Zak's subsequent medical condition and the care she received at OHSU and Cleveland Clinic from May 2017 to August 2019 on the grounds these opinions were not properly disclosed and are without basis and unreliable under Rule 702.  The motion is granted in part and denied in part.  Plaintiff timely disclosed Dr. DeMatteo's opinions about the cause of Ms. Zak's eventual liver disfunction and the role of Dr. Sofocleous's ablation in that disfunction.  These opinions are within his expertise, have a sufficient factual predicate and may be offered.  Dr. DeMatteo may not offer the opinion that, "From the end of 2018 until her death in August 2019, there was no threat to [Ms. Zak's] life based on her cancer because it was under control."  Dr. DeMatteo was not involved in Ms. Zak's care and treatment during this period and the report does not sufficiently disclose the factual basis for that opinion under Federal Rule of Civil Procedure 26(a)(2)(B)(ii).

5.      **<u>Defendants' Motion in Limine No. 5</u>** (Dkt. 297) seeks to preclude expert testimony as cumulative.  The motion is denied.  The motion is denied as moot with respect to evidence related to a Multidisciplinary Tumor Board ("MDTB"), for the reasons stated below for Defendants' Motion in Limine No. 9 ("MIL #9").  The Court imposes time limits at trial and does not permit excessive evidence that is cumulative.  The motion is denied with respect to the location of the lesion, whether the decision to proceed with the ablation was appropriate and injuries related to the ablation, because these questions are central to the case and Defendant has not demonstrated that the evidence at issue is

excessive.  Further, Dr. DeMatteo's testimony is offered in part in his capacity as a treating physician, while Dr. Navuluri's testimony is solely in his capacity as an expert.

6.    **Defendants' Motion in Limine No. 6** (Dkt. 299) seeks to preclude Plaintiff's expert economist, Dr. Stan V. Smith, on the grounds that his opinions are unreasonable, without factual basis and based on unreasonable assumptions about the extent of any future work. The motion is denied.  Dr. Smith's opinion about lost future earnings is a calculation of the amount of earnings for each year the jury determines appropriate based on *other* evidence.  He does not offer an opinion about the prospect or duration of Ms. Zak's future work.  The Court expects that the jury will be instructed in substance that Plaintiff has the burden of proving Ms. Zak's future earning capacity with reasonable certainty, including the impact of her health on her work life, the prospect and duration of her expected work before the ablation, the probability and extent of future earnings before the ablation, and the degree to which those probabilities were reduced by the ablation.  This ruling is without prejudice to any future application concerning the jury charge on damages, or any motion challenging the sufficiency of the evidence.

7.    **Defendants' Motion in Limine No. 7** (Dkt. 301) seeks to preclude evidence to advance claims that Dr. Kemeny departed from the standard of care by not presenting Ms. Zak's case to a MDTB or by not offering immunotherapy in March and April 2017.  The motion is granted.  The evidence is barred because no claims are alleged against Dr. Kemeny and (1) regarding the MDTB, for the reasons stated below for MIL #9, and (2) regarding immunotherapy, because Plaintiff has proffered no expert testimony to support any such claim as is required by New York law.  (Case citations are below in connection with MIL #9.)

8.  **<u>Defendants' Motion in Limine No. 8</u>** (Dkt. 303) seeks to preclude a letter from Dr.

Mayo stating that Ms. Zak "would likely have complete cure of her disease," as well as

testimony or argument that Ms. Zak's cancer had been cured.  The motion is granted as

unopposed regarding the letter, and otherwise denied as moot based on Plaintiff's

representation that he does not intend to argue at trial that Ms. Zak was "cured" of cancer

at the time of her death.

9.  **<u>Defendants' Motion in Limine No. 9</u>** (Dkt. 305) seeks to preclude expert testimony to

support a claim that Defendants departed from the standard of care by not presenting Ms.

Zak's case to a MDTB prior to the April 10, 2017, ablation.  The motion is granted.

