

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

ANDREW S. KAUFMAN
DIRECT: 212.994.6501
AKAUFMAN@KBRLAW.COM

February 10, 2023

VIA ECF FILING ONLY

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:   Powers v. Memorial Sloan Kettering Cancer Center, et al.
      Docket No.    :                            1:20-cv-02625

Dear Judge Schofield:

Defendants respectfully submit this opposition to Plaintiff's request to permit attorney-directed *voir dire*. (Doc. 404).

"Trial judges are granted broad discretion in deciding how to conduct voir dire, including the appropriate questions to be asked." James v. Melendez, 567 F.Supp.2d 480, 487 (S.D.N.Y. 2008) citing Mu'Min v. Virginia, 500 U.S. 415, 423 (1991). "[C]ourt-conducted *voir dire* [ ] permits each party the opportunity to evaluate the questions proposed by their adversary." U.S. v. Saipov, No. S1 17-CR-722 (VSB), 2020 WL 958527, *1 (Feb. 13, 2020). "A finding of juror bias is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province." James, 567 F.Supp. 2d at *1 citing Wainwright v. Witt, 469 U.S. 412, 428 (1985).

As such, Your Honor has broad discretion to determine how best to conduct *voir dire*, and plaintiff has not demonstrated any persuasive reason why attorney conducted *voir dire* is necessary in this case. Your Honor's *voir dire* examination will be guided by the suggestions of counsel (Doc. 379) and pre-determine whether any suggested line of questioning is proper.

In seeking to conduct additional attorney-directed *voir dire*, Plaintiff's counsel cites to media attention the decedent received years ago purporting to distinguish this case from others. (Doc. 404, p. 4). However, any line of questioning regarding publicity is improper. Mentioning media attention not in the jurors minds during *vior dire* would likely result in jurors accessing articles about the decedent. Indeed, plaintiff's mention of media attention in his request for attorney-conducted *voir dire*, which is an impermissible area, is precisely why Defendants ask that the *voir dire* be handled by the Court. See Saipov, 2020 WL 958527, *1 ("[C]ourt-conducted *voir dire* assures that the parties do not stray into impermissible areas that could potentially taint the prospective jurors' answers or point of view.").

Powers v. Memorial, et al.
Docket No.: 1:20-cv-02625
Page 2 of 2

Moreover, attorney-conducted *voir dire* would likely result in an inefficient, prolonged process with competing counsel attempting to ingratiate themselves with prospective jurors. Given the time constraints during trial with plaintiff's first witness, Dr. DeMatteo, needing to be off the stand by March 31, 2023, prolongation of *voir dire* would be problematic. In addition, given that a motion for summary judgment has been decided, and the parties have filed multiple motions *in limine*, the Court is familiar with the case.

In short, Plaintiff has not made any persuasive showing that Your Honor's anticipated *voir dire* examination would inadequately cover the subject of possible bias, or that prospective jurors will not respond honestly to questions posed to them by Your Honor. Accordingly, Defendants respectfully ask the Court to deny Plaintiff's request for attorney-directed *voir dire*.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Andrew S. Kaufman

Andrew S. Kaufman

cc:     via ECF filing

       Hendler Flores Law, PLLC
       1301 West 25th Street, Suite 400
       Austin, Texas 78705
       shendler@hendlerlaw.com
       lgoettsche@hendlerlaw.com

       Dodd Law Firm, P.C.
       3825 Valley Commons Dr., Suite 2
       Bozeman, MT 59718
       matt@doddlawfirmpc.com