

**kbr**
KAUFMAN BORGEEST & RYAN LLP

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

BETSY D. BAYDALA
DIRECT: 212.994.6538
BBAYDALA@KBRLAW.COM

March 13, 2023

VIA ECF FILING ONLY

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:     Powers v. Memorial Sloan Kettering Cancer Center, et al.
        Docket No.    :                       1:20-cv-02625

Dear Judge Schofield:

Defendants respectfully submit their enclosed revised exhibit list in accordance with Your Honor's Order dated March 9, 2023 (Doc. 418) reflecting additional exhibits to which there is no objection as **Exhibit "A"**.  No exhibits have been withdrawn by Defendants.

After a meet and confer with Plaintiff's counsel today, below please find the outline of the remaining areas of dispute as to Defendants' exhibits:

1) <u>Pathology Material</u>

Defendants seek to introduce in evidence relevant pathology material: (a) Memorial's digital pathology images from the April 10, 2017 biopsy (D-4 through D-6); (b) the physical re-cuts of Cleveland Clinic's pathology specimens of Ms. Zak's explanted liver from the date of her death (D-7); and (c) defense expert, Dr. Theise's digital photographs of Cleveland Clinic's pathology re-cuts (D-8 through D-21).

On November 21, 2022, Defendants raised this issue with the Court seeking to deem this pathology evidence admitted at trial, but a decision has not yet been rendered.  Defendants respectfully refer Your Honor to the relevant documents filed regarding this issue.  <u>See</u> Docs. 389-395.

2) <u>Material Disclosed by Plaintiff/Plaintiff's Witnesses During Discovery</u>

During fact discovery, Plaintiff produced certain audio recordings of Ms. Zak's visits at Memorial with Dr. Kemeny, and with Dr. Sofocleous on March 22, 2017.  These recordings were made by either Chloe Metz (Plaintiff's sister-in-law) or Stephen Powers (Plaintiff's brother).  Both witnesses were deposed and are trial witnesses.  Plaintiff included in his exhibit list the audio recordings of Dr. Sofocleous on March 22, 2017 and Dr. Kemeny on

January 25, 2017 (P-926 through P-929), but objects to the audio recordings of Ms. Zak's visits with Dr. Kemeny in June 2016 (D-37, D-38), and visits with Dr. Kemeny on March 22, 2017 (D-39 through D-44). The June 2016 visit is relevant to Ms. Zak's understanding of her HAI pump treatment and the potential effects on her liver, as well as Ms. Zak's understanding of her care on the day Dr. Kemeny referred her for the ablation at issue and after her consultation with Dr. Sofocleous that day.

### 3) Defense Expert Material

Plaintiff includes in his list of exhibits various images as set forth in his experts' reports (e.g., P-217 (Dr. Navuluri), P-219 (Dr. DeMatteo), P-221 (Dr. Coakley)). Defendants similarly seek to introduce the hepatic arterial images of their expert, Dr. Sadler. (D-22 through D-24).

Defendants object to Plaintiff's introduction of the narrative/summary portions of plaintiff's expert reports (e.g., P-922 (Dr. DeMatteo), P-921 (Dr. Smith)) as cumulative and prejudicial. To the extent Plaintiff is permitted to do so, Defendants seek leave to introduce the reports of their experts, Drs. Fischman and Theise.

### 4) Medical Literature (D-54 through D-103)

Defendants seek to introduce medical literature that is relevant and supportive of many aspects of the defense, including but not limited to: the standard of care was to perform ablations abutting and near blood vessels; blood vessels draw heat from the ablation requiring more time and energy; there is a plateau effect in terms of time and energy during ablations; incomplete eradication of cancer is more common than portal vein thrombosis; Ms. Zak had a very limited life expectancy based on a number of factors; the cause of Ms. Zak's liver damage was multifactorial and the driving force was FUDR (chemotherapy) toxicity; the HAI pump and Ms. Zak's prior surgery increased the risk of ablation complications and liver failure; the HAI pump was a contraindication to a living donor transplant; the ablation machine manufacturer's guidelines are not relevant and more energy is appropriate; and the ablation was the most effective and safe choice for Ms. Zak in March and April 2017.

### 5) Proposed Demonstratives

Defendants note that there is an additional issue regarding the parties' proposed demonstratives. The parties agreed to exchange their demonstratives on March 10, 2023. Defendants list of exchanged proposed demonstratives is annexed hereto as **Exhibit "B"**. The parties wish to raise their respective objections to the demonstratives exchanged and seek the Court's guidance on timing.

Finally, radiology studies were not objected to as exhibits. Defendants seek the Court's guidance on the proper way to upload CDs of radiology films that contain numerous slices/images per study for use at trial.

KAUFMAN BORGEEST & RYAN LLP

2

8875713

Powers v. Memorial, et al.
Page 3 of 3

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Betsy D. Baydala

Betsy D. Baydala


cc: via ECF filing

    Hendler Flores Law, PLLC
    1301 West 25th Street, Suite 400
    Austin, Texas 78705
    shendler@hendlerlaw.com
    lgoettsche@hendlerlaw.com


    Dodd Law Firm, P.C.
    3825 Valley Commons Dr., Suite 2
    Bozeman, MT 59718
    matt@doddlawfirmpc.com

8875713