

901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

March 16, 2023

***VIA ECF FILING ONLY***
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re**:** *Powers v. Memorial*; Docket No. 1:20-cv-02625; Revised Plaintiff's Letter Addressing Court's Order Regarding Remaining Areas of Dispute (Doc. 418).

Dear Judge Schofield:

1. **Category 1 addresses pre- and post-ablation photos, videos, and first-person statements of Erika Zak**

Plaintiff has withdrawn the following exhibit numbers from this category at the initial filing of this letter:

P-14, P-15, P-16, P-18, P-21, P-22, P-23, P-24, P-26, P-32, P-33, P-34, P-36, P-38, P-39, P-41, P-42, P-43, P-44, P-45, P-46, P-47, P-48, P-49, P-52, P-53, P-54, P-55, P-56, P-57, P-59, P-60, P-62, P-63, P-64, P-67, P-68, P-70, P-71, P-72, P-73, P-74, P-75, P-77, P-79, P-81, P-82, P-84, P-85, P-86, P-87, P-88, P-89, P-90, P-91, P-92, P-96, P-101, P-103, P-106, P-107, P-108, P-109, P-110, P-111, P-112, P-113, P-114, P-117, P-120, P-122, P-124, P-127, P-130, P-131, P-133, P-135, P-138, P-140, P-142, P-143, P-144, P-145, P-146, P-147, P-148, P-154, P-157, P-158, P-160, P-162, P-164, P-165, P-167, P-168, P-169, P-170, P-173, P-174, P-176, P-177.

Since the final pretrial conference, Plaintiff has additionally withdrawn the following exhibit numbers:

P-17, P-19, P-20, P-27, P-29, P-51, P-65, P-95, P-58, P-104, P-105, P-116, P-121, P-126, P-128, P-129, P-137, P150, P-151, P-155, P-172 .

Plaintiff retains the following exhibits:

P-28, P-30, P-31, P-35, P-37, P-40, P-50, P-61, P-66, P-69, P-76, P-78, P-80, P-83, P-93, P-94, P-95, P-97, P-99, P-100, P-102, P-115, P-116, P-118, P-119, P-123, P-125, P-132, P-134, P-136,, P-139, P-141, P-149, P-152, P-153, P-156, P-159, P-161, P-163, P-166, P-171, P-175.

In response to Defendants' cumulative objection, Plaintiff reduced the number of these exhibits from 163 to 65. Specifically, we reduced photos of Erika's artwork from 15 to 4, pre-ablation photos and videos from 80 to 20 photos and 5 videos (none of which exceed 13 seconds), post-



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

ablation photos and videos from 59 to 27 photos and 4 videos (totaling 4 minutes 34 seconds), and Erika's first-person statements to 5.

**Exhibit 1 for Category 1 includes four exemplars.**
.
**Exemplar 1.1** Photograph of Erika's artwork made for her minor daughter L.P. P-31

**Exemplar 1.2** Photograph of Erika and her minor child L.P. spending time together prior to ablation. P-69

**Exemplar 1.3** Defendants object to Erika's first-person statements describing her present sense impressions of her symptoms, pain, suffering, and physical disfigurement post-ablation including a photograph of her feet. Defendants insist Your Honor excluded in all social media in your ruling on Defendants' MIL 13. Plaintiffs interpret the Court's ruling to exclude social media posts of others, including or those referencing news media, not Erika's recorded present sense impressions of her physical condition. P-30

**Exemplar 1.4** Photographs of minor child L.P. visiting with her mother Erika immediately prior to transplant surgery. P-118

2. Category 2 addresses plaintiff's experts' CVs and reliance material including certain of Erika Zak's medical records (prior informed consent forms and a history of prior surgery) and (UNOS records for which the Court has previously ruled (Doc. 409)), certain medical literature, medical imaging disclosed in expert reports, and three videos of ablation demonstrations.

**Exhibit 2 for Category 2 includes four exemplars.**

Plaintiff has withdrawn the following exhibit numbers from this category, including those with objections that argue they are not relevant to the standard of care in 2017:

P-182, P-184, P-186, P-189, P-192, P-196, P-197, P-199, P-201, P-202, P-205, P-206, P-207, P-208, P-209, P-210, P-211, P-212, P-213, P-214.

Plaintiff retains the following exhibit numbers of medical literature written by witnesses and without objections that argue they are not relevant to the standard of care in 2017:

P-181, P-185, P-187, P-188, P-190, P-191, P-193, P-194, P-198, P-200, P-203, P-204, P-215.

