

901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

March 16, 2023

***VIA ECF FILING ONLY***
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re**:** *Powers v. Memorial*; Docket No. 1:20-cv-02625; **Plaintiff's Letter on Objections to Demonstratives for Use in Opening and with Dr. DeMatteo**

Dear Judge Schofield:

During the final pretrial conference, Your Honor requested objections on demonstratives that the parties intend to use during opening or with Plaintiff's first witness, Dr. Ronald DeMatteo. The Defendants have tendered two demonstratives for this purpose:

## PD-21

Defendants have tendered demonstrative exhibit DD-21 as a shorthand but flawed illustration of a complex medical phenomena they refer to as "Heat Sync."

There are two different and distinct kinds of thermal ablation: radiofrequency ablation and microwave ablation. In this case, there is no dispute that Dr. Sofocleous performed a microwave ablation. The illustration is a caricature of the phenomenon Defendants refer to as "Heat Sync," as apples to radiofrequency ablation, and not to microwave ablation in the way the cartoon analogy depicts.

Plaintiff objects to the inclusion of this illustration under Federal Rule of Evidence 403 because it is misleading and substantially more prejudicial than probative. We ask the Court to strike the demonstrative.

## PD-22

Defendants also tender exhibit DD-22. This demonstrative is two images of a liver. The first is not labeled, and Plaintiff's assume it is intended to be Ms. Zak's liver prior to the ablation. The images also have two measurements. These measurements do not exist independently anywhere in the medical record.



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

None of Defendants' experts disclosed any such measurement in their expert reports or testimony. Defendants have never produced any radiological images containing any measurements in discovery. In fact, none of Defendants' experts disclosed any specific measurement from the lesion at issue to any point in the liver in their reports or their testimony.

Defendants may not present expert testimony that they failed to disclose in discovery. FRCP 26(a)(2)(D). It follows, then, that they may not use demonstratives to explain opinions that they never proffered before now, on the eve of trial. Neither may Defendants present demonstratives using scientific and technical information without an expert witness under Federal Rule of Evidence 702. We ask the Court to strike these two demonstratives and any expert opinion testimony of specific measurements Defendants failed to disclose during expert discovery.

Respectfully submitted,
HENDLER FLORES LAW, PLLC

By: _____

Scott M. Hendler
shendler@hendlerlaw.com
Laura A. Goettsche
lgoettsche@hendlerlaw.com
**ATTORNEYS FOR PLAINTIFF**