

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

BETSY D. BAYDALA
DIRECT: 212.994.6538
BBAYDALA@KBRLAW.COM

March 16, 2023

<u>VIA ECF FILING ONLY</u>

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:     Powers v. Memorial Sloan Kettering Cancer Center, et al.
        <u>Docket No.     :                              1:20-cv-02625</u>

Dear Judge Schofield:

Defendants respectfully submit their objections to Plaintiff's demonstratives he intends to use in opening and/or their first witness after having a meet and confer with Plaintiff's counsel today. Defendants have no objections to PD-5, PD-15, PD-16, and PD-17.

- **<u>PD-1: an educational model of a liver</u>**

Defendants reserve their right to assert any objections upon receipt and/or review of this demonstrative.

- **<u>PD-4: illustration of the scale 1-10</u>**

These illustrations are unduly prejudicial. A demonstrative of the simple concept of the scale of 1-10 is unnecessary to assist the jury understand the easily understood concept of "greater than an 8 or 9" and/or "higher than an 8 or 9". The sole purpose of these illustrations is to inflame the jury and they should be precluded.

- **<u>PD-6: medical illustrations of Ms. Zak's pre-ablation</u>**

Defendants have no objections, except for page 7, which includes a radiological image of a series/film not contained in Memorial's set of images. There is no such corresponding 3/21/17 PET scan image that is Series 601 image 6 of 9. Defendants ask that this page be deleted or swapped for an actual image. Plaintiff's counsel has agreed to look into this.

- **PD-7: medical illustrations of the April 10, 2017 ablation**

Defendants object to page 1 in that all three setting examples are "in Bovine Liver, Ex-Vivo", (dead cow), and not an accurate depiction of performing an ablation on live human, liver tissue.

Defendants object to pages 3-10 because the "illustrations" purport to be actual radiology images, but are not. Enclosed as **Exhibit "A"** is an exemplar of how plaintiff has improperly manipulated the images. **Exhibit "A"**, p. 1 is the actual radiology image that is supposed to correspond to Plaintiff's PD-7, p. 3, but does not. To the extent Plaintiff has the wrong image citation, **Exhibit "A"**, pp. 2-3 are examples of the actual radiology images containing probes. Accordingly, Plaintiff manipulated the images in some form that is in no way verifiable and not representative of the radiology images in evidence, which is misleading to the jury and unduly prejudicial. These are demonstratives masquerading as actual images and should be precluded.

Plaintiff's counsel advised they are checking with their medical IT person.

- **PD-8: medial illustrations of Ms. Zak's post-ablation**

Defendants object to page 2 in that the citation is wrong. The actual image number is 27, not 29. In addition, the dates of the illustration and the actual imaging do not match on pages 20 and 34. Plaintiff's counsel advised they will check on these.

   a. Inflammatory and misleading hybrid illustrations of radiology images

Defendants object to the illustrations of Ms. Zak's radiology images as not accurate depictions of the actual radiology images. The illustrations are hybrid of radiology imaging and the anatomy of the liver, which is a distortion of the evidence. For example, page 3 implies total destruction of the liver, but the actual radiology image on page 2 identifies structures still seen in the liver. The illustrations are highly inflammatory and unduly prejudicial because the jury will interpret them as real-life recreations of the radiology evidence that they will accept as true. In addition, as Plaintiff's own experts have testified, the ablation zone contracted over time. Compare page 14 with page 13 as the first example; compare page 29 with page 30 as another example. Therefore, Plaintiff's illustrations that keep the size of the ablation zone unchanged over time is a further mischaracterization of the evidence, which is misleading and unduly prejudicial.

   b. Plaintiff has no expert testimony to connect the July 4, 2017 embolization to the April 10, 2017 ablation

Defendants further object to pages 27-37 in that they concern the embolization performed on July 4, 2017. None of Plaintiff's experts offered any opinions regarding the July 4, 2017 embolization and how, if at all, it was related to the April 10, 2017 ablation. Therefore, Plaintiff cannot lay the proper foundation for the introduction of these illustrations.

