

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

ANDREW S. KAUFMAN
DIRECT: 212.994.6501
AKAUFMAN@KBRLAW.COM

March 16, 2023

VIA ECF FILING ONLY

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:   Powers v. Memorial Sloan Kettering Cancer Center, et al.
      Docket No.     :                       1:20-cv-02625

Dear Judge Schofield:

In follow-up to the Pretrial Conference held on March 14, 2023, we respectfully address the issues that were raised *ad seriatum*:

1. We informed Plaintiff's counsel of the two demonstratives we may use during openings and the first witness (i.e., DD-22 illustration of heat sync, and DD-22 radiographic image with measurements of the distances from the lesion).  As Your Honor suggested, we will continue to provide counsel and the Court with any additional demonstrative exhibits as they become relevant and are completed.  Our objections to the demonstratives Plaintiff advised us they intend to use during opening and their first witness has been filed.  See Doc. 426.

2. Plaintiff's counsel advised that the one YouTube video they seek to introduce is P-934, which is a video of a deceased Bovine liver using microwave vs. radiofrequency ablation.  It purports to be a demonstrative and is offered for that purpose, but in reality, it is a video of an actual ablation under much different circumstances than the one in this case.  It is not an accurate portrayal of what occurs during a live human ablation and is misleading and prejudicial in that respect.  Moreover, the ablations depicted on the YouTube video contain a clock that shows the ablation occurring at a much more rapid rate than it actually does in a living human.  The ablation performed at issue in this case was performed at slower and lower energy levels than depicted in this video.  Since plaintiff claims an excessive amount of time and energy were used this video is misleading and unduly prejudicial.

3. The 2021 article entitled, "*Radiation segmentectomy of hepatic metastases with Y-90 glass microspheres*" (P-197) does not represent the standard of care in 2017 for a variety of reasons on which we would be happy to elaborate.  We therefore object to its use at trial.

NEW YORK          NEW JERSEY          CONNECTICUT          CALIFORNIA

8885265

4. Regarding the pedal edema photo (P-30), we believe it was taken in the Summer of 2018 or 2019 and reflects Ms. Zak's condition at that time due to a variety of reasons, but not as a direct consequence of the April 10, 2017 ablation.

5. We have considered our position on Plaintiff's expert Dr. Shah as a rebuttal witness and have reviewed his report. We believe he could have, and should have, been designated as a primary witness on causation of the ablation damage, and in any event, Dr. Navuluri covers these issues in his expert report. Therefore, we consider Dr. Shah's testimony to be cumulative.

6. Based on the exhibits submitted by Plaintiff we will be filing a letter motion seeking to preclude plaintiff's expert economist's testimony at trial.

Lastly, prior to the March 14, 2023 Pretrial Conference we had preliminarily lined up our expert witnesses for April 6th and 10th, and had not anticipated that the time limits Your Honor has placed on us could potentially result in all testimony ending on April 6th, although you mentioned that testimony might spill over to the 10th. Two of our experts (Dr. Bernstein, who may testify, and Dr. Fischman, who will testify) are not available on the 5th or 6th due to the Passover holiday. Therefore, we respectfully ask the Court's indulgence in permitting these witnesses to testify on April 10, 2023 in-person as Defendants' last witnesses.

We are also concerned that certain members of the jury may not be able to sit late in the day on April 5th and 6th due to the Passover holiday. We met and conferred with Plaintiff's counsel about this and other matters and he has no objection to ending a bit early on April 5th and/or 6th, but understand that scheduling is completely at Your Honor's discretion. In all other respects we intend be prepared to proceed as directed.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Andrew S. Kaufman

Andrew S. Kaufman

cc: via ECF filing

    Hendler Flores Law, PLLC
    1301 West 25th Street, Suite 400
    Austin, Texas 78705
    shendler@hendlerlaw.com
    lgoettsche@hendlerlaw.com

    Dodd Law Firm, P.C.
    3825 Valley Commons Dr., Suite 2
    Bozeman, MT 59718
    matt@doddlawfirmpc.com