

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600    FAX: 212.980.9291    WWW.KBRLAW.COM

BETSY D. BAYDALA
DIRECT: 212.994.6538
BBAYDALA@KBRLAW.COM

March 16, 2023

VIA ECF FILING ONLY

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:    Powers v. Memorial Sloan Kettering Cancer Center, et al.
       Docket No.    :                              1:20-cv-02625

Dear Judge Schofield:

Defendants respectfully submit this letter motion seeking leave to file a motion *in limine* to preclude Plaintiff's expert economist, Stan V. Smith, from testifying at trial given the lack of any evidence to support Plaintiff's claims for lost earnings.  We informed Plaintiff's counsel during today's meet and confer that we would be seeking leave to preclude their economist.

Defendants previously filed a motion *in limine* to preclude Plaintiff's expert economist.  Your Honor ruled that the motion was denied without prejudice to any future motion challenging the sufficiency of the evidence.  See Doc. 409, No. 6.  Now that all the potential exhibits to be submitted in evidence have been presented to the Court, Defendants respectfully submit that preclusion of Plaintiff's expert economist is warranted given the lack of any documentary evidence to support a claim of lost earnings, and aside from Plaintiff's inadmissible hearsay testimony, a lack of any evidentiary basis at all.

Significantly, none of Ms. Zak's W-2s, tax returns, employment file, or any actual expenditures to support Plaintiff's claim for lost earnings and Smith's calculations of economic losses were requested to be in evidence.  Consequently, the only potential evidence at trial to support Plaintiff's claim of lost earnings would be solely inadmissible hearsay testimony.  Accordingly, Smith's anticipated testimony should be excluded as wholly unsubstantiated and lacking the required reasonable certainty.

It is well-established that a claim for lost earnings must be dismissed when the plaintiff is unable to establish the alleged damages with reasonable certainty.  In DelValle v. White Castle System, Inc., 277 A.D.2d 13 (1st Dept. 2000), the First Department vacated the jury's award for past and future lost earnings, holding that:

    The award for past and future lost wages, however, was based only on plaintiff's testimony regarding prior employment, unsubstantiated by any tax

returns or W-2 forms, and his current employment of less than two weeks. Thus, plaintiff's past and future earnings were not established with reasonable certainty and the award therefore cannot be permitted to stand.

DelValle, 277 A.D.2d at 13,14 (1st Dept. 2000).  In Martinez v. Royal-Pak Systems, 300 A.D.2d 198 (1st Dept. 2002), the First Department affirmed the trial court's order dismissing plaintiff's claim for past lost earnings, holding that, "Plaintiff's testimony as to his past earnings, unsubstantiated by tax returns, W-2 forms or other relevant documents, was insufficient, as a matter of law, to show any loss of past earnings."  In Orellano v. 29 East 37th Street Realty Corp., 4 A.D.3d 247 at 248 (1st Dept. 2004), the First Department affirmed the trial court's order vacating the jury's award of damages for past and future lost earnings, holding once again that, "Plaintiff's testimony as to his past earnings was unsubstantiated by tax returns, W-2 forms or other relevant documents, and thus insufficient as a matter of law to show any loss of earnings." See also, Dmytryszyn v. Herschman, 98 A.D.3d 715 (2nd Dept. 2012); Lane v. Smith, 84 A.D.3d 746 (2nd Dept. 2011); Eun Sook Maing v. Po Ching Fong, 71 A.D.3d 1077 (2nd Dept. 2010).

In order to satisfy the "reasonable certainty" requirement, the plaintiff must provide documentation to substantiate her claim for lost earnings.  In Deans v. Jamaica Hospital Medical Center, the Court held that:

> A party claiming lost earnings has the burden of proving the amount of actual past earnings with reasonable certainty by means of tax returns or other documentation.

Deans, 64 A.D.3d 742 at 744 (2nd Dept. 2009).  Likewise, in Ferrigno v. County of Suffolk, 60 A.D.3d 726 (2nd Dept. 2009), the Court held that a plaintiff is not entitled to an award for lost earnings in the absence of documentary evidence to support his claim.  In State Farm Mutual Auto Insurance Company v. Stack, 55 A.D.3d 594 (2nd Dept. 2008), the Court held that plaintiff's testimony that he lost income as a result of his injuries was insufficient to establish his alleged lost earnings with reasonable certainty because he failed to substantiate his claim with any financial records such as tax returns.  See also Brooks v. Outbound Marine Corp., 234 F.3d 89, 92 (2d Cir. 2000).

Here, Plaintiff's claims for lost earnings and his expert's calculations on lost earnings are wholly unsubstantiated.  Plaintiff has not provided any accounting books, pension books, receipts, pay stubs, W-2 forms, tax returns, or any other type of documentation to support this claim. Consequently, Plaintiff and his expert should be precluded from testifying as to lost earnings because Plaintiff is unable to establish any lost earnings with reasonable certainty as is required as a matter of law.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Betsy D. Baydala

Betsy D. Baydala

KAUFMAN BORGEEST & RYAN LLP

2

8885501

Powers v. Memorial, et al.
Page 3 of 3

cc:    <u>via ECF filing</u>

        Hendler Flores Law, PLLC
        1301 West 25th Street, Suite 400
        Austin, Texas 78705
        shendler@hendlerlaw.com
        lgoettsche@hendlerlaw.com

        Dodd Law Firm, P.C.
        3825 Valley Commons Dr., Suite 2
        Bozeman, MT 59718
        matt@doddlawfirmpc.com

KAUFMAN BORGEEST & RYAN LLP

8885501