UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
SCOTT POWERS,                                                 :
                              Plaintiff,           :       20 Civ. 2625 (LGS)
:
           -against-                                         :       ORDER
:
MEMORIAL SLOAN KETTERING CANCER                               :
CENTER, et al.,                                               :
                              Defendants.          :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on March 13, 2023, the parties each filed a letter identifying disputes regarding the admissibility of five categories of their exhibits. On March 14, 2023, the final pre-trial conference was held. Plaintiff was directed to review his proposed exhibits, meet and confer with Defendants, and file a revised version of his March 13 letter, identifying any intended exhibits still in dispute. On March 16, 2023, Plaintiff filed a revised letter. The parties' disputes are resolved below. All references to Rules are to the Federal Rules of Evidence. It is hereby

       **ORDERED** that Defendants' objections to the pre- and post-ablation photos, videos, and first-person statements of Erika Zak, as described in Category 1 of Plaintiff's revised letter at Dkt. 424, are **SUSTAINED IN PART AND OVERRULED IN PART**. The following exhibits are excluded under Rule 403: P-97, P-119, P-152, P-153, P-156, P-159, P-161, P-163 and P-175. The risk of unfair prejudice from these exhibits substantially outweighs their probative value and Plaintiff has less prejudicial evidence that goes to substantially the same point. The following exhibits are permitted, for the reasons discussed at the final pre-trial conference: P-28, P-30, P-31, P-35, P-37 and P-40. Defendants' objections to P-30, a photo indicating edema in Erika Zak's feet, are overruled because this evidence is relevant to causation and Defendants will have the opportunity to cross-examine any witness

who offers testimony with respect to P-30.  Plaintiff may introduce up to twenty of the following exhibits: P-50, P-61, P-66, P-69, P-76, P-78, P-80, P-83, P-93, P-94, P-95, P-99, P-100, P-102, P-115, P-116, P-118, P-123, P-125, P-132, P-134, P-136, P-139, P-141, P-149, P-166 and P-171.  Introduction of more than twenty of these exhibits would be cumulative and prejudicial under Rule 403.  It is further

**ORDERED** that Defendants' objections to medical literature, as described in Category 2 of Plaintiff's revised letter at Dkt. 424, are **SUSTAINED IN PART AND OVERRULED IN PART**.  The following exhibits are excluded on grounds of relevance under Rule 401: P-188 and P-203.  The following exhibits are permitted under Rule 801(d)(2): P-181, P-185, P-187, P-191, P-198, P-200 and P-204.  The following exhibits are excluded, but counsel may question witnesses using the exhibits per Rule 803(18): P-190, P-193, P-194 and P-215.  The ablation demonstration in a bovine cadaver, P-934, is excluded under Rule 403 for the reasons stated in point 2 of Defendants' letter at Dkt. 427.  It is further

**ORDERED** that Defendants' objection to the diary of Plaintiff's daughter L.P.'s, P-966, is **OVERRULED**, to the extent that the first page of the exhibit may be introduced and any further pages are excluded under Rule 403, for the reasons discussed at the final pre-trial conference.

\*     \*     \*

Defendants' objections to Plaintiff's exhibits are **SUSTAINED IN PART AND OVERRULED IN PART**, in accordance with this Order.

The Clerk of Court is respectfully directed to enter the preceding paragraph as the disposition on the docket.  The Clerk of Court is further directed to close the motions at Dkt. Nos. 423 and 424.

Dated:  March 20, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**