```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SCOTT POWERS,                                                :
                                       Plaintiff,            :   20 Civ. 2625 (LGS)
                                                             :
              -against-                                      :   ORDER
                                                             :
MEMORIAL SLOAN KETTERING CANCER                              :
CENTER, et al.,                                              :
                                       Defendants.           :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, following the final pre-trial conference and at the Court's direction, the parties filed objections and responses regarding their respective demonstrative aids to be used in opening statements and for the testimony of Dr. Ronald DeMatteo, Plaintiff's first witness. It is hereby

**ORDERED** that Plaintiff's objections to Defendants' demonstrative aids are **OVERRULED**. DD-21 is an illustration labelled "Heat Sync" and is admissible because it is relevant under Rule 401, and Plaintiff has not sufficiently shown that it would be substantially more prejudicial than probative under Rule 403. DD-22 is a radiological image of Erika Zak's liver with measurements added. Plaintiff's objection that these measurements were not disclosed in discovery is overruled, because Defendants' experts discuss the size and location of tumors in their reports, see, e.g., Fischman Report at 4, and to the extent that the measurements are derived directly from the CT scans, the parties have had equal access and ability to take measurements from them. It is further

**ORDERED** that Defendants' objections to Plaintiff's demonstrative aids are **SUSTAINED IN PART, OVERRULED IN PART and RESERVED IN PART**, as follows:

- Defendants' objection to PD-4 is sustained as unduly prejudicial under Rule 403. The Court permitted the numerical ranking testimony on the ground that it is analogous to adverbs like "poor" or "extremely poor" in Dkt. 409 denying Defendants' motion in limine No. 12. The Court similarly would not allow an exhibit with the word "POOR" printed in red letters, the analogue to Plaintiff's proposed exhibit.
- Defendants' objection to PD-6, page 7 is overruled for the reasons stated by Plaintiff at Dkt. 430. At Defendants' request, Plaintiff shall make available to Defendants Plaintiff's radiology viewer.
- Defendants' objections to page 1 and pages 3-10 to PD-7 are overruled in part and reserved in part.
    - The objection to page 1, that the examples given refer to ablations in bovine cadaver livers, is overruled, provided that the corresponding PX number is identified on the page, and that the page is labelled "In Bovine Liver, Ex-Vivo." (Plaintiff shall provide the Court an updated digital copy of P-924 by **March 24, 2023,** as the current version is not readable.) These examples are admissible for the reasons stated in Dkt. 409 denying Defendants' motion in limine No. 1(c). For clarity, Defendants' argument that ex-vivo bovine liver ablations are dissimilar from live human liver ablations is an argument for the jury and not a basis to preclude evidence. The videos of the bovine liver ablation, P-934, were excluded because of the risk of prejudice resulting from a lay jury seeing a medical procedure performed rather than merely described.

- o   The ruling on Defendants' objection to pages 3-10 of PD-7 is reserved. These images may not be used in Plaintiff's opening statements. Plaintiff shall lay the foundation for the images and their creation through Dr. Matteo before presenting them, and then ask in open court if they may be published to the jury. Defendant may object or seek to question the witness on foundation before they are published.
- Defendants' objections to PD-8 are overruled in part and reserved in part.
    - o   The objection regarding the incorrect slide number on page 2 is overruled, provided that Plaintiff corrects the error. The objection to the mismatched dates on pages 20 and 34 is overruled, provided that Plaintiff removes the dates on the slides and retains the dates in the upper left-hand corner.
    - o   The ruling on Defendants' objection that the hybrid illustrations of radiological images are misleading -- e.g. by implying total destruction of the liver and that the size of the ablation zone was unchanged over time -- are reserved. Hybrid illustrations are permissible as long as they substantially reflect the images in evidence in material respects. The parties shall meet and confer to agree on the illustrations. To the extent they cannot agree, they shall be prepared to argue their positions in person on **March 28, 2023 at 11:15 A.M.**
    - o   The objection to pages 27 to 37 regarding the July 4, 2017, embolization is overruled for the reasons stated in Plaintiff's response in Dkt. 430.
- Defendants' objections to PD-9 are overruled in part and reserved in part.

- o   The objections to hybrid illustrations are overruled.  As stated above, hybrid illustrations are permissible as long as they substantially reflect the images in evidence in material respects.  Defendant has not identified any material fact or circumstances that is misrepresented by the illustrations.
  - o   The objections to the depictions of the biliary drains in relation to the embolization coils as cumulative is overruled because they depict different points in time.  The objection that they are lacking in expert testimony / foundation is reserved.  Plaintiff shall submit a letter addressing the same by **March 24, 2023**.
- Defendants' objections to PD-10 are overruled.  As stated above, hybrid illustrations are permissible as long as they substantially reflect the images in evidence in material respects.  Defendant has not identified any material fact or circumstance that is misrepresented by the illustrations.
- Defendants' objection to page 1 of PD-11 – which appears to be a chart for filling in the time and wattage data from Ms. Zak's ablation -- is overruled for the reasons stated in denying Defendants' motion in limine No. 1(a).  Defendant may cross-examine regarding the meaning of the data.  Plaintiff's experts shall not offer any previously undisclosed opinions.
- Decision is reserved with respect to Defendants' objection to PD-12.  These images may not be used in Plaintiff's opening statements.  Plaintiff shall lay the foundation for the images and their creation through expert testimony before presenting them, and then ask in open court if they may be published to the jury.  Defendant may object or seek to question the witness on foundation before they are published.

- Defendants' objections to PD-13 are overruled.
    - The objection with respect to stereotactic body radiation therapy (SBRT) is overruled because the demonstrative aid accurately reflects the NCCN guidelines for the reasons given by Plaintiff in Dkt. 430.
    - The objection with respect to immunotherapy is overruled as moot in light of Plaintiff's representation that he will remove the reference.
- Defendants' objection to PD 21, an animation of hybrid illustrations, is overruled. Like the hybrid illustrations, the animation is permissible as long as it substantially reflects the images in evidence in material respects. Defendant has not identified any material fact or circumstance that is misrepresented by the animation.
- Defendants' objection to PD-22 is sustained. Plaintiff shall remove the reference to Ms. Zak being "cancer free" as she had metastatic cancer. The distinction between "cancer free" and "cured of cancer" that Plaintiff seeks to draw is likely to confuse the jury.

\*   \*   \*

The parties' objections to each other's demonstrative aids are sustained in part and overruled in part in accordance with this order. Plaintiff shall provide the Court a copy of P-924 via email by **March 24, 2023**. The parties shall meet and confer and file a letter by **March 24, 2023**, identifying any remaining areas of dispute or stating that there are none. Regarding demonstrative aids for use later in the trial, the parties are reminded to present disputes for judicial resolution as soon as possible and no later than two trial days before the expected use.

The Clerk of Court is respectfully directed to enter the preceding paragraph as the disposition on the docket. The Clerk of Court is further directed to close the motions at Dkt. 425 and 426.

Dated: March 21, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE