

901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

March 21, 2023

**VIA ECF FILING ONLY**
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re**:** *Powers v. Memorial*; Docket No. 1:20-cv-02625; **Plaintiff's Response to Defendants' Letter for Leave to File a Motion in Limine to Preclude Plaintiff's Economist**

Dear Judge Schofield:

Plaintiff files this letter in opposition to Defendants' pre-conference motion letter seeking leave to once again, move "to preclude Plaintiff's expert economist, Stan V. Smith, from testifying at trial" for lack of "documentary evidence." (Doc. 428) Specifically, Defendants challenge the information Dr. Smith relied upon to reach his expert opinion.

Defendants first challenged Dr. Smith's economic loss opinions in their summary judgment motion. (Doc. 229). The Court denied this motion. (Doc. 248). In Motion in Limine No. 6, Defendants again sought preclusion, this time on the same basis as the instant motion— that Dr. Smith did not review "Ms. Zak's W-2s, tax returns, employment file, or any actual expenditures." (Doc. 300 at 4.) The Court denied their motion. (Doc. 409). This latest request attacks the weight, rather than the admissibility of expert testimony. The Court should deny Defendants' request for leave because the motion lacks merit.

The gravamen of Defendants' motion for leave to exclude Dr. Smith goes to the sources he relied upon to form his expert opinion. Defendants point to a list of documents they contend should have been considered by Dr. Smith. However, that is not a legitimate basis to exclude his testimony. "While the court may not abdicate its gatekeeping responsibility to ensure the evidentiary reliability of expert testimony, it typically must "accord an expert wide latitude in choosing the sources on which to base his or her opinions." *Ruffin v. United States*, 219 A.3d 997, 1007 (D.C. 2019); *See also Cooper v. Carl A. Nelson & Co.,* 211 F.3d 1008, 1020 (7th Cir. 2000) ("Experts in various fields may properly rely on a variety of sources and may employ a similar wide choice of methodologies in developing an expert opinion.")."Therefore, '[i]n most cases...objections to the reliability of out-of-court material relied upon by [an expert] will be treated as affecting only the weight, and not the admissibility of the [expert testimony]." *Ruffin*, 219 A.3d at 1007; *McCullock*, 61 F.3d at 1044.

Defendants cite several cases regarding the sufficiency of plaintiff's own testimony to establish past and future earnings. (Doc. 428 at 1–2). None of these cases support Defendants' position. The cases are limited to opinions offered by plaintiffs as witnesses on their own behalf. None of the cited cases address expert testimony**.** *See DelValle v. White Castle System, Inc.,* 277 A.D.2d 13, 14 (1st Dept. 2000) ("The award for past and future lost wages, however was based solely on plaintiff's testimony…."); *Martinez v. Royal-Pak Systems*, 300 A.D.2d 198 (1st Dept. 2002)



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

("Plaintiff's testimony as to his earnings...."); *Orellano v. 29 East 37th Street Realty Corp.*, 4 A.D.3d 247, 248 (1st Dept. 2004) ("Plaintiff's testimony as to his past earnings..."). Defendants' authority is not persuasive. Dr. Smith is an expert and enjoys, "wide latitude in choosing the sources on which to base his or her opinions." *Ruffin* 219 A.3d at 1007.

Federal Rule of Evidence 703 provides the standard upon which experts may base their opinions: "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." FRE 703. It is immaterial if the information relied upon by plaintiff's expert is inadmissible. "[T]he facts relied upon by an expert in forming an opinion need not be admissible in evidence." *Castaldi v. Land Rover N. Am., Inc.*, 363 F. App'x 761, 762 (2d Cir. 2009) (citing FRE 703). Defendants fail to offer any controlling authority that the information Dr. Smith relies upon is anything other than that which experts in his field reasonably rely upon.

The Second Circuit has made clear that trial judges are not charged with "...evaluating witness credibility and weight of the evidence, the ageless role of the jury." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1045 (2nd Cir. 1995). As the Second Circuit has stated: "On cross-examination, an attorney is free to challenge an expert's methodology, her conclusions, and the bases of her conclusions. To the extent that the reliability of certain facts accepted by an expert is questionable, the exercise and process of cross-examination allow a defendant to bring any such factual disputes to the attention of the jury." *Howard v. Walker*, 406 F.3d 114, 127 (2nd Cir. 2005). Defendants may cross-examine Dr. Smith on the sufficiency of the information he reviewed to reach his opinions. And in light of Plaintiff's supplementation narrowing Dr. Smith's testimony to Erka Zak's potential lost earnings, no basis exists to exclude Dr. Smith. "[T]he rejection of expert testimony is the exception rather than the rule." FRE 702, Advisory Committee's Note.

Plaintiff respectfully submits that the Court should deny Defendants' motion for leave to renew their motion in *limine* to exclude Dr. Smith.

Respectfully submitted,
HENDLER FLORES LAW, PLLC

By: _____
Scott M. Hendler
shendler@hendlerlaw.com
Laura A. Goettsche
lgoettsche@hendlerlaw.com
**ATTORNEYS FOR PLAINTIFF**

2