

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

BETSY D. BAYDALA
DIRECT: 212.994.6538
BBAYDALA@KBRLAW.COM

March 25, 2023

VIA ECF FILING ONLY
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:   Powers v. Memorial Sloan Kettering Cancer Center, et al.
      Docket No.   :                          1:20-cv-02625

Dear Judge Schofield:

Defendants submit this letter in opposition to Plaintiff's letter regarding Plaintiff's Demonstrative PD-9 depicting embolization coils in relation to biliary drains.

Plaintiff contends that his expert, Dr. DeMatteo "maintains that the ablation caused the injury to the hepatic artery, and that this injury is what ruptured in July [2017], requiring emergency embolization." However, no where in Dr. DeMatteo's expert report is this opinion found. Previously, the Court effectively ruled in response to Defendants' *motion in limine*, that Dr. DeMatteo was not involved in Ms. Zak's care and treatment after she left Memorial in May 2017.  See Doc. 409, No. 4. Indeed, Dr. DeMatteo did not state in his expert report that he even reviewed the records from OHSU where the embolization was performed on July 4, 2017.

Accordingly, Defendants respectfully ask the Court to preclude Dr. DeMatteo's anticipated trial testimony regarding the cause of Ms. Zak's ruptured hepatic artery on July 4, 2017 requiring embolization given Dr. DeMatteo's failure to sufficiently disclose the factual basis for such an opinion under FRCP 26(a)(2)(B)(ii).

Similarly, as discussed in more detail in Defendants' letter opposition to Plaintiff's request for the Court to reconsider having precluded Dr. Coakley as cumulative, Plaintiff's expert, Dr. Coakley, offered no expert opinions in his report regarding the cause of the July 4, 2017 embolization.  See Doc. 441. Indeed, Dr. Coakley's expert radiological opinions end as of June 2017. In addition, contrary to Plaintiff counsel's representation, not once did Dr. Coakley testify at his deposition about "embolization coils" or the "hepatic arterial infusion pump catheter." Having not testified as to where "the coil was placed" or where the HAI pump catheter was located, Dr. Coakley also did not testify about the relation of the biliary drains, embolization coils, or the HAI pump catheter.

NEW YORK          NEW JERSEY          CONNECTICUT          CALIFORNIA
8905775

Accordingly, Defendants maintain that Plaintiff has no expert testimony to support the use of PD-9 at trial and it should be precluded.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Betsy D. Baydala

Betsy D. Baydala

cc: via ECF filing

Hendler Flores Law, PLLC
1301 West 25th Street, Suite 400
Austin, Texas 78705
shendler@hendlerlaw.com
lgoettsche@hendlerlaw.com

Dodd Law Firm, P.C.
3825 Valley Commons Dr., Suite 2
Bozeman, MT 59718
matt@doddlawfirmpc.com