

120 BROADWAY, NEW YORK, NY 10271
TEL: 212.980.9600   FAX: 212.980.9291   WWW.KBRLAW.COM

BETSY D. BAYDALA
DIRECT: 212.994.6538
BBAYDALA@KBRLAW.COM

March 25, 2023

VIA ECF FILING ONLY
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re:   Powers v. Memorial Sloan Kettering Cancer Center, et al.
      Docket No.   :                       1:20-cv-02625

Dear Judge Schofield:

Defendants submit this letter in opposition to Plaintiff's letter regarding Plaintiff's Demonstrative PD-9 depicting embolization coils in relation to biliary drains.

Plaintiff contends that his expert, Dr. DeMatteo "maintains that the ablation caused the injury to the hepatic artery, and that this injury is what ruptured in July [2017], requiring emergency embolization." However, no where in Dr. DeMatteo's expert report is this opinion found. Previously, the Court effectively ruled in response to Defendants' *motion in limine*, that Dr. DeMatteo was not involved in Ms. Zak's care and treatment after she left Memorial in May 2017. See Doc. 409, No. 4. Indeed, Dr. DeMatteo did not state in his expert report that he even reviewed the records from OHSU where the embolization was performed on July 4, 2017.

Accordingly, Defendants respectfully ask the Court to preclude Dr. DeMatteo's anticipated trial testimony regarding the cause of Ms. Zak's ruptured hepatic artery on July 4, 2017 requiring embolization given Dr. DeMatteo's failure to sufficiently disclose the factual basis for such an opinion under FRCP 26(a)(2)(B)(ii).

Similarly, as discussed in more detail in Defendants' letter opposition to Plaintiff's request for the Court to reconsider having precluded Dr. Coakley as cumulative, Plaintiff's expert, Dr. Coakley, offered no expert opinions in his report regarding the cause of the July 4, 2017 embolization. See Doc. 441. Indeed, Dr. Coakley's expert radiological opinions end as of June 2017. In addition, contrary to Plaintiff counsel's representation, not once did Dr. Coakley testify at his deposition about "embolization coils" or the "hepatic arterial infusion pump catheter." Having not testified as to where "the coil was placed" or where the HAI pump catheter was located, Dr. Coakley also did not testify about the relation of the biliary drains, embolization coils, or the HAI pump catheter.

NEW YORK     NEW JERSEY     CONNECTICUT     CALIFORNIA
8905775

Accordingly, Defendants maintain that Plaintiff has no expert testimony to support the use of PD-9 at trial and it should be precluded.

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

/s/ Betsy D. Baydala

Betsy D. Baydala

cc: via ECF filing

Application **GRANTED.** Dr. DeMatteo is precluded from offering testimony regarding the cause of the rupture of the hepatic artery in July 2017, because he did not disclose the opinion or the factual basis for such opinion in his expert reports. See Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

Defendants' objection to PD-9 that the depictions of the biliary drains in relation to the embolization coils are lacking in expert testimony / foundation was reserved in the order issued March 21, 2023, Dkt. 435. That objection is now sustained, because Plaintiff offers no admissible expert testimony in support of these depictions. Plaintiff shall revise his demonstrative aids in accordance with this order.

The March 21, 2023, Order directed the parties to meet and confer and scheduled an in-person conference for March 28, 2023, at 11:15 A.M., to discuss any remaining objections to the hybrid illustrations contained in Plaintiff's demonstrative aids following conferral. By **March 27, 2023**, the parties shall file a joint letter informing the Court whether such conference is necessary and if so, outlining their respective positions on any remaining areas of dispute regarding demonstrative aids.

The parties are reminded of their obligation to submit exhibit lists, as discussed at the final pre-trial conference. No later than **March 28, 2023**, the parties shall submit an exhibit list indicating which exhibits may be admitted into evidence on the first day of trial, based on the parties' stipulations or prior rulings.

Dated: March 27, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2

8905775