```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SCOTT POWERS,                                                :
                                       Plaintiff,            :    20 Civ. 2625 (LGS)
                                                             :
                    -against-                                :    ORDER
                                                             :
MEMORIAL SLOAN KETTERING CANCER                              :
CENTER, et al.,                                              :
                                       Defendants.           :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 24, 2023, the parties filed a letter regarding their remaining disputes regarding the admissibility of exhibits. The disputes are resolved below. All references to Rules are to the Federal Rules of Evidence. It is hereby

**ORDERED** that Defendants' objection to P-290, a signed consent form dated April 10, 2017, is sustained. There is no dispute that the consent visit related to the ablation occurred on March 22, 2017, and that Ms. Zak signed a consent form on that day. The April 10, 2017, form added a liver biopsy to the consent and has little probative value in showing how consent for the ablation was obtained, particularly since an audio recording of the March 22 meeting is a part of the record. Plaintiff seeks to offer the consent in part to show "the cavalier and haphazard way" Defendants obtained consent. In effect, Plaintiff seeks to show propensity, which is improper. *See* Rule 404(b)(1). The risk of jury confusion and prejudice substantially outweighs the document's probative value. *See* Rule 403. It is further

**ORDERED** that Defendants' objection to P-13, an email exchange between Ms. Zak and Dr. Sofocleous and from Dr. Sofocleous to Memorial staff, is overruled. The exhibit may be introduced with redactions as proposed in the attachment to the parties' joint letter. The unredacted text of the emails are probative of Ms. Zak's pain and suffering. To the extent the

exhibit contains hearsay statements by third parties, they are not admitted for truth but to show what Ms. Zak heard and how she reacted to it.  Ms. Zak's statements are admissible under Rule 803(3), as they speak to her then-existing state of mind or emotional, sensory, or physical condition, and Rule 803(4), as statements made or reasonably pertinent to medical treatment.  Dr. Sofocleous' statements are not hearsay because they are party admissions under Rule 801(d)(2).  It is further

**ORDERED** that Defendants' objections to the UNOS records (P-420, P-515 and P-517) and the Cleveland Clinic medical record (P-846) are overruled.  Regarding the UNOS records, both parties move for reconsideration of the decision on Defendants' motion in limine No. 10.  For the reasons stated in the February 10, 2023, order adjudicating Defendants' motions in limine, Dkt. 409, these records are admissible under Rule 803(4), except the statement that Ms. Zak was "in liver failure due to complications related to a previous ablation procedure in 2017," which is inadmissible under Rules 802 and 403 and must be redacted.  The parties may correct anything inaccurate in the UNOS records or P-846, with the correction shown on a shared demonstrative aid that will be published instead of the exhibit.  The parties shall separately stipulate in writing to the corrections.  The stipulation and demonstrative aids shall be separately marked with exhibit numbers.  The parties shall complete this stipulation and prepare the shared demonstrative aid as soon as practicable and no later than two trial days before the introduction of any such exhibit.  It is further

**ORDERED** that Defendants' objections to P-219, radiological images and medical records used in Dr. Ronald DeMatteo's report, are overruled in part and sustained in part.  At the final pre-trial conference, the Court informed the parties that illustrations in an expert's report are admissible as demonstrative aids or, if they independently are evidence (e.g., radiology films), are

admissible as evidence.  Defendants' objection to page 1, a drawing of a liver, is overruled, because evidence is not inherently cumulative because it is included as part of two different exhibits.  Defendants' objection to page 2, a guide to a different ablation machine than the one used, is sustained because the risk of confusion substantially outweighs the probative value of this information.  *See* Rule 403.  It is further

**ORDERED** that Defendants' objection to Dr. Coakley's testimony is sustained, as set out in the March 27, 2023, order at Dkt. 445.  It is further

**ORDERED** that Defendants' objections to Plaintiff's summary exhibits offered under Rule 1006 (P-915, P-916, P-917, P-919, P-920, P-921 and P-922) are sustained in part, overruled in part and reserved in part.  All summaries under Rule 1006 must reflect correct information.  Information should be taken where possible from documents that contain the fewest layers of hearsay possible.  For example, Ms. Zak's medical information should be taken from treatment records rather than medical histories or UNOS records.  The parties are directed to meet and confer regarding any inaccuracies in summary exhibits and to correct them.  Regarding specific exhibits:

- Defendants' objections to P-915 are sustained in part.  P-915 shall be revised to reflect any additional pre-ablation hospitalizations, ER visits and procedures.  Defendants' remaining objections to P-915 do not indicate this exhibit does not accurately reflect the underlying documents.
