

<div style="text-align: right">
901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201
</div>

April 2, 2023

**<u>VIA ECF FILING ONLY</u>**
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

Re**:** *Powers v. Memorial*; Docket No. 1:20-cv-02625; **Plaintiff's Response to Defendants' Objections to Plaintiff's Demonstratives and Remaining Exhibits**

Dear Judge Schofield:

Plaintiff files this response to Defendants' objections to remaining demonstratives and exhibits.

**PD-1, PD-2, PD-3**

These physical demonstratives are available for the Defendants' review.

**UNOS record and Cleveland Clinic Medical Record**

This Court ordered the parties to meet and confer regarding the inaccuracies in P-420, P-515, P-571, and P-846.

Defendants' counsel indicated that all inaccuracies were contained in their letter:

> **From:** Betsy D. Baydala <bbaydala@kbrlaw.com>
> **Sent:** Tuesday, March 28, 2023 5:03 PM
> **To:** Laura Goettsche <lgoettsche@hendlerlaw.com>
> **Cc:** Robin Hubbard <rhubbard@hendlerlaw.com>
> **Subject:** RE: Activity in Case 1:20-cv-02625-LGS Powers v. Memorial Sloan Kettering Cancer Center et al. Order
>
> The inaccuracies are detailed in our joint letter.
>
> Sent with BlackBerry Work
> (www.blackberry.com)
>
>
> From: Laura Goettsche <lgoettsche@hendlerlaw.com<mailto:lgoettsche@hendlerlaw.com>>
> Date: Tuesday, Mar 28, 2023 at 5:47 PM
> To: Betsy D. Baydala <bbaydala@kbrlaw.com<mailto:bbaydala@kbrlaw.com>>
> Cc: Robin Hubbard <rhubbard@hendlerlaw.com<mailto:rhubbard@hendlerlaw.com>>
> Subject: FW: Activity in Case 1:20-cv-02625-LGS Powers v. Memorial Sloan Kettering Cancer Center et al. Order
>
> Betsy,
>
> Can you please send me your corrections on the inaccuracies on the summary exhibits so we can confer regarding correct them?
>
> Thank you,
>
> Laura

1

a


901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

Based on this, Plaintiff made changes to the documents as outlined in Defendants' letter at Doc. 447. Specifically, the following changes were made to P-420 and P-846:

- The 9/11/14 Cholecystectomy surgery was added to the list surgeries.
- The date that Erika started HAIP therapy was changed to 9/11/14.
- The limitation of "x 13" rounds of FOLFIRI was removed from the end of the note stating that she started HAIP therapy with FOLFIRI.

And regarding P-515 and P-571:

- These did not have the same inaccuracies as P-420 and P-846 so no edits were made.
- The statement that Erika was "in liver failure due to complications related to a previous ablation procedure in 2017" (per Doc. 409) had already been redacted. That statement is not found in P-420 or P-846.

Defense counsel has indicated that these revisions are unsatisfactory and that they will not enter into a stipulation or agree to the shared demonstrative.

**Medical Bills**

Erika Zak's medical care is subject to a $1,473,347.98 subrogation claim by United Healthcare against Plaintiff. These medical bills are detailed in the billing identified as P-968 – P-971. This lien is collected by Optum. Plaintiff gave Defendants an authorization for the entire Optum record as requested on August 14, 2020.

Additionally, the medical bills produced include $7,552.51 of medical bills paid out of pocket by Erika Zak. Plaintiff's revised billing summary would comprise the $1,454,748.40 in relevant medical expenses by Memorial Sloan Kettering, Oregon Health and Science University, Cleveland Clinic, and Walgreens—both the sums subject to subrogation and the amount paid out of pocket.

Defendants argue that some of these costs were not related to the ablation procedure. After conference, Defense counsel has refused to identify which expenses they argue are inapplicable for Plaintiff's consideration.

> Laura,
>
> Plaintiff has the burden of proof.
>
> Regards,
> Betsy
>
> **From:** Laura Goettsche [mailto:lgoettsche@hendlerlaw.com]
> **Sent:** Sunday, April 2, 2023 8:16 PM
> **To:** Betsy D. Baydala
> **Cc:** Robin Hubbard
> **Subject:** RE: Update on Plaintiff's witnesses
>
> Betsy,
>
> It's our position that all those expenses are a result of the ablation. We are happy to consider which expenses you don't feel are related if you would detail them?
>
> Thanks,
>
> Laura

2



901 S. MoPac Expressway
Bldg. 1, Suite #300
Austin, Texas 78746
Tel: 512-439-3200 | Fax: 512-439-3201

Plaintiff maintains that each of the amounts paid out of pocket and detailed by the lien are related to the ablation procedure and its aftermath. Plaintiff is unable to confer on what expenses Defendants argue are inapplicable if Defendants will not confer with Plaintiff on which expenses those are.

                                                   Respectfully submitted,
                                                   HENDLER FLORES LAW, PLLC

**By:**  _____
                                                   Scott M. Hendler
                                                 shendler@hendlerlaw.com
                                                 Laura A. Goettsche
                                                 lgoettsche@hendlerlaw.com
                                                 **ATTORNEYS FOR PLAINTIFF**