UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
SCOTT POWERS,                                                  :
                                                               :
                                     Plaintiff,                :    20 Civ. 2625 (LGS)
                                                               :
                   -against-                                   :    ORDER
                                                               :
MEMORIAL SLOAN KETTERING CANCER                                :
CENTER, et al.,                                                :
                                     Defendants.               :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

   Plaintiff Scott Powers, individually, as Representative of the Estate of Erika Zak, and as the natural guardian of L.P., and Defendant Constantinos Sofocleous and Defendant Memorial Sloan Kettering Cancer Center (together, the "Parties"), having agreed to seek an Order of settlement, have also sought approval to complete the same before this Court.

   Local Civil Rule 83.2(a)(1) requires parties to obtain court approval before settling an action (or, as here, claims thereof) on behalf of a minor child.  In determining whether an infant compromise should be approved, the reviewing court "shall conform, as nearly as may be, to the New York State statutes and rules."  Local Civil R. 83.2(a)(1).  In accordance with the applicable New York statutes and rules, courts in this jurisdiction focus on "whether (1) the proposed settlement is in the infant's best interests; and (2) the proposed attorney's fees and costs are reasonable."  *D.J. ex rel. Roberts v. City of New York*, No. 11 Civ. 5458, 2012 WL 5431034, at *2 (S.D.N.Y. Oct. 16, 2012), *adopted sub nom., Roberts v. City of New York*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012) (citing Local Civil R. 83.2(a); N.Y. Jud. Law § 474; N.Y. C.P.L.R. §§ 1205–1208).

"There is a strong presumption that a settlement is fair and reasonable where '(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently.'" *Campbell v. City of New York*, No. 15 Civ. 2088, 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015) (quoting *Orlandi ex rel. Colon v. Navistar Leasing Co.*, No. 9 Civ. 4855, 2011 WL 3874870, at *2 (S.D.N.Y. Sept. 2, 2011)).

Having reviewed all of the documents submitted by the parties, the Court finds that the proposed partial settlement is in the best interest of L.P. and that the proposed agreements, services, fees, and costs addressed are reasonable. It is hereby

**ORDERED** that Scott Powers—individually, and as the father and natural guardian of the infant, L.P., and Administrator of the Estate of Erika Zak—is hereby permitted to enter into a compromise and settlement of the entire case, including of the wrongful death claims and infant's claims for relief, for the sum of ▆▆▆▆▆▆▆▆▆▆ (the "Settlement Proceeds"), to be paid by Defendant Memorial Sloan Kettering Cancer Center; it is further,

**ORDERED** that the plaintiff, Scott Powers, as Administrator of the Estate of Erika Zak, is authorized and permitted to settle and compromise said claims on behalf of the Estate of Erika Zak; and it is further,

**ORDERED** that the plaintiff, Scott Powers, as Administrator of the Estate of Erika Zak, is authorized and permitted to allocate ▆▆▆▆▆ of the Settlement Proceeds to the Estate of Erika Zak; and it is further,

**ORDERED** that plaintiff, Scott Powers, as the natural guardian of L.P. is authorized and permitted to settle and compromise said claims on behalf of L.P., an infant; and it is further,

**ORDERED** that plaintiff, Scott Powers, as the natural guardian of L.P. is authorized and permitted to allocate ▇▇▇▇▇▇ of the Settlement Proceeds for the benefit of L.P., an infant; and it is further,

**ORDERED** that upon receipt of the settlement proceeds Hendler Flores Law is authorized to satisfy the ERISA lien held on behalf of Erika Zak, deceased, in the amount of ▇▇▇▇▇▇; and it is further,

**ORDERED** that Hendler Flores Law shall receive from the settlement proceeds the sum of ▇▇▇▇▇▇ as and for their attorneys' fee, together with ▇▇▇▇▇▇ for their attorneys' disbursements; and it is further,

**ORDERED** that upon full compliance with all the terms of this Order, Scott Powers, individually and as the father and natural guardian of L.P. and Administrator of the Estate of Erika Zak, is authorized, empowered, and permitted to execute and deliver a General Release and any other papers necessary to effectuate the settlement herein.

The sum remaining from the Settlement Proceeds after the payment of the lien; disbursements and fee of counsel; amount allocated to the infant, L.P.; and the amount allocated to the Estate of Erika Zak shall be allocated to the Plaintiff, Scott Powers, in his personal capacity.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 500 and 502 and to terminate the case.

Dated: August 23, 2023
     New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**