Plaintiff shall not present evidence or argument that Defendants departed from the

standard of care by not presenting Ms. Zak's case to a MDTB.  Plaintiff has not

established a prima facie case of medical malpractice by eliciting expert testimony that

this conduct was a deviation from accepted standards of medical care and that such

deviation was the proximate cause of the injury as required by New York law.  *See*

*Moore v. Shahine*, No. 21 Civ. 711, 2022 WL 2118945, at *1 (2d Cir. June 13, 2022)

(summary order) ("Under New York law, to establish a prima facie case of

medical malpractice a plaintiff must, except in rare cases, adduce 'expert testimony that

there was a deviation from accepted standards of medical care and that such deviation

was the proximate cause of the injury.'"); *Olivier v. Robert L. Yeager Mental Health Ctr.*,

398 F.3d 183, 190 (2d Cir. 2005) (construing New York law) ("[A] plaintiff ordinarily

must introduce expert testimony to establish the relevant medical standards that were

allegedly violated."); *Rivera ex rel. Hernandez v. Jothianandan*, 954 N.Y.S.2d 94, 95 (1st

Dep't 2012) ("Plaintiffs must show that defendant departed from the accepted standard of

medical practice, and that this departure was a proximate cause of the patient's injuries, via the presentation of expert testimony, in order to prevail in a medical malpractice action."). In his expert report in response to the question, "What is the significance of not consulting tumor board? Is tumor board standard of care?" Plaintiff's expert, Dr. Navuluri, explicitly stated, "I don't believe tumor board would necessarily be designed a 'standard of care'. . . [I]n an academic setting where this is available it is not always done." Plaintiff's expert Dr. DeMatteo did not offer a standard of care opinion related to the MDTB, and neither expert opined that the lack of consultation with an MDTB was a proximate cause of Ms. Zak's injuries.

10. **Defendants' Motion in Limine No. 10** (Dkt. 307) seeks to preclude evidence that Defendant Memorial Sloan Kettering Cancer Center ("MSK") changed its policies or protocols regarding ablations following Plaintiff's ablation. The motion is denied as moot based on Plaintiff's representation that "Plaintiff will not present any evidence of a change in hospital policy." Plaintiff shall not present "evidence that no changes have been made to hospital policy to prevent this from happening in the future" as the evidence is irrelevant to the issues in Plaintiff's case. To the extent the evidence is relevant, it is more prejudicial than probative, as it invites the jury to consider hypothetical future patients who are not at issue in the case. *See* Rules 401, 402, 403.

11. **Defendants' Motion in Limine No. 11** (Dkt. 309) seeks to preclude a document from United Network for Organ Sharing ("UNOS"). The motion is denied in part and granted in part. Most of the document is admissible as a statement made for medical treatment under Rule 803(4), except that the statement that Ms. Zak was "in liver failure due to complications related to a previous ablation procedure in 2017" -- is inadmissible as

hearsay within hearsay, because there is no indication of who made the statement, how reliable that source is and no ability to cross-examine the source.  *See* Rule 805.  Lacking that information, the statement is also more prejudicial than probative.  *See* Rule 403.  If the document is offered in evidence, the entire sentence containing that statement must be redacted.

12. **Defendants' Motion in Limine No. 12** (Dkt. 311) seeks to preclude expert testimony ranking the medical care at issue on a numerical scale.  The motion is denied as to Dr. DeMatteo who used numerical rankings in his report to convey his assessments and opinions.  The numbers are analogous to using adjectives and adverbs (like "poor" and "extremely poor") to express his opinion and are more anodyne and less inflammatory than many other descriptors.  *See* Rules 401, 402, 403.

13. **Defendants' Motion in Limine No. 13** (Dkt. 313) seeks to limit damages evidence.  The motion is granted in part and denied in part.  As discussed above, the Court imposes time limits at trial and does not permit excessive evidence that is cumulative.  Regarding particular matters raised in the motion:

   a. The request to limit damages witnesses to Plaintiff, his experts and the deposed treating physicians is denied.  Plaintiff may call family members or others who can attest first-hand to Plaintiff's damages.

   b. News articles, social media posts and other publicity are excluded as hearsay.  *See* Rule 802.

   c. The following pages of Ms. Zak's writing, *see* Dkt. No. 314-3, are admissible as relevant to Ms. Zak's pain and suffering, as they were written by her and are not cumulative: pages 1-4, 7 and 9 (Bates ZAK_NY 019440-43, -46 and -48).  Pages 5-6

and 8 (Bates ZAK_NY 019444-45, -47) are excluded as cumulative and more

prejudicial than probative under Rule 403.

    d.   Ms. Zak's self-recorded video, *see* Dkt. 314-4, is excluded under Rule 403, because

of the risk of juror confusion and undue prejudice.  Ms. Zak in substance says that

Defendants committed malpractice in the liver ablation, which is the issue for the jury

in the case, and expresses frustration about various matters (including her inability to

obtain insurance approval for a liver transplant), evoking sympathy for matters only

tangentially related to this case.