**Exemplar 2.1 Medical literature** I. Kurilova, Nancy Kemeny, Constantinos Sofocleous et al., *Radiation segmentectomy of hepatic metastases with Y-90 glass microspheres*, 46 Abdominal Radiology 3428 (February 19, 2021).



901 S. MoPac Expressway  
Bldg. 1, Suite #300  
Austin, Texas 78746  
Tel: 512-439-3200 | Fax: 512-439-3201

Plaintiff offered to withdraw foundational objections to Defendants medical literature and retain only substantive objections to those on 403 relevance grounds addressing treatment, equipment, and diseases not at issue in the case. Defense counsel is opposed and intends to pursue their foundation objections to Plaintiff's medical literature. Plaintiff therefore does not believe it can unilaterally withdraw ours on the risk the Court sustains their foundational objections.

Plaintiff will lay the proper foundation with his experts for any literature he uses at trial. Defendants' only remaining objection is relevance. Regarding post ablation literature, Plaintiff intends to offer the exemplar article to rebut Defendants' claims where the articles include admissions by the Defendants contradicting such claims. Defendant Dr. Sofocleous asserted that Radiation Segmentectomy was not a viable alternative for Erika Zak yet argues the opposite in this article. Plaintiff does not intend to argue post-ablation literature establishes a standard of care.

**Exemplar 2.2 Plaintiffs' experts' CVs** Curriculum Vitae of Dr. Ronald DeMatteo.

Defendants object to Expert Witness's CVs on grounds of hearsay, cumulative evidence, and waste of time. To the contrary, Plaintiffs' experts' credentials are voluminous and developing testimony of all their credentials in detail to protect the record of their qualifications will be a waste of time. Plaintiff asserts his experts' CVs are relevant to their qualifications and credentials and should be a part of the record in the event the case reaches an appeal.

The Court has excluded the following exhibit numbers from this category:

P-216, P-218, P220, P-222, and P-223.

**Exemplar 2.3 Radiological Imaging in Erika Zak's medical records included in expert reports** Imaging included in Dr. DeMatteo's report showing his measurements in millimeters of the distance from the tumor at issue and the critical structures in Erika's liver.

Radiological Imaging from Erika Zak's medical record reviewed by Plaintiff's experts and disclosed in their reports are relevant to their opinions and will assist the Court and the jury in understanding the evidence. Plaintiff will lay a proper foundation for those radiological images through each expert.

**Exemplar 2.4 YouTube videos of ablation demonstrations** Video produced by Ethicon comparing Microwave Ablation and Radio Frequency Ablation.

Plaintiff has withdrawn the following exhibit numbers from this category:

P-932, P-933.

The Court stated that one video would be admitted, Plaintiff has retained P-934 from this category.


901 S. MoPac Expressway  
Bldg. 1, Suite #300  
Austin, Texas 78746  
Tel: 512-439-3200 | Fax: 512-439-3201

Plaintiff intends to use videos produced by Ethicon and the University of Wisconsin Ablation Lab posted on the internet for educational purposes demonstrating the ablation process on bovine livers. This will assist the Court and the jury in understanding what the ablation process is and how it affects liver tissue.

Defendants object on the grounds of hearsay, relevance, that the video demonstrations are misleading and prejudicial.

3. **Category 3 addresses opposing parties' prior statements including video interviews and official web pages.**

**Exhibit 3 for Category 3 includes two exemplars**.

Plaintiff has withdrawn the following exhibit numbers from this category:

P-931, P-936, P-937, P-938, P-939, P-940, P-941, P-942, P-943, P-944, P-945, P-946, P-947, P-948, P949, P-950, P951, P-961, P-962.

**Exemplar 3.1** Dr. Sofocleous videotaped interview by Jennifer Ford, *Ablation for Lung Tumors: An Interview With Constantinos T. Sofocleous, MD, PhD*, INTERVENTIONAL ONCOLOGY, https://www.hmpgloballearningnetwork.com/site/iolearning/article/ablation-lung-tumors-interview-constantinos-t-sofocleous-md-phd?key=Constantinos+Sofocleous+and+lung+ablation&elastic%5B0%5D=brand%3A32056 (March 5, 2015) (including video of the interview)

**Exemplar 3.2** PDF of Official Website Pages of Memorial Sloan Kettering Cancer Center.

Defendants object on the grounds that the prior statements by Memorial and Dr. Sofocleous are cumulative, relevance, misleading, prejudicial, and improper impeachment material.