Case 1:20-cv-02625-LGS   Document 426   Filed 03/16/23   Page 3 of 4

Powers v. Memorial, et al.
Page 3 of 4

- **PD-9: medical illustrations of Ms. Zak's radiology**

Defendants object to the inflammatory and misleading hybrid illustrations of radiology images as discussed above in PD-8, Point a. throughout PD-9 (pages 1-3, 5, 6).

Defendants also object to the multiple and cumulative depictions of the biliary drains in relationship to embolization coils at pages 7-26 as lacking any expert testimony/foundation to demonstrate same as discussed above in PD-8, Point b.

- **PD-10: medical illustration of before and after**

Defendants object to the inflammatory and misleading hybrid illustrations of radiology images in pages 1 and 3 as discussed above in PD-8, Point a. Plaintiff's argument is adequately illustrated in pages 2 and 4, of which Defendants have no objection.

- **PD-11: medical illustrations and images of thermal energy and microwaves**

Defendants object to page 1 in that the chart attempts to introduce otherwise inadmissible material. It appears that Plaintiff is attempting to interpret the "Call Home" data from the ablation machine; however, there is no expert testimony that can interpret same. Plaintiff's expert, Dr. Navuluri, testified that he has not seen that type of data before. See **Exhibit "B"**, T.160:21-161:11. Dr. Navuluri further testified that he did not know if the "Call Home" data was raw data or not. Id., T.161:12-162:3. Plaintiff's expert, Dr. DeMatteo, testified that he was not aware of ablation machines being able to download data from a procedure. See **Exhibit "C"**, T.121:8-13. There is no foundation for this demonstrative, which is unduly prejudicial and misleading.

Defendants have no objections to the microwave popcorn images as depicted in pages 2-3.

- **PD-12: supporting reconstruction documents and illustrations**

Defendants object to the entirety of PD-12 and the use of an unknown CT reconstruction software, which demonstratives Defendants are unable to verify the accuracy of. The reconstruction software images demonstrate the equivalent of expert testimony by taking the position as to the location of the bile leak and its degree. This demonstrative evidence is unduly prejudicial to Defendants as they are without the ability to cross-examine the creator of these reconstruction images.

- **PD-13: a set of demonstrative medical illustrations**

Defendants object to pages 1-16, which modify and misinterpret the NCCN guidelines, which are admitted in evidence. For example, Plaintiff's demonstrative places ablation and radiation (SBRT) on the same level, which is not accurate as per the NCCN guidelines. Indeed, the NCCN guidelines did not recommend radiation (SBRT) as standard of care.

In addition, Plaintiff is attempting to introduce otherwise inadmissible material by including information regarding the immunotherapy Pembro in pages 13-16. Your Honor ruled that there

are no claims in this case regarding immunotherapy. See Doc. 409, No. 7. To allow this demonstrative would be misleading, confuse the issues, and be prejudicial.

Defendants further object to the inflammatory and misleading hybrid illustrations of radiology images in pages 18-19 as discussed above in PD-8, Point a.

- **PD-21: an animation of the 4/10/17 CT scans**

Defendants object to the entirety of PD-21 as inflammatory and misleading hybrid illustrations of radiology images as discussed above in PD-8, Point a.

- **PD-22: a visual timeline of relevant events in Ms. Zak's medical history**

Defendants object to the bottom right "CANCER FREE" blue arrow. Plaintiff is attempting to introduce otherwise inadmissible material by including this arrow. Defendants filed a motion *in limine* to preclude any testimony or insinuations that Ms. Zak's cancer had been cured. Your Honor denied this portion of Defendants' motion "as moot based on Plaintiff's representation that he does not intend to argue at trial that Ms. Zak was 'cured' of cancer at the time of her death." See Doc. 409, No. 8. Plaintiff's cancer free arrow seeks to undercut that ruling and should be precluded as misleading, confusion of the issues, and unduly prejudicial.


Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Betsy D. Baydala

Betsy D. Baydala


cc:  via ECF filing

    Hendler Flores Law, PLLC
    1301 West 25th Street, Suite 400
    Austin, Texas 78705
    shendler@hendlerlaw.com
    lgoettsche@hendlerlaw.com

    Dodd Law Firm, P.C.
    3825 Valley Commons Dr., Suite 2
    Bozeman, MT 59718
    matt@doddlawfirmpc.com