- Defendants' objections to P-916 are overruled.  This exhibit may include the three medical events marked in the copy submitted to the Court — i.e., "4/10/2017: Ablation," "'16 Resection" and "'14 Colon & HIA Pump."  The Court assumes those descriptions are accurate as Defendants have not objected to them.  The Court copy of this exhibit does

3

not include the statement to which Defendants object — "10/2016 – 3/2017: Hepatic Arterial Infusion Pump therapy with FOLFIRI x 13."

- Defendants' objection to P-917 is sustained, without prejudice to Plaintiff's reoffering a substantially revised exhibit under Rule 1006. The new exhibit shall eliminate the "Billed" column because it is irrelevant. Plaintiff shall revise the label for "Paid / Incurred" column to "Paid by Plaintiff" and populate that column only with amounts paid by Plaintiff or Ms. Zak. To the extent the amounts differ from those stated by Defendants in Dkt. 447 at page 7, Plaintiff shall produce to Defendants, as soon as possible, documents to substantiate each such amount. Such documents shall show the payee, payor, amount paid, the date and the purpose unless the purpose can be deduced from the other information. Any payee for which there is no supporting documentation must be deleted from the exhibit. The underlying documents must substantiate that Plaintiff or Ms. Zak, rather than an insurer or voluntary contributions, paid for the expense in question. *See* February 3, 2023, Order, Dkt. 409 (Pl. MIL 1(b)-(c)).

- Defendants' objections to P-919, P-920 and P-921 as exhibits to be offered under Rule 1006 as summaries of voluminous documents are sustained because the opinions are not based on voluminous documents, but rather Plaintiff's statements to Dr. Smith. For example, the opinion about lost wages is based on Plaintiff's statement that Ms. Zak was earning approximately $90,000 in 2014 when she went on medical leave for work. Indeed, his report states that he reviewed only three documents — the Complaint, the civil cover sheet, and the "case information form." The Court will allow P-919 to be used as a demonstrative aid summarizing Mr. Smith's opinion. P-920 purports to show wage and benefit losses for each year from 2019 to 2062. It may be offered as a demonstrative aid

summarizing his opinion at a later time.  Although Dr. Smith does not opine on Ms. Zak's life expectancy, his opinion for any period following her death is admissible only after Plaintiff introduces expert testimony (previously disclosed in an expert report) that establishes the relevance of her earnings in those years.  For example, if a medical expert testifies at trial to a previously disclosed opinion that, but for the ablation, Ms. Zak had an 80% chance of living to 2025 and working at full capacity, then Dr. Smith could opine and illustrate his opinion of Ms. Zak's lost earnings from 2019 to 2025 in a revised P-920.  The Court's ruling on MIL #6, Dkt. 409, is amended accordingly.  Exhibit P-921, which is a summary of P-119 and P-120, must be revised to reflect changes to P-119 and P-120 and may be offered as a demonstrative aid at a later date.

- Defendants' objections to P-922 are overruled as moot, as Plaintiff has withdrawn the exhibit.

It is further

**ORDERED** that Defendants' objection to Dr. Kemeny's live testimony is reserved.  Plaintiff shall submit in writing an offer of proof by Wednesday **March 29, 2023**, indicating what he would elicit from Dr. Kemeny via live testimony.  The Court reserves ruling on whether Dr. Kemeny will testify at all, and if so, whether live on April 4, 2023, or by deposition testimony.  It is further

**ORDERED** that Plaintiff shall provide Defendants the order of his witnesses **as soon as possible.**  If anything changes with a witness's availability, Plaintiff shall communicate that as soon as possible to Defendants.

*   *   *

The parties' objections to each other's proffered exhibits are **SUSTAINED IN PART, OVERRULED IN PART**, in accordance with this order.

The Clerk of Court is respectfully directed to enter the preceding paragraph as the disposition on the docket.

Dated: March 28, 2023
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**