14.    **Defendants' Motion in Limine No. 14** (Dkt. 315) seeks to preclude evidence that MSK

paid for and provided counsel to Dr. DeMatteo for his deposition as Ms. Zak's treating

physician while employed at MSK.  The motion is granted.  The evidence is excluded

under Rule 403.  Plaintiff's suggestion that the evidence undercuts assertions of Dr.

DeMatteo's bias against MSK is unfounded.  Eliciting this evidence would require

explanatory evidence that MSK customarily pays for representation in this circumstance.

Any probative value is outweighed by the waste of time and risk of juror confusion.

15.    **Defendants' Motion in Limine No. 15** (Dkt. 317) seeks to preclude certain evidence on

grounds of relevance.  The motion is granted in part and denied in part as follows:

    a.   Deposition testimony of MSK's 30(b)(6) witness regarding IT matters is excluded.

Plaintiff has not shown that the evidence is relevant, and it is prejudicial, a waste of

time and confusing to the jury.  *See* Rule 403.  Plaintiff argues that circumstantial

evidence shows that records were altered and reflects Defendants' consciousness of

guilt.  But Plaintiff did not identify nor describe what that evidence is from the

testimony of the MSK 30(b)(6) IT witness, which by its nature is likely to be

confusing.  And Defendants' subjective state of mind is not an element of Plaintiff's claims.

b.  The 2018 European Review article is excluded.  Plaintiff seeks to question defense expert Dr. Goldberg, a co-author of the article, about its recommendation to consult with a MDTB.  As stated above, Plaintiff may not put forward a claim that Defendants departed from the standard of care by not presenting Ms. Zak's case to a MDTB prior to the April 10, 2017, ablation.  Accordingly, the MDTB discussion is irrelevant and excluded under Rules 401 and 402, and would be confusing, prejudicial (accusation of a wrong not at issue), a waste of time and excludable under Rule 403.

c.  Evidence that Dr. Sofocleous was out of the area or away after the treatment is excluded as irrelevant.  However, his communications with others at MSK about Ms. Zak while he was away are not the subject of this motion and are not excluded.

d.  Evidence that Plaintiff is disabled may be adduced, but only as relevant to damages -- i.e., that Plaintiff is unable to work and that he expected financial support from Ms. Zak.

16.  **Defendants' Motion in Limine No. 16** (Dkt. 319) seeks to preclude Dr. Goldberg's deposition testimony.  The motion is denied.  Plaintiff may affirmatively call Dr. Goldberg in Plaintiff's direct case and use his deposition as for any unavailable witness under Rule 32(a)(4)(B).  The parties shall submit deposition designations, counter-designations and objections to the same as directed by the Court for all witnesses called via deposition testimony.

17.  **Defendants' Motion in Limine No. 17** (Dkt. 321) seeks to limit the testimony of three treating physicians to their own scope of care and treatment, and to preclude documents

marked as exhibits and news stories referenced during Dr. Mayo's deposition.  The

motion is granted in part and denied in part as follows:

a.  Dr. Mayo's email to his OHSU Team, his statement read at Ms. Zak's memorial

service and his statements to CNN advocating for insurance coverage for her liver

transplant are excluded under Rule 403.  They were not written in connection with

providing treatment.  They are further precluded under Rule 403 as their evidence of

damages is cumulative and they risk encouraging a jury verdict based on sympathy

and not the evidence.

b.  Dr. Mayo's testimony about his general practice of informed consent, indications for

ablation and the performance of ablations, as well as the CNN article and video are

excluded.  The motion as to this evidence is granted as unopposed.

c.  Dr. Lopez's testimony about the fact that he was not consulted about potential

treatment options for Ms. Zak in March 2017 is admissible.  However, because he

was not consulted, his testimony regarding potential treatment options in March 2017

is precluded.  His testimony regarding informed consent for ablations and MDTB are

excluded as this portion of the motion was unopposed.

d.  Ms. Macuiba's testimony about whether Ms. Zak had complete cure of her cancer, the

cause of her liver injuries and informed consent are excluded as this portion of the

motion was unopposed.

\*     \*     \*

Defendants' Motions in Limine are **GRANTED IN PART AND DENIED IN PART** as

set forth above.

The Clerk of Court is respectfully directed to insert the preceding sentence as the disposition on the docket and to close the motions at Dkt. Nos. 289, 291, 293, 295, 297, 299, 301, 303, 305, 307, 309, 311, 313, 315, 317, 319 and 321.

Dated:  February 10, 2023
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**