Memorial Sloan Kettering and Dr. Sofocleous's previous statements addressing relevant to the matters at issue in this case in their individual and representative capacities are admissions by a party opponent and the opposing party's prior statements. They are not cumulative of other evidence. His statements address interventional radiologists and oncologists training and preparation to decide upon which procedures to perform and how to train to perform such procedures. Memorial's web site pages address their approach to the treatment of cancer and make certain representations to prospective patients including Erika Zak. There is nothing misleading or prejudicial in such website pages or in a voluntary interview Dr. Sofocleous has given on the subjects at issue in this case. The admissibility of such admissions and prior statements does not turn on their status as separate impeachment evidence because such statements not hearsay under 801(d)(2).

4. **Category 4 addresses miscellaneous documentary damage evidence of plaintiff.**

4



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

**Exhibit 4 for Category 4 includes two exemplars.**

The following exhibit numbers from this category have been excluded:

P-963, P-967.

The Court stated that one page would be admitted, Plaintiff has revised P-966 to only include page ZAK_NY 020801.

**Exemplar 4.1** Minor Child L.P.'s Journal to her Mom.

Plaintiff's eight-year-old minor child L.P. began writing a journal to her deceased mother, Erika, in August 2022 and Plaintiff discovered the journal in September 2022. Plaintiff produced the four pages of the journal to Defendants on September 16, 2022.

Defendants object on the grounds of hearsay, that the evidence is cumulative, and prejudicial, and that Plaintiff did not disclose the evidence during discovery.

Given L.P.'s tender age, she is not expected to testify, but her damages are at issue in this case. The minor child's first-person thoughts about her mother's absence from her life are relevant, have adequate indicia of authenticity—Plaintiff, L.P.'s father, can testify to when and how he learned of the journal— and the journal pages of an eight-year-old will help the jury understand and appreciate the tender child's awareness of her loss. Finally, Plaintiff promptly produced the journal after its discovery.

Defendants have had adequate time to seek additional discovery about the journal if they were inclined to do so, notwithstanding that the child's journal and its discovery occurred following the close of discovery. The timing of the production does not prejudice Defendants in any unfair way. There is nothing they could not have sought leave of court to do following receipt of the material that they would not have had to seek leave of court to do if the material had been produced during the discovery period. Moreover, Defendants similarly forewent the opportunity to depose Plaintiff's designated rebuttal experts, relying on the hope the Court would grant their motion to exclude such witnesses. The Court then generously provided Defendants with ample time to depose those witnesses after the close of the discovery period. Defendants should not be heard to complain about such a production outside the discovery period given the unique circumstances.

**Exemplar 4.2** Plaintiff has included as an exhibit a citation to a webpage for the *Morgan Love Thomas Collaboration*. The artist Morgan Love Thomas organized this collaboration on behalf of Erika Zak and invited Erika and fellow artists to create artistic t-shirts raise awareness about cancer, cancer treatment, and cancer patient support.

Defendants object on the grounds of hearsay, that the evidence is cumulative, and prejudicial and that Plaintiff did not produce the link to the collaboration's website during discovery. Defendants also object on relevance grounds.



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

Plaintiff disclosed the collaboration during discovery by producing an image of the artist and Erika during the exhibit of the collaboration and identified the event. Defendants had an adequate opportunity during the discovery period to explore this collaboration and seek additional information if they were inclined to do so.

Finally, Plaintiff has included Erika's Memorial Program as an exhibit. (Plaintiff will redact Dr. Mayo's eulogy included in the program, which the Court previously excluded.).

Defendants assert the same objections regarding hearsay, cumulative evidence, and prejudice.

Plaintiff produced Erika's Memorial Program during discovery. It is not hearsay because Plaintiff is not offering the program for the truth of the matters asserted, but instead to demonstrate the impact Erika had on others during her life and to illustrate the magnitude her absence has had on her loved ones.

5. **Category 5 Demonstratives**

In accordance with the parties' agreement this Court's revised deadline, the parties submitted a list of demonstratives on February 28, 2023. The parties agreed to exchange these demonstratives and Rule 1006 summaries on March 10, 2023, and reserved their rights to object to those provided on the list to the Court. On March 10, Plaintiff included 24 items on its list and produced 24 demonstratives to Defendants. Defendants have reserved their objections.

The Defendants maintain their objections to Plaintiff's remaining exhibits.  The parties have met and conferred and seek the Court's guidance on how best to resolve these issues.

Respectfully submitted,
HENDLER FLORES LAW, PLLC

By: _____
Scott M. Hendler
shendler@hendlerlaw.com
Laura A. Goettsche
lgoettsche@hendlerlaw.com
**ATTORNEYS FOR PLAINTIFF**

6